```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                  IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -

 4   In re:                          )     Civil Action
                                     )
 5   WMI LIQUIDATING TRUST,          )
                                     )
 6              Plaintiff,           )
                                     )
 7         v.                        )
                                     )
 8   FEDERAL DEPOSIT INSURANCE       )
     CORPORATION, et al.,            )
 9                                   )
                Defendants.          )     No. 14-1097-GMS
10
                                - - -
11
                          Wilmington, Delaware
12                       Friday, April 10, 2015
                              11:00 a.m.
13                        Telephone Conference

14                              - - -

15   BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J.

16   APPEARANCES:

17            BRIAN S. ROSEN, ESQ., and
              JOHN P. MASTANDO, III, ESQ.
18            Weil, Gotshal & Manges LLP
               (New York, NY)
19
                          Counsel for Plaintiff
20
              ERIK B. BOND, ESQ., and
21            BARBARA KATRON, ESQ.

22                        Counsel for Federal
                          Deposit Insurance Corporation
23

24

25
```

```
 1    APPEARANCES CONTINUED:

 2              JOSHUA P. CHADWICK, ESQ.
                Senior Counsel - Board of Governors
 3              of the Federal Reserve System
                (Washington, D.C.)
 4                   -and-
                CHRISTOPHER J. BECKER, ESQ.
 5              Board of Governors of the
                Federal Reserve System
 6              (Washington, D.C.)

 7                       Counsel for Board of Governors of the
                         Federal Reserve System
 8

 9              STEPHEN W. SPENCE, ESQ.
                Phillips, Goldman & Spence, P.A.
10                   -AND-
                ROBYN B. SOKOL, ESQ.
11              Ezra Brutzkus Gubner LLP
                (Woodland Hills, CA)
12
                         Counsel for Defendants
13                       Todd H. Baker, Sean Becketti,
                         Anthony Joseph Bozzuti,
14                       Alfred W. Casey, Gregory C. Camas,
                         Deborah D. Horvath, Rajiv Kapoor,
15                       Marc Malone, John P. McMurray,
                         Thomas E. Morgan, Stephen J.
16                       Rotella, David Schneider,
                         Genevieve Smith, Radha Thompson,
17                       Ann Tierney and Robert J.
                         Williams, Jr.
18
                MICHAEL G. BUSENKELL, ESQ.
19              Gellert Scali Busenkell & Brown, LLC

20                       Counsel for Defendants Susan
                         Allison, Robert Batt, Jeffrey
21                       Jones, Michelle McCarthy, Randy Melby,
                         Patricial Shulte, Scott Shaw, and
22                       Stephen Kenneth Stearns

23              MICHAEL J. JOYCE, ESQ.
                Cross & Simon, LLC
24
                         Counsel for John H. Murphy
25
```

