

Marcos A. Ramos
Director
302-651-7566
Ramos@rlf.com

Attorneys at Law

June 27, 2016

**VIA HAND DELIVERY AND ECF**

The Honorable Gregory M. Sleet
United States District Judge
United States District Court
District of Delaware
844 North King Street
Room 4324, Unit 19
Wilmington, DE 19801-3569

      *Re:* ***WMI Liquidating Trust v. Federal Deposit Insurance Corporation et al.*, No. 1:14-CV-1097 (GMS)**

Dear Judge Sleet:

      We are counsel to plaintiff WMI Liquidating Trust ("WMILT") in the above-referenced action. Pursuant to the Court's orders, such litigation had been informally stayed and the parties to the litigation submitted various Joint Status Reports while awaiting the decisions of the Honorable Reginald Walton in the actions entitled WMI Liquidating Trust v. Fed. Deposit Ins. Corp., No. 1:14-cv-01816 (RBW) (D.D.C.), and WMI Liquidating Trust v. Fed. Deposit Ins. Corp., No. 1:15-cv-00731 (RBW)(D.D.C.) (collectively, the "APA Actions").[1] Judge Walton issued his last ruling on April 15, 2016. See Ex. 1, Joint Status Report, p. 2. Pursuant to Your Honor's oral order entered on March 16, 2016, which granted the request of WMILT, the Federal Deposit Insurance Corporation ("FDIC") and the Board of Governors of the Federal Reserve System ("FRB") to extend the informal stay 60 days from the date of that order, the informal stay expired on May 16, 2016.

      As set forth in the respective Joint Status Reports, District Judge Walton has rendered his opinions and determined that (1) WMILT is a "covered company" and that the "Golden Parachute Regulations" as set forth in 12 C.F.R. § 359, et seq. (the "Golden Parachute Regulations") apply, and (2) the decisions of the Federal Deposit Insurance Corporation

---

[1] A copy of the last filed Joint Status Report is attached herewith.

The Honorable Gregory M. Sleet
June 27, 2016
Page 2

("FDIC") in denying the applications of WMILT seeking authority to make any payments on account of the proofs of claim filed by former employees and officers, as the case may be, of Washington Mutual, Inc. and Washington Mutual Bank, respectively, for severance and other benefits arising (or purportedly arising) out of their employment or affiliation with WMI or WMB (collectively, the "Employee Claims") were neither arbitrary nor capricious. Such orders and judgments have become final and, as a result thereof, WMILT is prohibited from making any payments on account of such Employee Claims. Notwithstanding, as reflected in the Joint Status Reports filed in this action, the holders of the asserted Employee Claims continue to dispute the applicability of the Golden Parachute Regulations and challenge the ability of District Judge Walton to prohibit payments pursuant to the APA Actions.

The litigation before you presents the very same question as was before District Judge Walton in the APA Actions. Specifically, in Count I of the Counterclaims asserted by each of the individual defendants, such parties have asserted that WMILT is not a "covered company" and, therefore, the Golden Parachute Regulations are inapplicable. WMILT has answered each of these Counterclaims and the matter is ripe for determination. And, as reflected in the latest Joint Status Report, the FDIC and the FRB have agreed to delay the consideration of their pending motions to dismiss the instant litigation in order to permit the Court to consider a motion for judgment on the pleadings. Accordingly, for these reasons and as previously described in the Joint Status Report, WMILT intends to file a motion for judgment on the pleadings in this action.

Your Honor's Individual Rules do not require leave of court in connection with the filing of a motion for judgment on the pleadings, but instead, only in connection with the filing of a motion for summary judgment. Accordingly, we submit this letter merely to inform the Court and to provide notice to the parties to this action that WMILT intends to file its motion for judgment on the pleadings tomorrow. As the parties were previously informed through the attached Joint Status Report, based upon the procedural and substantive posture of this matter, WMILT believes that a ruling on such a motion would obviate the need for any further litigation before this Court on the remainder of WMILT and the individual defendants' claims and theories set forth in the instant litigation. Moreover, a ruling on this motion will allow sufficient time for any party that may wish to appeal and have this issue resolved prior to the expiration of the trust in March, 2018.

We are available at the Court's convenience should the Court have any questions regarding the matters addressed herein.

Respectfully submitted,

Marcos A. Ramos

MXR/kmm
cc:   All Counsel of Record
      All *pro se* Defendants for whom WMI Liquidating Trust has contact information

RLF1 14709808v.1