**Exhibit A**

(Joint Status Report)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WMI LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, in its corporate capacity, *et al.*,<br><br>Defendants. | Civil Action No. 1:14-cv-1097 (GMS) |

## JOINT STATUS REPORT

Pursuant to this Court's Oral Order, dated March 16, 2016, the parties, by and through their respective undersigned counsel, submit this Joint Status Report regarding the actions styled *WMI Liquidating Trust v. Fed. Deposit Ins. Corp.*, No. 1:14-cv-01816 (RBW) (D.D.C) (the "APA Action I") and *WMI Liquidating Trust v. Fed. Deposit Ins. Corp.*, No. 1:15-cv-00731 (RBW) (D.D.C.) (the "APA Action II," and together with APA Action I, the "APA Actions").

As set forth in further detail in the Status Reports filed on August 12, 2015 [Dkt. No. 37], October 19, 2015 [Dkt. No. 39], January 4, 2016 [Dkt. No. 41], and March 16, 2016 [Dkt. No. 46] (collectively, the "Previous Status Reports"), APA Action I[1] has been finally adjudicated.  *See WMI Liquidating Trust v. Fed. Deposit Ins. Corp.*, No. 1:14-cv-01816 (RBW), 110 F. Supp. 3d 44 (D.D.C. 2015).

On May 13, 2015, WMILT commenced APA Action II seeking an order setting aside the determination of the Federal Deposit Insurance Corporation in its corporate capacity (the "FDIC")

---

[1] Additional relevant general background information regarding this litigation and the related employee claims litigation pending in the United States Bankruptcy Court for the District of Delaware, Case No. 08-12229 (MFW) (the "Bankruptcy Court") is provided in the parties' Joint Status Report filed on April 6, 2015 [Dkt. No. 13].

with respect to the Second Payment Application (as defined below).[2]  In the Second Payment

Application, WMILT sought approval from the FDIC and the Board of Governors of the Federal

Reserve System (the "FRB") as to whether it could make payments to (a) those Defendants who

executed a settlement agreement with WMILT (the "Settling Claimants"), in an amount greater

than Five Thousand Dollars ($5,000.00) but One Dollar ($1.00) less than the amount set forth in

the respective settlement agreement; and (b) the remaining Defendants (the "Non-Settling

Claimants", and together with the Settling Claimants, the "Claimants"), in an amount greater than

Five Thousand Dollars ($5,000.00) and up to the amounts to which their respective claims in the

underlying bankruptcy proceedings are capped.  It is the Individual Defendant's position that the

Second Payment Application was submitted without the consent of - and over the objection of -

many of the subject Defendants.  It is the position of WMILT and the FDIC that such consent was

not required.

     As set forth in the Previous Status Reports, the parties in APA Action II agreed that APA

Action II could be decided on cross-motions for summary judgment.  On April 15, 2016, United

States District Judge Reggie Walton, the presiding judge in the APA Actions, issued an order with

respect to the parties' cross motions for summary judgment.  *See* Order, *WMI Liquidating Trust v.*

*Fed. Deposit Ins. Corp.*, No. 1:15-cv-00731 (RBW) (D.D.C. April 15, 2015) (the "APA II

Order").[3]  Specifically, the APA II Order granted the FDIC's motion for summary judgment on

Count I of the Complaint upholding the FDIC's Determination on the Second Payment

Application and held that the FDIC's rejection of WMILT's Second Payment Application was not

---

[2] WMILT submitted to the FDIC that certain Application on Behalf of WMILT for Approval, Pursuant to 12 C.F.R. §§ 359.4 and 303.244, to the Extent Applicable, with Respect to Payments to be Made on Account of Certain Proofs of Claim Filed in In re Washington Mutual, Inc., 08-12229 (Bankr. D. Del.) (MFW), dated March 23, 2015 (the "Second Payment Application").
[3] A copy of the APA II Order is attached hereto as **Exhibit A**.

arbitrary, capricious, or an abuse of the agency's discretion.  It is the position of WMILT and the

FDIC that the APA II Order upheld the FDIC's determination that the Golden Parachute

Regulations[4] apply to WMILT and that WMILT is prohibited from making any payments to any

of the Claimants on account of their proofs of claim.  It is the position of the Individual

Defendants that Judge Walton was not asked to decide this issue and that WMILT admitted that it

was subject to the Golden Parachute Regulations; thereby rendering it a non-contested issue.

