

1105 NORTH MARKET STREET
SUITE 901
WILMINGTON, DELAWARE 19801

MAILING ADDRESS:
P.O. BOX 1380
WILMINGTON, DE 19899-1380

MICHAEL J. JOYCE
MJOYCE@CROSSLAW.COM
(302) 777-4200, EXT. 112

June 28, 2016

**VIA CM/ECF**
The Honorable Gregory M. Sleet
United States District Judge
United States District Court
District of Delaware
844 North King Street
Room 4324, Unit 19
Wilmington, DE 19801

    Re: *WMI Liquidating Trust v. Federal Deposit Insurance Company et al.*
       C.A. No. 1:14-cv-1097 (GMS)

Dear Judge Sleet:

  We are the attorneys for twenty-nine (29) individual defendants in the above-referenced action. We are writing to Your Honor in response to the letter submitted by Marcos A. Ramos, Esq., counsel for WMI Liquidating Trust ("WMILT") on June 27, 2016.

  WMILT, with the Federal Deposit Insurance Corporation ("FDIC") and the Board of Governors of the Federal Reserve System complicit in the end-around maneuver discussed in its letter, now seek to put forward a potentially dispositive motion in the face of numerous pending motions to dismiss and to amend. Following the termination of the informal stay in this matter, the individual defendants have anticipated the issuance of a scheduling order. However, WMILT has chosen not to allow you the opportunity to issue a scheduling order in light of the positions of the parties in the most recent Joint Status Report [Dkt. No. 47], but rather intends to file its motion without direction from the Court and to preface the filing with a letter that inaccurately represents the status of the matter before the Court.

  WMILT is disingenuous in claiming that its letter is an effort "merely to inform the Court and to provide notice to the parties" that it intends to file a motion for judgment on the pleadings. Instead, WMILT uses its letter to reassert the same arguments it made in the Joint Status Report, in an attempt to influence the course of this litigation outside of proper motion practice.

CROSS & SIMON, LLC
JUNE 28, 2016
PAGE 2 OF 3

More importantly, from a procedural standpoint, WMILT's attempt to seek resolution of the issues before the Court pursuant to a motion for judgment on the pleadings at this stage in the proceedings is inappropriate for many reasons, some which include:

- Many of the individual defendants have not yet answered because their pending motions to dismiss WMILT's deficient complaint have not yet been heard or decided. Pursuant to Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings may be brought "after the pleadings are closed—but early enough not to delay trial." Plainly, the pleadings in this matter are not closed.

- Many of the individual defendants have yet to assert counterclaims against WMILT, despite the contention in its letter that "each of the individual defendants" have asserted such claims at this stage. Therefore, those individual defendants would be procedurally barred from participating in briefing and argument in connection with the motion proposed by WMILT.

- Two individual defendants, Steve Rotella and David Schneider, have filed a motion to amend their counterclaims and cross-claims which has not yet been heard or decided. That motion is based on subsequent additional facts regarding the FDIC's release of its purported right to consent to payment to Messrs. Rotella and Schneider (and potentially the other individual defendants as well) on their bankruptcy claims. Thus, the substance of their pleadings is likely to be altered following consideration of their motion to amend.

- Contrary to the statements in Mr. Ramos' letter, WMILT and the FDIC did not already litigate the threshold issues in this action before District Judge Reggie Walton in the District Court for the District of Columbia. In fact, WMILT and the FDIC essentially stipulated that WMILT is a "covered company" and that the golden parachute regulations apply. Accordingly, Judge Walton was not asked to decide the "covered company" and golden parachute questions, which remain unresolved and exclusively before you to decide.

Should the Court have any questions regarding the matters discussed herein, please do not hesitate to contact the undersigned.

Respectfully submitted,

Michael J. Joyce (No. 4563)

cc:   Stephan E. Kyle, Esq.
      Andrew Winetroub, Esq.
      Robyn B. Sokol, Esq.
      All Counsel of Record

Case 1:14-cv-01097-GMS   Document 49   Filed 06/28/16   Page 3 of 3 PageID #: 843