**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WMI LIQUIDATING TRUST, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL DEPOSIT INSURANCE CORPORATION, )<br>in its corporate capacity, *et al.*, )<br>)<br>Defendants. ) | C.A. No. 1:14-cv-1097 (GMS) |

**ANSWERING BRIEF OF SUSAN ALLISON, ROBERT BATT, JEFFREY JONES, MICHELLE MCCARTHY, RANDY MELBY, PATRICIA SCHULTE, SCOTT SHAW & STEPHEN KENNETH STEARNS IN OPPOSITION TO PLAINTIFF WMI LIQUIDATING TRUST'S MOTION FOR JUDGMENT ON THE PLEADINGS ON <u>COUNT 1 OF CERTAIN EMPLOYEE DEFENDANTS' COUNTERCLAIMS</u>**

 

Michael Busenkell (No. 3933)
GELLERT SCALI BUSENKELL & BROWN, LLC
1201 N. Orange St., Ste. 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
mbusenkell@gsbblaw.com

*Counsel to Susan Allison, Robert Batt, Jeffrey Jones, Michelle McCarthy, Randy Melby, Patricia Schulte, Scott Shaw & Stephen Kenneth Stearns*

Dated: July 12, 2016

**TABLE OF CONTENTS**

**TABLE OF CITATIONS** .................................................................................................... iii

**NATURE AND STAGE OF THE PROCEEDINGS** .............................................................. 1

    **A.**    **BANKRUPTCY PROCEEDINGS** ............................................................................ 1

    **B.**    **WASHINGTON DISTRICT COURT** ...................................................................... 2

    **C.**    **D.C. DISTRICT COURT** ...................................................................................... 2

    **D.**    **DELAWARE DISTRICT COURT** ......................................................................... 3

**SUMMARY OF THE ARGUMENT** ....................................................................................... 4

**STATEMENT OF THE FACTS** ............................................................................................. 6

**ARGUMENT** ........................................................................................................................ 7

    **A.**    **WMILT'S MOTION IS PREMATURE** ................................................................. 7

    **B.**    **NO FEDERAL DISTRICT COURT ENTERED A BINDING ORDER THAT WMILT IS A COVERED COMPANY, AS THAT TERM IS DEFINED IN THE FDIA.** ........................ 7

            **1.**    **The Doctrine of *Res Judicata* is Inapplicable.** ........................................ 7

            **2.**    **The Doctrine of Collateral Estoppel is Inapplicable** ............................. 9

    **C.**    **WMILT IS NOT A COVERED COMPANY UNDER THE FDIA.** ............................ 10

**CONCLUSION** .................................................................................................................. 11

## TABLE OF CITATIONS

### Cases

*Bata v. Bata*,
    163 A.2d 493 (Del. 1960) .................................................................................................. 10

*Bata v. Bata*,
    366 U.S. 964 (1961) ......................................................................................................... 10

*Bata v. Hill*,
    139 A.2d 159, 165 (Del. Ch. 1958) ................................................................................. 10

*Commissioner v. Sunnen*,
    333 U.S. 591, 597 (1948) ................................................................................................... 8

*Cromwell v. County of Sac*,
    94 U.S. 351, 352-353 (1877) .............................................................................................. 8

*Federated Dep't Stores v. Moitie*,
    452 U.S. 394, 398 (1981) ............................................................................................. 5, 8

*Montana v. United States*,
    440 U.S. 147, 153 (1979) ........................................................................................... 5, 10

*Mull v. Colt Co.*,
    31 F.R.D. 154, 156 at n. 1 (S.D.N.Y. 1962) ..................................................................... 7

*Richards v. Jefferson County*,
    517 U.S. 793, 798 (1996) ................................................................................................... 8

*Taylor v. Sturgell*,
    553 U.S. 880 (2008) ........................................................................................................... 8

*Victaulic Co. v. Tierman*,
    499 F.3d 227, 234 at n.4 (3d Cir. 2007) ............................................................................ 7

### Statutes

12 U.S.C. § 1811 ............................................................................................................................. 2

12 U.S.C. § 1828(k)(5)(D) ................................................................................................ 6, 10, 11

C.F.R. § 359 ..................................................................................................................................... 2

