IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: )<br>)<br>WAHINGTON MUTUAL INC., *et al.* )<br>)<br>Debtors. )<br>_____ ) | Chapter 11 |
| WMI LIQUADATING TRUST, )<br>) | Bankruptcy Case No. 08-12229-MFW |
| Plaintiff, ) | Adv. Pro. No. 14-50435-MFW |
| v. ) | Jointly Administered |
| FEDERAL DEPOSTI INSURANCE )<br>CORPORATION, in its corporate )<br>capacity, et al., )<br>)<br>Defendants. )<br>_____ ) | C.A. No. 14-1097-GMS |

## ORDER

WHEREAS, on September 26, 2008, the Plaintiff WMI Liquidating Trust ("WMILT"), as successor in interest to Washington Mutual, Inc., a former savings and loan holding company that owned WMI Investment Corp. (together with WMI, the "Debtors") filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code, as amended, in the United States Bankruptcy Court for the District of Delaware, C.A. No. 08-12229-MFW (the "Bankruptcy Court");

WHEREAS, on August 23, 2013, the Bankruptcy Court ordered WMILT to commence this action to obtain certain declaratory relief against the Federal Deposit Insurance Corporation, in its corporate capacity (the "FDIC"), the Board of Governors of the Federal Reserve System (the "FRB"), and the ninety Claimants (each an "Individual Defendant") regarding the applicability of

the Golden Parachute Regulations and the Automatic Termination Regulations to the Employee Claims. (C.A. No. 08-12229-MFW, D.I. 11348) (the "Bankruptcy Court Order")[1];

WHEREAS, on September 20, 2013, WMILT filed this action in the United States District Court for the Western District of Washington, and on November 5, 2013, WMILT filed an amended complaint (the "Amended Complaint"). (D.I. 1-2);

WHEREAS, on July 3, 2014, the action was transferred to the Bankruptcy Court and on March 19, 2015, pursuant to a stipulated agreement by and among WMILT, the FDIC, FRB and forty Individual Defendants, the reference to the Bankruptcy Court with respect to this action was withdrawn to this court. (D.I. 2);

WHEREAS, presently before the court are the Individual Defendants' motions to dismiss. (C.A. 14-50435-MFW, D.I. 90, 102);[2]

WHEREAS, the court has considered the parties' briefing, the parties' statements regarding supplemental authority, and the applicable law;

IT IS HEREBY ORDERED THAT:

---

[1] The Bankruptcy Court Order provides, in relevant part: "WMILT shall . . . file a declaratory judgment action (naming the FDIC, FRB, and all claimants) seeking a determination whether WMILT is precluded by 12 U.S.C. § 1828(k), 12 C.F.R. § 163.39, 12 C.F.R. § 359 or any other similar provision from paying any of the claimants if their claims are allowed by this Court, whether after trial or approval of a settlement." (C.A. No. 08-12229-MFW, D.I. 11348 at 2.)

[2] Robert Bjorklund, Kimberly Cannon, Daryl David, Michael Reynoldson, and Chandan Sharma (collectively the "Bjorklund Defendants") move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or to strike Counts XII through XIX pursuant to Federal Rule of Civil Procedure 12(f). (C.A. 14-50435-MFW, D.I. 103.) The Bjorklund Defendants claim that the Amended Complaint must be dismissed because the Bankruptcy Court retains exclusive jurisdiction to adjudicate claims litigation. (Id. at 3.) The Bjorklund Defendants also claim that WMILT is collaterally estopped from bringing the claims in the Amended Complaint, which have already been adjudicated by the Bankruptcy Court. (Id.) They further assert that the Amended Complaint exceeds the scope of the Bankruptcy Court Order and, therefore, must be dismissed. (Id. at 3–4.) The Bjorklund Defendants contend that the Bankruptcy Court Order specifically denied the additional defenses WMILT sought to assert in its Motion to Amend. (Id. at 4.) Alternatively, the Bjorklund Defendants argue that Counts XII through XIX of the Amended Complaint should be stricken for violating the Bankruptcy Court Order. (Id. at 11–12).

Melba Ann Bartels ("Bartels"), Kenneth E. Kido ("Kido"), Steven F. Stein ("Stein"), Mitchell Stevens ("Stevens"), John Murphy ("Murphy"), and Anthony Vuoto ("Vuoto") (collectively the "Bartels Defendants") also move to dismiss for failure to state a claim, arguing that the Amended Complaint exceeds the scope of the Bankruptcy Court Order by asserting the banking regulations as a substantive defense when the Bankruptcy Court retains exclusive jurisdiction to resolve issues regarding the proofs of claim. (C.A. 14-50435-MFW, D.I. 91 at 4). These Individual Defendants also join the Bjorklund Defendants' motion. (C.A. 14-50435-MFW, D.I. 103.)

Counts XVII through XIX of the Amended Complaint are hereby stricken for violating the Bankruptcy Court Order.[3]

The motions to dismiss the remaining claims (D.I. 90, 102) are DENIED.[4]

The informal stay has been lifted.

Dated: August 24, 2016

UNITED STATES DISTRICT JUDGE

---

[3] A motion to strike may be used to strike improper matters contained in a pleading. Fed. Rule Civ. P. 12(f). Federal Rule of Civil Procedure 12(f) permits striking "immaterial" or "impertinent" material. *Id.* Counts XVII through XIX of the Amended Complaint seek declaratory judgment that certain of the individual claims are barred by the doctrines of res judicata and collateral estoppel. (D.I. 1-2 at A101–A105.) These claims surpass the limited jurisdiction of this court in this litigation and will be struck as improper.

[4] As to the defendants' arguments pursuant to Federal Rule of Civil Procedure 12(b)(6), the court declines to dismiss WMILT's Amended Complaint to the extent that it is complies with the Bankruptcy Court's order. The Bankruptcy Court Order explicitly requests a determination as to whether C.F.R. § 163.39 precludes WMILT's payments. The court agrees with WMILT that Counts XII through XVI (D.I. 1-2 at A95–A100) of the Amended Complaint "are entirely consistent with, and required by, the Bankruptcy Court Order." (C.A. 14-50435-MFW, D.I. 119 at 13.)