| | | |
|---|---|---|
| :02:38 | 1 | **THE COURT:  Good morning, counsel.** |
| :02:38 | | |
| :02:42 | 2 | **Counsel, who is on the line for the debtor?** |
| :02:45 | | |
| :02:46 | 3 | **MR. ROSEN:  Your Honor, this is Brian Rosen from** |
| :02:49 | 4 | **Weil, Gotshal and Manges.  With me is my partner John** |
| :02:53 | 5 | **Mastando.** |
| :02:54 | 6 | **THE COURT:  Good morning.** |
| :02:56 | 7 | **For the FDIC?** |
| :02:59 | 8 | **MR. BOND:  Your Honor, this is Eric Bond from** |
| :03:01 | 9 | **the FDIC.  With me is Barbara Katron, also from the FDIC.** |
| :03:05 | 10 | **THE COURT:  Good morning.** |
| :03:06 | 11 | **Do we have someone from the Board of Governors** |
| :03:08 | 12 | **of the Federal Reserve System?** |
| :03:12 | 13 | **UNIDENTIFIED SPEAKER:  Yes, Your Honor.  Joshua** |
| :03:13 | 14 | **Chadwick and Christopher Becker.** |
| :03:16 | 15 | **THE COURT:  Good morning.** |
| :03:17 | 16 | **I think we have a group of individual defendants** |
| :03:18 | 17 | **that includes Todd Baker, Sean Becketti, Anthony Bozzuti,** |
| :03:26 | 18 | **Alfred Brooks, Thomas Casey, Gregory Camas, Debora Horvath,** |
| :03:32 | 19 | **Rajiv Kapoor, Mark Malone, John McMurray, Tom Morgan, and** |
| :03:39 | 20 | **Stephen Rotella.** |
| :03:40 | 21 | **Is that an entire group?** |
| :03:43 | 22 | **MR. ROSEN:  Your Honor, this is Brian Rosen.** |
| :03:45 | 23 | **We have several of the counsel representing some** |
| :03:49 | 24 | **of the claimants, as well as one who is appearing pro se.** |
| :03:55 | 25 | **Mr. Mike Busenkell is on.  Mr. Gail bush.  Tom Driscoll.** |

```
:04:01    1    Thomas Pinni.  Robyn Sokol.  Steven Spence.  Michael Joyce,
:04:06    2    and Andrew Weintraub are counsel.  Appearing pro se are Gary
:04:10    3    Brady and Robert Larberger on behalf of Susan Larberger.
:04:15    4                THE COURT:  Thank you for that, counsel.
:04:17    5                Good morning to everyone.
:04:19    6                I have a decided leaning with regard to how to
:04:22    7    manage this case, given the existence of the appeal pending
:04:30    8    in the District Court for the District of Columbia,
:04:32    9    involving I will call it the APA matter.
:04:36   10                It's this, then I will entertain very brief
:04:39   11    discussion, starting with the plaintiff, on why it's a bad
:04:45   12    idea.
:04:47   13                I am inclined to order the preparation by the
:04:52   14    parties of a status report, written status report to be
:04:58   15    filed no later than 60 days from today -- June 15 -- as to
:05:07   16    the status of the APA matter and what if any impact either
:05:15   17    its continuing existence or resolution should or should not
:05:21   18    have on the matter pending in this Court.
:05:23   19                I am told, or I believe we learned perhaps from
:05:27   20    the joint status report, that the District Court Judge
:05:32   21    intends to act expeditiously in resolving that appeal,
:05:37   22    perhaps as soon as May, this coming May.
:05:42   23                So I know that that has the impact of at least
:05:46   24    in an ad hoc kind of way granting the pending motion to
:05:56   25    stay.  But it's not an absolute grant.  It's not a
```

```
:06:00   1   resolution of the motion.
:06:01   2              But I think, from my perspective, contemplating
:06:07   3   my resources and my time, and what's also in the best
:06:12   4   interests of the case from the standpoint of expense and
:06:17   5   resolution, that is a course of action that makes the most
:06:21   6   sense.
:06:21   7              I will hear from plaintiff first as to whether
:06:24   8   you agree or disagree.  If you disagree, why?
:06:30   9              MR. ROSEN:  Your Honor, we agree with your
:06:33  10   determination.  As we noted in the status report, we think
:06:36  11   it will be helpful to get the insight from the District
:06:39  12   Court.  We also were a party who filed a pleading in support
:06:43  13   of the motion to stay.  We think that this would be helpful,
:06:47  14   and we believe that we have been heard from District Judge
:06:50  15   Walton, he will rule in that May or early June time frame.
:06:54  16   We think it would be good to give you that status report on
:06:57  17   June 15th.
:06:58  18              THE COURT:  Is that District Judge Reginald
:07:00  19   Walton?
:07:02  20              MR. ROSEN:  It is, sir.
:07:03  21              THE COURT:  I know him well.  When he says he is
:07:05  22   going to do something expeditiously, he usually does.
:07:09  23              Counsel on the other side, is there anyone who
:07:14  24   wants to identify yourself and suggest a reason why the
:07:19  25   Court should not take this course of action?
```