### WMILT's Statement On The Effect of the APA Actions On This Action

In APA Action I, WMILT sought a determination as to whether WMILT is bound by the

FDIC's determinations that WMILT is precluded from paying the Settling Claimants an agreed

amount on account of their proofs of claim in the Bankruptcy Court.  Therein, United States

District Judge Walton held that the Golden Parachute Regulations apply to WMILT, the FDIC did

not act arbitrarily or capriciously in denying the First Payment Application[5] and that WMILT is

precluded from making any payments to the thirty (30) Settling Claimants.

In APA Action II, WMILT sought a determination as to whether WMILT is bound by the

FDIC's determination that WMILT cannot make payments, in any amount, on account of the

Claimants' (whether Non-Settling Claimants or Settling Claimants) proofs of claim.  Again,

United States District Judge Walton held that the Golden Parachute Regulations applied to

WMILT, and further determined that the FDIC did not act arbitrarily or capriciously in denying

the Second Payment Application, and that WMILT is precluded from making *any* payment to *any*

Claimant on account of their proofs of claim.

---

[4] *See* 12 C.F.R. § 359.4; *see also* 12 U.S.C. § 1828(k).
[5] "First Payment Application" refers to that certain payment application, dated August 14, 2013,
submitted by WMILT to the FDIC seeking approval to make payments to the Settling Claimants,
as provided for by agreements and executed stipulations reached by WMILT to settle their
respective Employee Claims.

Given Judge Walton's rulings, WMILT proposes that the informal stay in this matter be lifted. Furthermore, WMILT requests leave to file a motion for judgment on the pleadings within seven days of the lifting of the informal stay on Count I of certain defendants' counterclaims which seek a determination as to whether WMILT is a "Covered Company" (the "Covered Company Counterclaims").[6] WMILT asserts that, based solely on the pleadings, applicable case law, and Judge Walton's rulings, the Covered Company Counterclaims can be resolved immediately. WMILT asserts that a ruling on this limited issue may obviate the need for any further litigation before this Court on the remainder of WMILT and the Individual Defendants' claims. Furthermore, proceeding with WMILT's proposed motion for judgment on the pleadings could also eliminate the need for this Court to adjudicate the four pending Motions to Dismiss against WMILT's Amended Complaint, some of which are referenced below. Accordingly,

---

[6] WMILT intends to move on the following counterclaims: (1) counterclaims originally filed in the United States District Court for the Western District of Washington, *WMI Liquidating Trust v. FDIC*, Case No. 2:13-cv-01706-RAJ (W.D. Wash) (hereafter referred to as [W.D. Wash. D.I.]): (a) Count I of the Counterclaims of Defendants Todd H. Baker, Sean Becketti, Anthony Joseph Bozzuti, Alfred Brooks, Gregory C. Camas, Thomas W. Casey, Deborah D. Horvath, Rajiv Kapoor, Marc Malone, John P. McMurray, Thomas E. Morgan, Stephen J. Rotella, David Schneider, Genevieve Smith, Radha Thompson, Ann Tierney and Robert J. Williams, Jr. against WMILT [W.D. Wash. D.I. 173], (b) Count I of the Counterclaims of Defendant Craig E. Tall against WMILT [W.D. Wash. D.I. 146], (c) Count I of the Counterclaims of Defendant Susan Allison against WMILT [W.D. Wash. D.I. 171], (d) Count I of the Counterclaims of Defendant Jeffrey Jones against WMILT [W.D. Wash. D.I.172], (e) Count I of the Counterclaims of Defendant Robert Batt against WMILT [W.D. Wash. D.I. 174], (f) Count I of the Counterclaims of Defendant Patricia Schulte against WMILT [W.D. Wash. D.I.175], (g) Count I of the Counterclaims of Defendant Scott Shaw against WMILT [W.D. Wash. D.I. 176], (h) Count I of the Counterclaims of Defendant Steven Kenneth Stearns against WMILT [W.D. Wash. D.I. 177], (i) Count I of the Counterclaims of Defendant Randy Melba against WMILT [W.D. Wash. D.I. 178], and (j) Count I of the Counterclaims of Defendant Michelle McCarthy against WMILT [W.D. Wash. D.I. 179]; and (2) counterclaims filed in the adversary proceeding, *WMI Liquidating Trust v. FDIC*, Adv. Pro. No. 14-50435-MFW (Bank. D. Del.) in the Bankruptcy Court (hereinafter referred to as [Adv. Pro. D.I.]): (a) Count I of the Counterclaims of Defendant Jacob E. Sorenson against WMILT [Adv. Pro. D.I. 36], and (b) Count I of the Counterclaims of Defendant Keith O. Fukui against WMILT.

briefing of such motion would serve to expeditiously resolve this matter and ultimately permit WMILT to resolve its chapter 11 proceedings.