*Nulheron v. Phila. Eagles*,
    2013 U.S. Dist. LEXIS 7699, *11 (D.N.J. 2013) ............................................................. 4

### Rules

Fed. R. Civ. P. 12(c) .................................................................................................................. 4, 7

Fed. R. Civ. P. 7(a) .................................................................................................................... 4, 7

## NATURE AND STAGE OF THE PROCEEDINGS

The long, tortured procedural history of this case spans multiple venues.[1]

### A. BANKRUPTCY PROCEEDINGS

On September 26, 2008, Washington Mutual, Inc. ("WMI") and WMI Investment Corp. filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code in the Bankruptcy Court. The cases were jointly administered under *In re Washington Mutual, Inc.* (Case No. 08-12229 (MFW)). On February 23, 2012, the Bankruptcy Court confirmed the *Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated December 12, 2011* [Bankr. D.I. 9759]. A true and correct copy of the Plan is attached as Exhibit A. Pursuant to the Plan, WMI became a newly reorganized company, WMI Holdings, Corp. [Bankr. D.I. 9759, Ex. A, ¶1.192]. Additionally, the Plan created a separate entity, WMI Liquidating Trust ("WMILT"), to liquidate and distribute certain assets formerly held by WMI. [Bankr. D.I. 9759, Ex. A, ¶1.138].

---

[1] For ease of reference, the six dockets relating to this action are referred to as follows: the docket in the above-captioned proceeding is referred to as [D. Del. D .I.]; the docket of the declaratory judgment action that was initially filed by WMILT in the United States District Court for the Western District of Washington ("Washington District Court"), *WMI Liquidating Trust v. FDIC,* Case No. 2:13-cv-01706-RAJ (W.D. Wash.) is referred to as [W.D. Wash. D.I.]; the docket of the Debtors' chapter 11 cases, *In re Washington Mutual, Inc.,* Case No. 08-12229 (MFW) (Bankr. D. Del.) ("Bankruptcy Court") is referred to as [Bankr. D.I.]; the docket for the adversary proceeding, *WMI Liquidating Trust v. FDIC,* Adv. Pro. No. 14-50435-MFW (Bank. D. Del.) ("Adversary Proceeding"), in the Bankruptcy Court is referred to as [Adv. Pro. D.I.]; the docket of the action WMILT commenced on October 29, 2014 in the United States District Court for the District of Columbia ("D.C. District Court") pursuant to the Administrative Procedure Act, *WMI Liquidating Trust v. Fed. Deposit Ins. Corp.,* No. 14-cv- 01816-RBW (D.D.C. 2014) ("First APA Action") is referred to as [D.D.C. First APA D.I.]; and the docket of the action WMILT commenced on May 13, 2015 in the D.C. District Court pursuant to the Administrative Procedure Act, *WM/ Liquidating Trust v. Fed. Deposit Ins. Corp.,* No. 15-cv-731-RBW (D.D.C. 2015) ("Second APA Action") is referred to as [D.D.C. Second APA D.I.].

B.     **WASHINGTON DISTRICT COURT**

On September 20, 2013, WMILT initiated suit in the Washington District Court against the Federal Deposit Insurance Corporation ("FDIC"), the Board of Governors of the Federal Reserve ("FRB") and 92 former bank officers in connection with certain severance and benefit payments sought by certain former bank officers in the Bankruptcy Court. On November 5, 2013, WILMT filed an Amended Complaint ("Complaint") [W.D. Wash. D.I. 23]. After several parties filed answers, on July 3, 2014, the Washington District Court entered an order transferring venue to the Bankruptcy Court [W.D. Wash. D.I. 277].

C.     **ADVERSARY PROCEEDING**

The transfer from the Washington District Court caused the Bankruptcy Court to open an Adversary Proceeding on July 3, 2014. In the Adversary Proceeding, various parties filed and/or joined in motions to dismiss (collectively, the "Motions to Dismiss") in lieu of answers to the Complaint, including the FDIC [Adv. Pro. D.I. 38], FRB [Adv. Pro. D.I. 41, 44 and 76], Melba Ann Bartels, Kenneth E Kido, John H. Murphy, Steven F. Stein, Mitchell Stevens and Anthony F Vuoto [Adv. Pro. D.I. 90 and 108] Robert C. Bjorklund, Kimberly A. Cannon, Daryl D David, Michael Reynoldson and Chandan Sharma [Adv. Pro. D.I. 102]. The Adversary Proceeding was transferred to this Court on April 21, 2015, before the Motions to Dismiss were resolved.