| | | |
|---|---|---|
| :07:30 | 1 | **MR. SPENCE: Your Honor, I am the attorney that** |
| :07:33 | 2 | **represents the group of people that you were reciting before** |
| :07:35 | 3 | **Mr. Rosen gave you his entire list of counsel on the phone.** |
| :07:44 | 4 | **There is a number of procedural matters that I** |
| :07:46 | 5 | **thought the Court might give some minor thought to.** |
| :07:49 | 6 | **THE COURT: I have given minor thought, very** |
| :07:53 | 7 | **minor. And, frankly, this is in part, counsel -- I will be** |
| :07:57 | 8 | **very frank -- this is in part a resource question for me and** |
| :08:03 | 9 | **how to divide the limited number of hours in a day that I** |
| :08:07 | 10 | **and my one law clerk have to devote to matters. This is a** |
| :08:11 | 11 | **very, very busy district, as you all know.** |
| :08:14 | 12 | **Go ahead.** |
| :08:15 | 13 | **MR. SPENCE: I do.** |
| :08:16 | 14 | **My comment was going to be, there were two** |
| :08:19 | 15 | **procedural matters. One, I think there are a number of pro** |
| :08:22 | 16 | **se defendants. I am not sure whether all of the defendants** |
| :08:24 | 17 | **in this action that are presently parties have actually** |
| :08:28 | 18 | **responded either with a motion to dismiss or with an answer.** |
| :08:31 | 19 | **And I was going to recommend that perhaps as a clean-up** |
| :08:35 | 20 | **measure there might be an order entered to direct either the** |
| :08:39 | 21 | **plaintiffs to give one last notice, if you will, because the** |
| :08:42 | 22 | **case has been moved around so much that I am not sure some** |
| :08:46 | 23 | **of the pro se defendants know where it is pending.** |
| :08:51 | 24 | **THE COURT: I think that's an idea worth talking** |
| :08:53 | 25 | **about.** |

| | | |
|---|---|---|
| :08:53 | 1 | Counsel for plaintiff, what do you think? |
| :09:00 | 2 | MR. ROSEN: John, do you want to address that? |
| :09:02 | 3 | THE COURT: We are going to refer to one another |
| :09:05 | 4 | by surnames. |
| :09:08 | 5 | MR. ROSEN: I apologize. My partner, John |
| :09:12 | 6 | Mastando. |
| :09:13 | 7 | MR. MASTANDO: Your Honor, the matter was |
| :09:15 | 8 | originally pending in District Court in Seattle, as Your |
| :09:19 | 9 | Honor knows, and was transferred to Delaware, which is where |
| :09:25 | 10 | the underlying bankruptcy, of course, is pending, and all |
| :09:28 | 11 | the claimants, I think, have submitted to jurisdiction by |
| :09:31 | 12 | filing their claims in the case. So it would seem |
| :09:34 | 13 | surprising if they are not aware of the case and where it is |
| :09:37 | 14 | pending. |
| :09:37 | 15 | But we are obviously happy to do whatever Your |
| :09:40 | 16 | Honor thinks is necessary. |
| :09:41 | 17 | THE COURT: I would ask that you work with your |
| :09:43 | 18 | colleague who made this suggestion, come up with a form of |
| :09:46 | 19 | order. If you don't need to work with somebody, come up |
| :09:49 | 20 | with a form of order for my signature, and I will sign it as |
| :09:54 | 21 | soon as I get it. |
| :09:56 | 22 | I am imagining, counsel, that you see some |
| :10:00 | 23 | deadline by which those individuals should raise their hands |
| :10:03 | 24 | or forever hold their piece, as it were. |
| :10:10 | 25 | MR. SPENCE: That is what I was suggesting, so |