Consistent with this position, WMILT does not believe that the comprehensive scheduling order proposed below by the Individual Defendants is necessary at this time. However, to the extent that the Court determines that it should consider the Individual Defendants' motions to dismiss before considering WMILT's proposed motion for judgment on the pleadings, *all* pending motions to dismiss should be considered either at the same time, or contemporaneously, including (1) the FDIC's motion to dismiss the Amended Complaint for lack of subject matter jurisdiction [Adv. Pro. Dkt. No. 39] and the FRB's motion to dismiss the Amended Complaint for lack of subject matter jurisdiction [Adv. Pro. Dkt. No. 41]. As noted below, the FDIC and FRB would permit such motions to be held in abeyance pending a ruling on a motion for judgment on the pleadings.

WMILT generally disagrees with a number of the assertions and contentions made by the Individual Defendants with respect to the APA Actions, but will not address those mischaracterizations at length here.

**Statement of the Individual Defendants On The Effect of the APA Actions On This Action** [7]

    **I.    The APA Actions Are Inapplicable To The Instant Action**

---

[7] The Individual Defendants who have participated in this response are: Anthony Vuoto, Melba Bartels, Kenneth Kido, Steven Stein, Mitchell Stevens, Todd H. Baker, Sean Becketti, Anthony Joseph Bozzuti, Alfred Brooks, Thomas W. Casey, Gregory C. Camas, Deborah D. Horvath, Rajiv Kapoor, Marc Malone, John P. McMurray, Thomas E. Morgan, Stephen J. Rotella, David Schneider, Genevieve Smith, Craig E. Tall, Radha Thompson, Ann Tierney, Robert J. Williams, Jr., Robert C. Bjorklund, Kimberly A. Cannon, Daryl D. David, Chandan Sharma, Michael Reynoldson, John H. Murphy.

From the start, the APA Actions were pursued in a transparent effort to subvert the orders of the Bankruptcy Court and the rights of the Individual Defendants.

The Bankruptcy Court ordered WMILT to file this action on August 23, 2013.[8] As noted in Previous Status Reports, the Bankruptcy Court Order directed WMILT to file a declaratory judgment action naming the FDIC, the FRB, and all claimants seeking a determination whether WMILT is precluded from paying claimants on their allowed claims by operation of certain federal banking statutes and regulations. Bankruptcy Court Order at 2. While WMILT initiated this action seeking declaratory judgment,[9] before litigating the threshold issues required by the Bankruptcy Court Order WMILT filed its complaint in APA Action I. Unlike the action before this Court, the APA Actions were filed by WMILT with the transparent intent to create a record in a non-adversarial proceeding lacking actual contested issues. For example, the issues of whether WMILT is a "covered company" and whether the Golden Parachute Regulations apply to WMILT were never in dispute and Judge Walton never ruled on these issues. Further, none of the Individual Defendants were parties to the APA Actions.

Now, WMILT is attempting to use the decisions in the APA Actions as a sword against the Individual Defendants in spite of their inapplicability. In the APA actions, WMILT and the FDIC did not take opposing positions on the central issues in this action. As a result, the pleadings essentially stipulated to the following, *inter alia*, which WMILT is now attempting to use as binding or persuasive authority against the Individual Defendants: (i) WMILT is a "Covered Company," (ii) the Golden Parachute Regulations apply, and (iii) the FDIC maintains

---

[8] Order Denying WMI Liquidating Trust's Motion For An Order Granting Leave To Amend The Fifth, Sixth, Seventy-Ninth, Eightieth, Eighty-First, Eighty-Second, Eighty-Fourth, Eighty-Fifth, and Eighty-Eighth Omnibus Objections To Claims [Bankr. Ct. Dkt. No. 11348] (the "Bankruptcy Court Order").

[9] The Individual Defendants assert that the Amended Complaint [Dkt. No. 33] should be dismissed pursuant to the motions to dismiss currently pending before this Court.

the right to prohibit WMILT from making payment to claimants pursuant to an allowed claim in Bankruptcy Court or a settlement agreement.[10]  As such, the orders in the APA Actions were limited to "how" the FDIC applied its regulations rather than answering the threshold questions of "whether" those regulations are applicable to the Debtors vis-à-vis the Individual Defendants and if whether the FDIC is bound by its release of certain rights under the Debtors' chapter 11 plan.