D.     **D.C. DISTRICT COURT**

On October 15, 2014, the FDIC issued a Summary of Investigation, AR 0992-AR-1004 regarding the application of the Federal Deposit Insurance Act, 12 U.S.C. § 1811, *et seq*. ("FDIA") and C.F.R. § 359 to WMILT's settlement agreements with certain former bank officers. On October 29, 2014, WMILT appealed the Summary of Investigation to the D.C. District Court. On June 16, 2015, the D.C. District Court entered an opinion ("First APA

2

Opinion") remanding the action to the FDIC. [D.D.C. First APA D.I. 40]. Of note to these proceedings, the First APA Opinion states that WMILT, "concedes that, in the context of its application, the 'only relevant exception' to the prohibition against golden parachute payments is the permissibility exception under 12 C.F.R. § 359.4(a)(1)." *Id*. Accordingly, whether WMILT was a "covered company" within the meaning of the FDIA was not before the D.C. District Court in the First APA Action.

Similarly, the FDIC denied a second payment application submitted by WMILT. [AR-4006-27]. On May 13, 2015, WMILT filed the Second APA Action to appeal the denial of the second payment application. On April 14, 2016, the D.C. District Court entered an Order ("Second APA Opinion") denying WMILT's motion for summary judgment and granting the FDIC's motion for summary judgment in the Second APA Action. [D.D.C. Second APA D.I. 25]. Of note to these proceedings, the Second APA Opinion states that WMILT, "does not contest the defendant's analyses and conclusions under either 12 C.F.R. 359.4(b)(1) or 12 C.F.R. 359.4(b)(2)." *Id*. Accordingly, like in the First APA Action, whether WMILT was a "covered company" within the meaning of the FDIA was not before the D.C. District Court in the Second APA Action.

E. **DELAWARE DISTRICT COURT**

The Motions to Dismiss filed in the Adversary Proceeding remain pending before this Court. As a result, numerous parties have yet to filed answers to the WMILT Complaint. Nevertheless, on June 28, 2016, before the close of pleadings, WMILT filed *Plaintiff WMI Liquidating Trust's Motion for Judgment on the Pleadings on Count I of Certain Employee Defendants' Counterclaims* [D. Del. D.I. 50] and the corresponding *Memorandum of Law in Support* [D. Del. D .I. 51] ("Motion for Judgment on the Pleadings"). Susan Allison, Robert

Batt, Jeffrey Jones, Michelle McCarthy, Randy Melby, Patricia Schulte, Scott Shaw and Stephen Kenneth Stearns (collectively, the "Employee Claimants") file this Answering Brief in opposition to the Motion.

## SUMMARY OF THE ARGUMENT

1. WMILT's Motion should be denied because genuine issues of material fact remain to be resolved, and WMILT is not entitled to judgment as a matter of law.

2. First, WMILT is not entitled to judgment as a matter of law because its Motion is not ripe for review. Rule 12(c) of the Federal Rules of Civil Procedure ("Civil Rules") requires the pleadings to be closed before a motion for judgment on the pleadings may be brought. Fed. R. Civ. P. 12(c). Pursuant to Civil Rule 7, pleadings include answers. Fed. R. Civ. P. 7(a). As stated above, numerous parties filed Motions to Dismiss in lieu of answers. *See* Adv. Pro. D.I. 38, 41, 44, 76, 90, 102 and 108. As the pleadings in this matter are not closed, WMILT's Motion for Judgment on the Pleadings is not ripe for review. *See e.g.*, *Nulheron v. Phila. Eagles*, 2013 U.S. Dist. LEXIS 7699, *11 (D.N.J. 2013) (finding that a motion for judgment on the pleadings was not ripe for review because the pleadings were not closed and "disposition of the Eagles' Motion will affect the composition of the Plaintiff's complaint in a significant way as to all of the parties.") Similarly, here, disposition of WMILT's Motion for Judgment on the Pleadings will affect the composition of counterclaims that may be asserted by parties who have yet to file answers because they currently have motions to dismiss pending before this court. Accordingly, this Court should deny the Motion for Judgment on the Pleadings because it is premature.