| | | |
|---|---|---|
| :10:12 | 1 | we clean up where we are and who is still an active party. |
| :10:15 | 2 | THE COURT: That makes sense. |
| :10:16 | 3 | MR. SPENCE: One other -- |
| :10:18 | 4 | THE COURT: What did you have in mind in terms |
| :10:20 | 5 | of the number of days that should be given? |
| :10:24 | 6 | MR. SPENCE: Thinking out loud, I was thinking |
| :10:27 | 7 | like 20 or 30 days from whatever date is determined that |
| :10:31 | 8 | notice should go out. |
| :10:33 | 9 | THE COURT: Counsel for plaintiffs, let's make |
| :10:35 | 10 | it 30 days, counsel, and get that over for me to sign. |
| :10:41 | 11 | Okay? |
| :10:43 | 12 | MR. SPENCE: Your Honor, one second procedural |
| :10:47 | 13 | question, which was, I am not sure the Court has all the |
| :10:53 | 14 | pleadings yet. I have gotten a little confused between the |
| :10:57 | 15 | original action filed in Washington and the various filings |
| :11:00 | 16 | there, the transfer to the Bankruptcy Court, then the |
| :11:03 | 17 | withdrawal of the reference. |
| :11:04 | 18 | Again, I would probably suggest that the |
| :11:07 | 19 | plaintiff could do an evaluation, and if we think it's |
| :11:11 | 20 | appropriate, provide the Court, either docket it or get it |
| :11:15 | 21 | to the Court somehow, with a complete set of the amended |
| :11:18 | 22 | complaint and the various responses to it, so that the |
| :11:21 | 23 | Court, the District Court has a complete set of documents, |
| :11:25 | 24 | because I am not at all sure it does. |
| :11:26 | 25 | THE COURT: I don't think we do, as a matter of |

| | | |
|---|---|---|
| :11:28 | 1 | **fact.** |
| :11:29 | 2 | **MR. SPENCE:  That could be done over the next** |
| :11:30 | 3 | **few weeks.** |
| :11:31 | 4 | **THE COURT:  I agree with you, because I don't** |
| :11:33 | 5 | **think we do.** |
| :11:35 | 6 | **MR. ROSEN:  Your Honor, we, together with our** |
| :11:37 | 7 | **co-counsel, Richards, Layton & Finger, will make sure that** |
| :11:41 | 8 | **that happens.** |
| :11:42 | 9 | **THE COURT:  Okay.  Thank you.** |
| :11:43 | 10 | **Other parties?** |
| :11:45 | 11 | **MR. SPENCE:  I was about to say, one other** |
| :11:51 | 12 | **general comment.  We learned in the process of this joint** |
| :11:55 | 13 | **status report submission that the trust, that plaintiff has** |
| :12:01 | 14 | **filed some sort of an additional application with the FDIC,** |
| :12:05 | 15 | **we are told.  We haven't seen it.  I am not sure that they** |
| :12:09 | 16 | **are willing to share it with us.** |
| :12:11 | 17 | **We are, at least my group of clients and some of** |
| :12:14 | 18 | **the other counsel are somewhat troubled by all that while** |
| :12:17 | 19 | **this litigation is pending and while the appeal is pending.** |
| :12:19 | 20 | **And we have been trying to evaluate whether or not we might** |
| :12:24 | 21 | **come before Your Honor or the Bankruptcy Court to inquire in** |
| :12:27 | 22 | **more detail as to what is happening and whether that is an** |
| :12:30 | 23 | **appropriate step that should be taken while we are trying to** |
| :12:33 | 24 | **get this litigation moving, which is what the Bankruptcy** |
| :12:37 | 25 | **Court directed.** |