Accordingly, by way of example and not limitation, the APA Actions are inapplicable to this action for the following reasons:

- WMILT stipulated to the FDIC's jurisdiction over it.

- To the Individual Defendants' knowledge, the Debtors' chapter 11 plan, and the release of certain rights therein by the FDIC and the FRB, was not considered by the parties or the Court.

- WMILT and the FDIC stipulated that WMILT is a "Covered Company."

- WMILT and the FDIC stipulated that the Golden Parachute Regulations apply.

- WMILT and the FDIC stipulated that payments made pursuant to the Individual Defendants' proofs of claim in the Bankruptcy Court would constitute golden parachute payments.

- The APA Actions stemmed from applications submitted by WMILT to the FDIC that were not authorized by the Individual Defendants.

---

[10] The Court in the APA II Order made clear the limited scope of WMILT's arguments in the matter: "And although the defendant may not have considered the full extent of the litigation burdens that would be placed on the plaintiff if the second payment application were not approved—*the only argument raised by the plaintiff* as to the propriety of the defendant's rejection of the application . . . ." APA II Order at 4 (emphasis added).  The Court further commented on the lack of arguments made by WMILT against the FDIC in stating, "Here, the Court notes that the plaintiff does <u>not</u> contest the defendant's analyses and conclusions under either 12 C.F.R. § 359.4(b)(1) or 12 C.F.R. § 359.4(b)(2)."  Id. at 3-4 (emphasis in original).

RLF1 14424981V.1

- The APA Actions concerned "how" the FDIC applied its regulations rather than requesting a determination, as is the case here, of "whether" those regulations apply to WMILT and the proofs of claim of the Individual Defendants.

The foundational questions before the Court must now be resolved in this action—the only action in which those issues are in controversy and contested by the parties. The Individual Defendants desire an expeditious resolution to this matter after waiting over one (1) year while WMILT and the FDIC engaged in a lawsuit to which the Individual Defendants were not parties, did not have their interests represented, and which only served to delay and distract from litigation of the issues they have properly put before this Court.

## II. The Motions to Dismiss Should Be Decided Before WMILT Is Granted Leave to File a Motion for Judgment on the Pleadings

The Individual Defendants' believe that the pending motions to dismiss should be addressed before motions for judgment on the pleadings and/or summary judgment motions on the pending Counter Claims, Cross-Claims and Amended Complaint. Currently, the following motions to dismiss are pending. [11]

In the Bjorklund, *et al*. motion to dismiss, certain Individual Defendants claim that the Amended Complaint must be dismissed because the Bankruptcy Court retains exclusive jurisdiction to adjudicate claims litigation. [Adv. Pro. Dkt. No. 103]. These Individual Defendants also claim that WMILT is collaterally estopped from bringing the claims in the Amended Complaint on account of the Bankruptcy Court Order. *Id*. The Individual Defendants

---

[11] Many of the Individual Defendants objected to the submission of an application to the FDIC with respect to their Proofs of Claim. These objections were ignored by WMILT. Further, the Individual Defendants have made multiple requests for copies of the applications made to the FDIC. As of this time, WMILT and the FDIC have refused to provide the requested applications to the Individual Defendants. The Individual Defendants will need limited discovery from WMILT and the FDIC solely with respect to the application process followed by WMILT as described in the General Background section contained herein.

8

also assert that the Amended Complaint exceeds the scope of the Bankruptcy Court Order, and therefore, must be dismissed. *Id.* The Individual Defendants also assert that the Bankruptcy Court Order specifically denied the additional defenses WMILT sought to assert in its Motion to Amend, including the defense that "[m]any of the claims asserted by the claimants are also subject to disallowance as a result of the operation of 12 C.F.R. § 163.39 and/or 12 C.F.R. § 359, as applicable." *Id.* These individual Defendants also assert that Counts XII through XIX of the Amended Complaint should be stricken as violative of the Bankruptcy Court Order. *Id.*

In the Bartels, *et al.* motion to dismiss for failure to state a claim, certain Individual Defendants assert that the Amended Complaint exceeds the scope of the Bankruptcy Court Order and, therefore, must be dismissed. [Adv. Pro. Dkt. No. 91]. These Individual Defendants also assert that counts XII through XIX of the Amended Complaint should be stricken as violative of the Bankruptcy Court Order. *Id.*

If WMILT is permitted to file a Motion for Judgment on the Pleadings before the Motions to Dismiss are fully resolved, a significant number of the Individual Defendants will be excluded from the briefing process and will not be entitled to make an argument as to WMILT's requested motion as their motions to dismiss have not yet been ruled upon and they have not yet had the opportunity to file an answer and cross-complaint.