3. Second, the Motion for Judgment on the Pleadings should be denied because, contrary to WMILT's assertions, no Federal District Court has entered a binding ruling that WMILT is a covered company under the FDIA. As stated above, the issue of whether WMILT

is a covered company under the FDIA was never before the D.C. District Court. [D.D.C. First APA D.I. 40; D.D.C. Second APA D.I. 25]. As the D.C. District Court never decided whether WMILT is a covered company under the FDIA, neither the First APA Opinion nor the Second APA Opinion binds this Court under the doctrines of *res judicata* or collateral estoppel. *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981) ("[Under *res judicata*, a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action"); *see also Montana v. United States*, 440 U.S. 147, 153 (1979) ("Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.") Here, *res judicata* does not apply because: 1) the D.C. District Court did not enter a judgment on the merits of whether WMILT was a covered company; and 2) the Employee Claimants were not a party to the First or Second APA Action. Similarly, collateral estoppel does not apply because a court of competent jurisdiction did not enter any determination regarding WMILT's status as a covered company. Despite WMILT's mischaracterizations of the First and Second APA Opinions, neither decision by the D.C. District Court entitles WMILT to judgment as a matter of law with regard to the Employee Claimants' counterclaims.

      4.      Third, WMILT is not a covered company under the FDIA. The FDIA, allows the FDIC to limit or prohibit the payment of golden parachutes by troubled insured depository institutions and covered companies. Pursuant to section 1828(k)(5)(D) of the FDIA, a "covered company" is "any depository institution holding company (including any company required to file a report under section 4(f)(6) of the Bank Holding Company Act of 1956 [12 USCS § 1843(f)(6)]), or any other company that controls an insured depository institution." 12 U.S.C. §

5

1828(k)(5)(D). WMILT is a liquidating trust, not a depository institution holding company or a company that controls an insured depository institution. Pursuant to the Plan approved by the Bankruptcy Court, WMILT is separate and distinct from WMI Holdings, Corp., the reorganized Debtor and true successor-in-interest to WMI. [*compare* Bankr. D.I. 9759, Ex. A, ¶1.192 with ¶1.138]. Furthermore, even if WMILT was the true successor-in-interest to WMI, which it is not, the express language of the FDIA does not include trusts or successors-in-interests within the meaning of a covered company. 12 U.S.C. § 1828(k)(5)(D). Accordingly, the FDIC should not have jurisdiction over WMILT under the FDIA. Accordingly, if judgment is entered on the pleadings, it should be entered in favor of the Employee Claimants, not WMILT.

## STATEMENT OF THE FACTS

As stated above, on September 26, 2008, WMI filed for Bankruptcy. On March 19, 2012, the Plan became effective. [Bankr. D.I. 9933]. Pursuant to the Plan, WMI became a newly reorganized company, WMI Holdings, Corp. [Bankr. D.I. 9759, Ex. A, ¶1.192]. Additionally, the Plan created a separate entity, WMILT, to handle the liquidation and distribution of certain assets formerly held by WMI. [Bankr. D.I. 9759, Ex. A, ¶1.138]. WMILT is a trust, separate and distinct from WMI Holdings, Corp, the Reorganized Debtor. Contrary to the assertions of WMILT, WMI Holdings, Corp., not WMILT, is the true successor in interest to WMI under the Plan.

Furthermore, numerous Motions to Dismiss were filed in lieu of answers in the Adversary Proceeding. Those Motions to Dismiss remain pending before this Court. The pleading are not closed until all the parties file an answer.

# ARGUMENT

A. **WMILT'S MOTION IS PREMATURE**

Rule 12(c) of the Federal Rules of Civil Procedure ("Civil Rules") states that a motion for judgment on the pleadings may be brought "after the pleadings are closed." Fed. R. Civ. P. 12(c). Civil Rule 7 defines pleadings to include complaints and answers. Fed. R. Civ. P. 7(a). A motion for judgment on the pleadings is premature, and therefore untimely, when parties have yet to answer a complaint. *See Victaulic Co. v. Tierman*, 499 F.3d 227, 234 at n.4 (3d Cir. 2007) ("We cannot construe Tyco and Tieman's motion as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) because the pleadings are not closed").