:12:37  1    I don't have enough information to add anything
:12:40  2    other than to say, because of the 60-day period that you
:12:44  3    contemplated this remaining in its current status, that if
:12:48  4    you hear anything about that from any of us, I didn't want
:12:50  5    you to be surprised or irritated by us.
:12:53  6             THE COURT: I will probably be irritated. But
:12:56  7    at least I won't be surprised. That's good.
:13:01  8             MR. SPENCE: That's all I had to add.
:13:03  9             THE COURT: Okay. The 60 days, by the way, is a
:13:06  10   "by" date. Certainly, if Judge Walton acts, as I expect him
:13:12  11   to act -- he is very busy as well, I know that. But I don't
:13:18  12   think he just pulled that date out of thin air. So as soon
:13:22  13   as you know, that would be what I would require.
:13:27  14            But I appreciate that head's up on this possible
:13:33  15   issue involving this maybe new filing, is it by the FDIC?
:13:41  16            MR. ROSEN: Your Honor, in connection with the
:13:44  17   preparation of the joint status report, we included
:13:47  18   information there about a pending application before the
:13:51  19   FDIC and the Federal Reserve Board that was filed by the
:13:55  20   trust, as we are entitled to do under Part 359 of the golden
:13:59  21   parachute regulations, which is the substance of this
:14:01  22   proceeding. And it was seeking authority to make certain
:14:05  23   payments to all of the claimants here. It is something that
:14:08  24   must necessarily be done no matter what is ruled upon.
:14:12  25            So we wanted to take the step so we did not have

```
:14:15   1    to incur a long waiting time subsequent to any rulings, so
:14:20   2    that we could get the process rolling.
:14:23   3            It is independent of your action, Your Honor.
:14:25   4    But we are certainly happy to keep the parties informed to
:14:28   5    the extent that we find a ruling or receive a ruling from
:14:32   6    the FDIC in the FRB with respect to the application.  But it
:14:35   7    has no direct relevance as to what is currently before you.
:14:38   8            THE COURT:  Counsel, I will give you an
:14:40   9    opportunity to react to that.
:14:44  10            MR. ROSEN:  Your Honor, it /STPHRAOEUFB down the
:14:48  11    road.  But that is it.
:14:49  12            THE COURT:  Counsel, do you want to react to it?
:14:51  13            MR. SPENCE:  Yes, Your Honor.  I think it begs
:14:57  14    the question, which is what the trust was directed to do
:14:59  15    when all this started a year-plus ago.  That is, is the
:15:05  16    trust required to do anything that Mr. Rosen just said that
:15:08  17    it thinks it is required to do under the law?  And this
:15:12  18    action that has made its way to you was supposed to be the
:15:18  19    forum where that issue was to be decided, and the trust and
:15:21  20    the FDIC, and to a lesser extent the FRB on their own,
:15:27  21    taking the view that the trust does have to comply with the
:15:30  22    regulations before we ever got to the issue of what their
:15:34  23    obligation is actually is under the law.
:15:36  24            So they are off doing what they think they need
:15:41  25    to do to strengthen their litigation position, and we have
```

:15:44   1   been waiting for this action to proceed in some direction.

:15:48   2   　　　　　　I totally understand the resource issue.  But

:15:51   3   you will see that the claim will come that the proceedings

:15:55   4   that they are doing directly among themselves, this APA

:15:58   5   process they are filing, will be a bar to you deciding the

:16:03   6   ultimate issue of whether there is any jurisdiction at all.

:16:06   7   And we will obviously be briefing that and presumably

:16:08   8   arguing that.

:16:10   9   　　　　　　But we were troubled by the fact that they were

:16:12   10  proceeding in that fashion with a group that never asked for

:16:15   11  them to do this and never consented to them doing this as a

:16:19   12  way of creating a jurisdictional bar.  We wanted you to be

:16:23   13  aware of that.  We are not sure what to do about it quite

:16:26   14  yet, because we just learned about it the other day.

:16:28   15  　　　　　　But it is what it is.  That's our view at the

:16:31   16  moment.  We didn't want it to be a surprise if we decided to

:16:35   17  take some action somewhere to try to slow that down or stop

:16:39   18  that.

:16:41   19  　　　　　　THE COURT:  There is not a need to react to

:16:42   20  that.  I appreciate the head's up, counsel.

:16:45   21  　　　　　　Any of the other defense counsel or the pro se

:16:48   22  defendants wish to be heard on the Court's proposal, 60-day

:16:55   23  informal stay?