Accordingly, the Individual Defendants request the entry of a scheduling order as follows:

| Event | Deadline |
|---|---|
| Initial Disclosures | 20 days following Court's ruling on the pending motions to dismiss. |
| Deadline to amend pleadings | 30 days following the Court's ruling on the pending motions to dismiss |

RLF1 14424981V.1

| Discovery | Starts upon the completion of the Initial Disclosures and ends 60 days later |
| --- | --- |
| Motions for judgment on the pleadings and/or summary judgment | Filed after Court's ruling on the motions to dismiss. |
| Opposition to motions for judgment on the pleadings and/ or summary judgment | 45 days after service of opening brief |
| Replies in support of motions for judgment on the pleadings and/or summary judgment | 25 days following service of the opposing briefs |
| Pretrial Order | To be determined |
| Pretrial Conference | To be determined |
| Trial | To be determined |

**Statement of the FDIC/FRB On The Effect of the APA Actions On This Action**

The FDIC and the FRB agree with WMILT that this matter can be expeditiously resolved without the need for any discovery through a motion by WMILT for judgment on the pleadings as outlined above.

Under congressionally-delegated authority, the FDIC made administrative determinations that WMILT is a "covered company" under 12 U.S.C. § 1828(k), and the payments sought by the 68 employee claimants here are barred by 12 C.F.R. Part 359.  On April 15, 2016, United States District Judge Reggie Walton granted the FDIC's motion for summary judgment and affirmed the FDIC's administrative determinations in their entirety.  Simply put, WMILT may not make any payment, in any amount, to any of the claimants on account of their proof of claim.  To do so would violate both the FDIC's administrative determinations and the orders of the U.S. District

Court for the District of Columbia. The FDIC and FRB submit that the claimants' requests that this Court issue declaratory judgments contradicting Judge Walton's order and the FDIC's administrative determinations cannot proceed.

Moreover, separate from the impact of Judge Walton's order, the FDIC and FRB believe the complaint and counterclaims are not actionable, as set forth in the agencies' motions to dismiss. [Adv. Pro. D.I. 38, 39, 41, 42.] To conserve judicial resources, the FDIC and FRB propose that such motions be held in abeyance pending adjudication of WMILT's motion regarding the effect of the FDIC's administrative determinations and Judge Walton's order. However, to the extent that the Court determines that it should consider the Individual Defendants' motions to dismiss before considering WMILT's proposed motion for judgment on the pleadings, the Court should consider the FDIC and FRB's pending motions to dismiss simultaneously.

Dated: April 25, 2016
      Wilmington, Delaware

_/s/ Amanda R. Steele_____
Mark D. Collins, Esq. (No. 2981)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

Brian S. Rosen, Esq. (admitted _pro hac vice_)
John P. Mastando III, Esq. (admitted _pro hac vice_)
Cheryl A. James, Esq. (admitted _pro hac vice_)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

Facsimile: (212) 310-8007
*Attorneys for WMI Liquidating Trust*


    */s/ Erik Bond*
BARBARA KATRON
Senior Counsel
ERIK BOND, N.Y. Bar No. 4316030
Counsel, Corporate Litigation Unit
erbond@FDIC.gov
THE FEDERAL DEPOSIT INSURANCE
CORPORATION
3501 N. Fairfax Drive, D-7026
Arlington, VA 22226
Telephone: (703) 562-6461
Fax: (703) 562-2477
*Attorneys for Defendant Federal Deposit
Insurance Corporation*


    */s/ Katherine H. Wheatley*
Katherine H. Wheatley
Associate General Counsel
BOARD OF GOVERNORS OF THE
FEDERAL
RESERVE SYSTEM
20th & C Streets, N.W.
Washington, D.C. 20551
Telephone: (202) 452-3779
Facsimile: (202) 736-5615
Email: kit.wheatley@frb.gov
*Counsel for Board of Governors of the Federal
Reserve System*