Here, the Motions to Dismiss remain pending before this Court. Consequentially, certain parties have failed to file answers to WMILT's Complaint. Accordingly, the pleadings are not closed, and WMILT's Motion for Judgment on the Pleadings is untimely. *See, e.g.*, *Mull v. Colt Co.*, 31 F.R.D. 154, 156 at n. 1 (S.D.N.Y. 1962) ("From the plain language of Rule 12(c), it is apparent that the motion for judgment on the pleadings is available when the pleadings are closed. Since the moving defendants have not served their answers to the amended complaint the Rule 12(c) motion is inappropriate.")

B. **NO FEDERAL DISTRICT COURT ENTERED A BINDING ORDER THAT WMILT IS A COVERED COMPANY, AS THAT TERM IS DEFINED IN THE FDIA.**

Neither the doctrine of *res judicata* nor the doctrine of collateral estoppel prohibit this Court from finding that Employee Claimants are entitled to settlement payments.

1. **The Doctrine of *Res Judicata* is Inapplicable.**

The doctrine of *res judicata* only precludes the parties or their privies from relitigating issues that were or could have been raised in an action when there is a final judgment on the

7

merits. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948); *Cromwell v. County of Sac*, 94 U.S. 351, 352-353 (1877).

The Supreme Court squarely addressed the concept of non-party claim and issue preclusion in *Taylor v. Sturgell*, 553 U.S. 880 (2008). The *Taylor* court began by stating the general rule that a "person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit…[and]…[t]he application of claim and issue preclusion to nonparties thus runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'" *Id*. at 892-893 *quoting Richards v. Jefferson County*, 517 U.S. 793, 798 (1996). The *Taylor* court explained: "though hardly in doubt, the rule against nonparty preclusion is subject to exceptions… [and] …[f]or present purposes, the recognized exceptions can be grouped into six categories." *Id*. at 893. A court may apply nonparty preclusion if: (1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between the person to be bound and a party to the judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the nonparty assumed control over the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed litigation by non-litigants. *Id*.

Applying *Taylor* to the instant case, it is clear that the doctrine of *res judicata* does not apply. Here, the Employee Claimants were neither a party to the FDIC proceedings nor in privity with WMILT. Specifically, (1) the Employee Claimants did not agree to be bound by the FDIC litigation; (2) a substantive legal relationship, such as bailor/bailee, assignor/assignee, buyer/seller, does not exist between the Employee Claimants and WMILT; (3) the Employee Claimants were not adequately represented by WMILT, as WMILT failed to challenge key

8

components of the Employee Claimants' arguments. Among other things, WILMT never challenged whether it was a "covered company" for purposes of the FDIA in the D.C. District Court [*See* D.D.C. First APA D.I. 40; and D.D.C. Second APA D.I. 25]; (4) the Employee Claimants never assumed control over the litigation in which the judgment was issued; (5) the Employee Claimants are not attempting to relitigate issues through a proxy; and (6) a statutory scheme does not foreclosed litigation by the Employee Claimants.

Furthermore, neither the First APA Opinion nor the Second APA Opinion constitute a final adjudication on the merits of whether WMILT is a "covered company" for purposes of the FDIA. Specifically, neither the First APA Opinion nor the Second APA Opinion expressly addressed, let alone decided the merits of the whether WMILT is a "covered company" for purposes of the FDIA. The First APA Opinion states that WMILT, "concedes that, in the context of its application, the 'only relevant exception' to the prohibition against golden parachute payments is the permissibility exception under 12 C.F.R. § 359.4(a)(1)." [D.D.C. First APA D.I. 40]. The Second APA Opinion states, that WMILT "does not contest the defendant's analyses and conclusions under either 12 C.F.R. 359.4(b)(1) or 12 C.F.R. 359.4(b)(2)." [D.D.C. Second APA D.I. 25]. As the D.C. District Court never discussed the merits of whether WMILT is a "covered company" for purposes of the FDIA, neither the First APA Action nor the Second APA Action should preclude the Employee Claimants from litigating this essential issue.