:17:01   24  　　　　　　MS. SOKOL:  Good morning, Your Honor.  Robyn

:17:03   25  Sokol.  I represent Roberts /SKWREUBG, Kim can, /TKAEURL

|  |  |
|---|---|
| :17:07 | 1 |
| :17:10 | 2 |
| :17:16 | 3 |
| :17:22 | 4 |
| :17:28 | 5 |
| :17:36 | 6 |
| :17:43 | 7 |
| :17:50 | 8 |
| :17:54 | 9 |
| :17:59 | 10 |
| :18:03 | 11 |
| :18:07 | 12 |
| :18:12 | 13 |
| :18:14 | 14 |
| :18:21 | 15 |
| :18:25 | 16 |
| :18:32 | 17 |
| :18:35 | 18 |
| :18:42 | 19 |
| :18:46 | 20 |
| :18:49 | 21 |
| :18:53 | 22 |
| :18:54 | 23 |
| :19:00 | 24 |
| :19:04 | 25 |

1  David arbitration /PHRAOEUBG RAM send and Shannon Shamir.
2          I believe the 60-day stay is a bit too long.  We
3  do not believe that the APA action will have or should have
4  any impact on the matter currently before this Court.  I
5  recognize that the W MIL T, the FDIC and the FRB disagree
6  with that position.  But in the pending APA action, there is
7  no need to be before the is /R-RBT whether or not the golden
8  parachute regulation, 12 U.S.C. Section 1828(k) and its
9  accompanying regulations, apply to the trust in the APA
10 action, the parties to that action --
11         THE COURT:  Counsel, I really don't have time or
12 the inclination to know listen to detail today.  Okay?
13         MS. SOKOL:  I will be brief.
14         They agree that WMILT is a covered company.
15 That's the issue here that needs to be resolved.  That's the
16 key issue.  And the order from Judge Walrath that basically
17 instructed the parties, or at least the plaintiff, to
18 initiate this action, was entered on August 23rd, 2013.
19 That's more than a year and a half ago.
20         The defendants have been waiting for an answer
21 and an opportunity to resolve the issue before this Court
22 for a very long time.
23         THE COURT:  Counsel, I have already indicated, I
24 am fully aware of the time involved and regret that it's
25 taken as much time.  But that is not this judge's fault.

```
:19:08   1    This is has just been handed in my lap.  So what would you
:19:12   2    have me do, jump you ahead in the queue?  And if so, tell me
:19:16   3    why your matter is deserving more expeditious attention --
:19:23   4    what did you say, a year and how many months?  You have no
:19:27   5    idea.
:19:30   6              So when you say too long --
:19:32   7              MS. SOKOL:  Your Honor, I am not suggesting that
:19:34   8    you jump you ahead in the queue.  You had indicated that
:19:36   9    your inclination is to grant the motion to stay.
:19:38  10              THE COURT:  I didn't say that at all.  That's
:19:42  11    not what I said.  I said my inclination at this point is to
:19:45  12    try to await the decision of the District Court in the
:19:50  13    District of Columbia, regardless of your view as to whether
:19:54  14    that will resolve the issues presently before me.  We don't
:19:57  15    know that, actually.  And you have a view.  The other
:20:01  16    parties in this action may have a view and I may have an
:20:04  17    entirely different view from all of you.
:20:07  18              But we will learn that, if it is necessary in
:20:10  19    the course of time.  I don't think 60 days is excessive at
:20:15  20    all under the circumstances.  That's the Court's ruling
:20:19  21    today.
:20:20  22              I have run to the end of the time that I have
:20:22  23    allotted to confer with you.
:20:26  24              Unless there is something else that we need to
:20:28  25    discuss, I am going to, say have a nice weekend.
```

| | | |
|---|---|---|
| :20:33 | 1 | **Is there anything else that we need to discuss?** |
| :20:37 | 2 | **Counsel, enjoy your weekend.** |
| :20:39 | 3 | **(Conference concluded at 11:25 a.m.)** |
| :20:39 | 4 | **- - -** |
| :20:39 | 5 | **Reporter: Kevin J. Maurer** |