    */s/ Michael Joseph Joyce*
Michael Joseph Joyce, Esquire (#4563)
CROSS & SIMON, LLC
1105 N. Market Street, Suite 901
P.O. Box 1380
Wilmington, DE 19899-1380
Telephone: 302-777-4200
Facsimile: 302-777-4224
E-mail: mjoyce@crosslaw.com
*Counsel to Individual Defendant John H.
Murphy*

    */s/ Michael Joseph Joyce*
Michael Joseph Joyce, Esquire (#4563)
CROSS & SIMON, LLC
1105 N. Market Street, Suite 901
P.O. Box 1380
Wilmington, DE 19899-1380
Telephone:  302-777-4200
Facsimile:  302-777-4224
E-mail:  mjoyce@crosslaw.com

   -and-

Stephan Kyle, Esquire
KYLE LAW CORPORATION
230 California Street, Suite 600
San Francisco, CA 94111
*Direct* 415-839-8110
*Main* 415-839-8100
*Fax* 415-839-8189
skyle@kylelawcorp.com
*Co-Counsel for Individual Defendant Anthony
Vuoto, Melba Bartels, Kenneth Kido, Steven
Stein, Mitchell Stevens, Todd H. Baker, Sean
Becketti, Anthony Joseph Bozzuti, Alfred
Brooks, Thomas W. Casey, Gregory C. Camas,
Deborah D. Horvath, Rajiv Kapoor, Marc
Malone, John P. McMurray, Thomas E.
Morgan, Stephen J. Rotella, David Schneider,
Genevieve Smith, Craig E. Tall, Radha
Thompson, Ann Tierney, Robert J. Williams, Jr.*


    */s/ Michael Busenkell*
Michael Busenkell, Esquire (#3933)
GELLERT SCALI BUSENKELL
& BROWN, LLC
913 N. Market Street, 10th Floor
Wilmington, DE 19801
Telephone:  302−425−5812
Facsimile:  302-425-5814
Email: mbusenkell@gsbblaw.com
*Counsel to Individual Defendants Susan Allison,
Robert Batt, Jeffrey Jones, Michelle McCarthy,
Randy Melby, Patricia Schulte, Scott Shaw, and
Stephen Kenneth Stearns*

<u>/s/ Michael Joseph Joyce</u>
Michael Joseph Joyce, Esquire (#4563)
CROSS & SIMON, LLC
1105 N. Market Street, Suite 901
P.O. Box 1380
Wilmington, DE 19899-1380
Telephone:  302-777-4200
Facsimile:  302-777-4224
E-mail:  mjoyce@crosslaw.com

   -and-

Robyn B. Sokol, Esquire
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
Main:  818-827-9000
Direct:  818-827-9108
Facsimile:  818-827-9051
rsokol@ebg-law.com
*Co-Counsel to Individual Defendants Kimberly
Cannon, Daryl David, Michael Reynoldson,
Robert Bjorklund and Chandan Sharma*

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                          )
WMI LIQUIDATING TRUST,                    )
                                          )
                 Plaintiff,               )
                                          )
          v.                              )          Civil Action No. 15-731 (RBW)
                                          )
FEDERAL DEPOSIT INSURANCE                 )
CORPORATION,                              )
                                          )
                 Defendant.               )
_____)

## ORDER

This companion case to <u>WMI Liquidating Trust v. FDIC</u>, 110 F. Supp. 3d 44 (D.D.C.

2015) (Walton, J.), is currently before the Court on the parties'[1] cross-motions for summary

judgment.  <u>See</u> Plaintiff WMI Liquidating Trust's Motion for Summary Judgment ("Pl.'s Mot.");

Defendant's Motion for Summary Judgment ("Def.'s Mot.").  Upon careful consideration of the

parties' submissions,[2] the Court concludes that it must deny the plaintiff's summary judgment

motion and grant the defendant's summary judgment motion for the reasons that follow.

## I.     BACKGROUND

The Court has previously detailed much of the pertinent factual and statutory background

in the companion case.  <u>See generally</u> <u>WMI Liquidating Trust</u>, 110 F. Supp. 3d at 47-52

---

[1] At times, the Court may refer to the plaintiff, WMI Liquidating Trust, as "WMILT," and the defendant, the Federal Deposit Insurance Corporation, as the "FDIC."