### 2. The Doctrine of Collateral Estoppel is Inapplicable.

Similarly, the doctrine of collateral estoppel does not prevent the Employee Claimants from asserting their counterclaims. Under the doctrine of collateral estoppel, once any court has decided an issue of fact or law, that decision may preclude relitigation of the same issue in a suit on a different cause of action involving a party to the first case. *Montana v. United States*, 440

U.S. 147, 153 (1979). WMILT's Motion for Judgment on the Pleadings mischaracterizes the First APA Opinion and the Second APA Opinion. As discussed above, D.C. District Court never explicitly found that WMILT is a covered company. In fact, WMILT's status as a covered company was not even raised before the D.C. District Court. *See* D.D.C. First APA D.I. 40 and D.D.C. Second APA D.I. 25. As the D.C. Court did not decide whether WMILT was a covered company, the doctrine of collateral estoppel should not apply.

Furthermore, regardless of what the D.C. Court found, collateral estoppel cannot apply if the foreign judgment was not rendered upon adequate jurisdiction. *Bata v. Hill*, 139 A.2d 159, 165 (Del. Ch. 1958), *modified sub nom.*, *Bata v. Bata*, 163 A.2d 493 (Del. 1960), *cert. denied*, 366 U.S. 964 (1961). The counterclaims challenged by WMILT request a declaratory judgment that the FDIC lacks jurisdiction over WMILT. As discussed in further detail below, the FDIC lacked jurisdiction over WMILT because WMILT is not a covered company within the meaning of the FDIA. Therefore, the FDIC decisions underlying the First and Second APA Actions cannot be viewed as a valid judgment and the doctrine of collateral estoppel is inapplicable.

C. **WMILT IS NOT A COVERED COMPANY UNDER THE FDIA.**

The FDIA, allows the FDIC to limit or prohibit the payment of golden parachutes by troubled insured depository institutions and covered companies. Pursuant to section 1828(k)(5)(D) of the FDIA, a "covered company" is "any depository institution holding company (including any company required to file a report under section 4(f)(6) of the Bank Holding Company Act of 1956 [12 USCS § 1843(f)(6)]), or any other company that controls an insured depository institution." 12 U.S.C. § 1828(k)(5)(D).

WMILT is a liquidating trust, not a depository institution holding company or a company that controls an insured depository institution. Pursuant to the Plan approved by the Bankruptcy

10

Court, WMILT is separate and distinct from WMI Holdings, Corp., the reorganized Debtor and true successor-in-interest to WMI. [*compare* Bankr. D.I. 9759, Ex. A, ¶1.192 with ¶1.138]. Furthermore, even if WMILT was the true successor-in-interest to WMI, which it is not, the express language of the FDIA does not include trusts or successors-in-interests within the meaning of a covered company. 12 U.S.C. § 1828(k)(5)(D). Accordingly, the FDIC should not have jurisdiction over WMILT under the FDIA.

## CONCLUSION

WMILT's Motion should be denied because genuine issues of material fact remain to be resolved, and WMILT is not entitled to judgment as a matter of law. First, WMILT's Motion is premature, as the pleadings in this matter have yet to close. Second, even if WMILT's Motion is timely, which it is not, no Federal District Court has entered a binding ruling that WMILT is a covered company under the FDIA. Third, WMILT is not a covered company under the FDIA.

WHEREFORE, Defendants Susan Allison, Robert Batt, Jeffrey Jones, Michelle McCarthy, Randy Melby, Patricia Schulte, Scott Shaw & Stephen Kenneth Stearns respectfully request that this Honorable Court dismiss WMILT's Motion for Judgment on the Pleadings with regard to any and all counterclaims they asserted against WMILT, and grant such other and further relief as this Honorable Court deems just and proper.

|  | **GELLERT SCALI BUSENKELL & BROWN, LLC** |
|---|---|
| Date: July 12, 2016 | */s/ Michael Busenkell* |
|  | Michael Busenkell (No. 3933) |
|  | 1201 N. Orange Street, Suite 300 |
|  | Wilmington, DE 19801 |
|  | Telephone: (302) 425-5800 |
|  | Facsimile: (302) 425-5814 |
|  | Email: mbusenkell@gsbblaw.com |

*Counsel to Susan Allison, Robert Batt, Jeffrey Jones, Michelle McCarthy, Randy Melby, Patricia Schulte, Scott Shaw & Stephen Kenneth Stearns*