[2] In addition to the parties' motions, the Court considered the following submissions in rendering its decision: (1) the Memorandum of Points and Authorities in Support of WMILT's Motion for Summary Judgment ("Pl.'s Mem."); (2) the Defendant's Memorandum of Points and Authorities in Opposition to [the] Plaintiff's Motion for Summary Judgment ("Def.'s Opp'n"); (3) Plaintiff WMI Liquidating Trust's Reply in Support of its Motion for Summary Judgment ("Pl.'s Reply"); (4) the Defendant's Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("Def.'s Mem."); (5) Plaintiff WMI Liquidating Trust's Response in Opposition to Defendant FDIC's Motion for Summary Judgment ("Pl.'s Opp'n"); and (6) the Defendant's Reply in Support of Motion for Summary Judgment ("Def.'s Reply").

(explaining how WMILT found itself seeking FDIC approval of golden parachute payments, as well as the regulatory scheme governing golden parachute payments). The Court will only reiterate those facts that are relevant to this case, and they are the following: While the companion case was ongoing, the plaintiff submitted a second payment application to the FDIC, seeking approval of certain payments that would qualify as "golden parachute" payments[3] under the Federal Deposit Insurance Act ("FDIA"), as well as the regulatory scheme adopted thereafter. See Pl.'s Mem. at 11; Def.'s Mem. at 9-10; see also Administrative Record ("A.R.") at AR-1022-50. The defendant rejected that application in its entirety. See Pl.'s Mem. at 12; Def.'s Mem. at 9-10; see also A.R. at AR-4006-27. The plaintiff challenges the rejection on the ground that it was arbitrary, capricious, and an abuse of discretion under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2) (2012),[4] arguing that the defendant failed to account for the substantial hardship and significant litigation costs that would be imposed on the plaintiff, resulting from the denial of the second payment application. See Pl.'s Mem. at 1, 18-20; Pl.'s Opp'n at 1, 7-8; Pl.'s Reply at 3-4.

## II.    ANALYSIS

A golden parachute payment can be dispersed if "[t]he appropriate federal banking agency, with the written concurrence of the [FDIC], determines that such a payment or

---

[3]  "A 'golden parachute payment' is generally considered to be any payment to an [institution-affiliated party (or IAP)] which is contingent on the termination of that person's employment and is received when the insured depository institution making the payment is troubled or, if the payment is being made by an affiliated holding company, either the holding company itself or the insured depository institution employing the IAP, is troubled." WMI Liquidating Trust, 110 F. Supp. 3d at 48 (quoting 12 C.F.R. § 359.0(b) (2012)). Further, an IAP is "'any director, officer, [or] employee of an insured depositary institution or depository institution holding company,' or 'any other person as determined by the appropriate federal banking agency who participates in the conduct of the affairs of an insured depositary institution.'" Id. at 50 n.3 (ellipses omitted) (quoting 12 U.S.C. § 1813(u) (2012)).

[4]  As alluded to above, the appropriate standard of review in this APA action has been previously set forth by the Court. See WMI Liquidating Trust, 110 F. Supp. 3d at 52-53 (although deference afforded to agency action, such action must be supported by the administrative record and reasoned analysis (citing cases discussing summary judgment standard in APA cases like the one here)).

agreement is permissible . . . ."[5] 12 C.F.R. § 359.4(a)(1) (2012).  Qualifying for this permissibility exception is "a two-step process."  <u>WMI Liquidating Trust</u>, 110 F. Supp. 3d at 50. First, an entity such as the plaintiff must certify to certain facts identified in 12 C.F.R. § 359.4(a)(4) to the FDIC. <u>WMI Liquidating Trust</u>, 110 F. Supp. 3d at 50-51.  Second, if the entity submits a proper certification to the FDIC, the FDIC then "may consider" the following factors in exempting certain payments from the golden parachute restrictions:

> (1) [w]hether, and to what degree, the IAP was in a position of managerial or fiduciary responsibility;
>
> (2) [t]he length of time the IAP was affiliated with the insured depository institution or depository institution holding company, and the degree to which the proposed payment represents a reasonable payment for services rendered over the period of employment; and
>
> (3) [a]ny other factors or circumstances which would indicate that the proposed payment would be contrary to the intent of section 18(k) of the [FDIA] or this part.

12 C.F.R. § 359.4(b)(1)-(3); <u>see also</u> <u>WMI Liquidating Trust</u>, 110 F. Supp. 3d at 51 (citing same).  The FDIC has discretion to consider any of these three factors as it sees fit.  <u>See</u> <u>WMI Liquidating Trust</u>, 110 F. Supp. 3d at 57 (citing <u>Knyal v. Office of Comptroller of Currency</u>, No. 02-cv-2851 (PJH), 2003 WL 26465939, at *16 (N.D. Cal. Nov. 25, 2003)).  Notably, "[n]one of the[se] factors is controlling, and there is no requirement that more or less weight be given to any of them."  <u>Id.</u> (quoting <u>Knyal</u>, 2003 WL 26465939, at *16).

Here, the Court notes that the plaintiff does <u>not</u> contest the defendant's analyses and conclusions under either 12 C.F.R. § 359.4(b)(1) or 12 C.F.R. § 359.4(b)(2).  Such analyses and conclusions—under § 359.4(b)(1), § 359.4(b)(2), or both provisions—are sufficient to affirm the

---

[5] This is the "permissibility" exception to the prohibition against golden parachute payments.  <u>See</u> <u>WMI Liquidating Trust</u>, 110 F. Supp. 3d at 49 & n.4.  There are two other exceptions, but they are not relevant to this case.  <u>See</u> A.R. at AR-4014 n.56 (citing 12 C.F.R. § 359.4(a)(2)-(3) (2012)).

defendant's rejection of the second payment application.  See A.R. at AR-4014-22, 4026; see also WMI Liquidating Trust, 110 F. Supp. 3d at 57 (citing Knyal, 2003 WL 26465939, at *16). Similarly, almost all of the defendant's analyses and conclusions concerning § 359.4(b)(3) remain uncontested by the plaintiff; and these too, afford the Court sufficient bases to affirm the rejection.  See A.R. at AR-4022-26; see also WMI Liquidating Trust, 110 F. Supp. 3d at 57 (citing Knyal, 2003 WL 26465939, at *16).

And although the defendant may not have considered the full extent of the litigation burdens that would be placed on the plaintiff if the second payment application were not approved—the only argument raised by the plaintiff as to the propriety of the defendant's rejection of the application and one that has sympathetic appeal—these burdens are not mandatory considerations under the pertinent regulations.  See 12 C.F.R. § 359.4(b)(1)-(3); see also WMI Liquidating Trust, 110 F. Supp. 3d at 57 (citing Knyal, 2003 WL 26465939, at *16). In any event, notwithstanding any deficiency in considering all of the litigation burdens that would befall the plaintiff resulting from the defendant's rejection of the second payment application, remand would be futile, see, e.g., Fogg v. Ashcroft, 254 F.3d 103, 111-12 (D.C. Cir. 2001) ("In the face of such legal error, we would normally remand to the court for remand to the agency, but we do not do so when, as here, remand would be futile.  'Only one conclusion would be supportable.'" (quoting Donovan v. Stafford Constr. Co., 732 F.2d 954, 961 (D.C. Cir. 1984))); A.L. Pharma, Inc. v. Shalala, 62 F.3d 1484, 1489 (D.C. Cir. 1995) ("A remand is unnecessary where, as here, the outcome of a new administrative proceeding is preordained." (quoting Am. Train Dispatchers Ass'n v. ICC, 26 F.3d 1157, 1163 (D.C. Cir. 1994))), in light of the plethora of reasons that guided the defendant to exercise its discretion the way it did, see

A.R. at AR-4014-26.[6]  In sum, the Court cannot find, despite its concern about the defendant's possible failure to take into account the full extent of the litigation burdens the plaintiff may incur, that the defendant's rejection of the plaintiff's second payment application was arbitrary, capricious, or an abuse of discretion.

## III.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff WMI Liquidating Trust's Motion for Summary Judgment is **DENIED**.  It is further

**ORDERED** that the plaintiff's request for oral argument is **DENIED AS MOOT**.  It is further

**ORDERED** that the Defendant's Motion for Summary Judgment is **GRANTED**.  It is further

**ORDERED** that this case is **CLOSED**.

**SO ORDERED** this 15th day of April, 2016.

REGGIE B. WALTON
United States District Judge

---

[6]  The defendant encourages the Court to affirm its rejection of the second payment application on the basis that the plaintiff failed to obtain the proper certification under 12 C.F.R. § 359.4(a)(4).  Def.'s Mem. at 18-19.  The Court will not affirm the defendant's rejection of the second payment application on this basis because it was never brought to the plaintiff's attention during the administrative process, and thus, the Court would be impermissibly condoning a post hoc rationalization for agency action.  E.g., Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 50 (1983) ("[T]he courts may not accept appellate counsel's post hoc rationalizations for agency action. It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." (citations omitted)).  Nevertheless, the plaintiff's failure to submit a proper 12 C.F.R. § 359.4(a)(4) certification would be another reason why remand would be futile.