IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>WASHINGTON MUTUAL INC., *et al.*<br><br>Debtors.<br><br>WMI LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, *et al.*,<br><br>Defendants. | Civil Action No.  14-1097-GMS |

## **AMENDED ORDER**

WHEREAS, on September 26, 2008, the Plaintiff WMI Liquidating Trust ("WMILT"), as successor in interest to Washington Mutual, Inc., a former savings and loan holding company that owned WMI Investment Corp. (together with WMI, the "Debtors") filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code, as amended, in the United States Bankruptcy Court for the District of Delaware, C.A. No. 08-12229-MFW (the "Bankruptcy Court");

WHEREAS, on August 23, 2013, the Bankruptcy Court ordered WMILT to commence this action to obtain certain declaratory relief against the Federal Deposit Insurance Corporation, in its corporate capacity (the "FDIC"), the Board of Governors of the Federal Reserve System (the "FRB"), and the ninety Claimants (each an "Individual Defendant") regarding the applicability of

the Golden Parachute Regulations and the Automatic Termination Regulations to the Employee Claims. (C.A. No. 08-12229-MFW, D.I. 11348) (the "Bankruptcy Court Order")[1];

WHEREAS, on September 20, 2013, WMILT filed this action in the United States District Court for the Western District of Washington, and on November 5, 2013, WMILT filed an amended complaint (the "Amended Complaint"). (D.I. 1-2);

WHEREAS, on July 3, 2014, the action was transferred to the Bankruptcy Court and on March 19, 2015, pursuant to a stipulated agreement by and among WMILT, the FDIC, FRB and forty Individual Defendants, the reference to the Bankruptcy Court with respect to this action was withdrawn to this court. (D.I. 2);

WHEREAS, presently before the court are the FDIC and FRB's motions to dismiss. (C.A. 14-50435-MFW, D.I. 38, 41)[2];

WHEREAS the court has considered the parties' briefing, as well as the applicable law;

IT IS HEREBY ORDERED THAT:

---

[1] The Bankruptcy Court Order provides, in relevant part: "WMILT shall . . . file a declaratory judgment action (naming the FDIC, FRB, and all claimants) seeking a determination whether WMILT is precluded by 12 U.S.C. § 1828(k), 12 C.F.R. § 163.39, 12 C.F.R. § 359 or any other similar provision from paying any of the claimants if their claims are allowed by this Court, whether after trial or approval of a settlement." (C.A. No. 08-12229-MFW, D.I. 11348 at 2.)

[2] The Federal Deposit Insurance Corporation moves to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (C.A. 14-50435-MFW, D.I. 39.) The FDIC claims that Section 1828(k) does not provide a private right of action, and therefore the golden parachute counts in the Amended Complaint should be dismissed because WMILT has sought judicial review outside of the Administrative Procedure Act ("APA"). (Id. at 10.) The FDIC also claims that the court lacks subject matter jurisdiction to adjudicate the Amended Complaint under the APA, because WMILT is seeking judicial review of ongoing regulatory action through a freestanding demand for declaratory relief that improperly ignores the requirements of the APA. (Id. at 10-12.) The FDIC asserts that the Declaratory Action is not ripe for judicial review and should be dismissed for lack of subject matter jurisdiction. (Id at 14.) The FDIC further asserts that the Amended Complaint fails to state a claim upon which relief may be granted with respect to the Automatic Termination Regulations ("ATR"), thus Counts XII-XIX of the Declaratory Action should be dismissed under Rule 12(b)(6). (D.I. 39 at 19.)

The FRB also moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing WMILT has failed to establish a waiver of sovereign immunity. (C.A. 14-50435-MFW, D.I. 42.) The FRB also asserts that the Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), because WMILT has failed to state a claim. (Id. at 10.) The FRB claims WMILT has alleged no controversy between the FRB and any other party with respect to the Golden Parachute and Automatic Termination Regulation claims. (Id. at 10-14.)

FDIC's Motion to Dismiss (D.I. 38) the Amended Complaint is GRANTED.[3]

FRB's Motion to Dismiss (D.I. 41) the Amended Complaint is GRANTED.[4]

---

[3] The Declaratory Judgment Act gives federal courts broad discretion to "declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201(a), but "it is not an independent source of federal subject matter jurisdiction." *Seized Prop. Recovery, Corp. v. U.S. Customs & Border Prot.*, 502 F. Supp. 2d 50, 64 (D.D.C. 2007) (quoting *GNB Batter Technologies, Inc. v. Gould, Inc.*, 65 G. 3d 615, 619 (7th Cir. 1995)). Declaratory Judgment Act remedies "are available only if a judicially remediable right already exists." *Gallucci v. Chao*, 374 F.Supp.2d 121, 128 (D.D.C.2005) (citing *C & E Services, Inc. of Washington v. District of Columbia Water and Sewer Auth.*, 310 F.3d 197, 201 (D.C.Cir.2002)); *see Kabbaj v. Google, Inc.*, No. CV 13-1522-RGA, 2014 WL 1369864, at *4 (D. Del. Apr. 7, 2014). Accordingly, declaratory relief is not appropriate unless an independent basis for jurisdiction exists. *Washington v. Donley*, 802 F. Supp. 2d 539, 554 (D. Del. 2011) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1959).

Because Section 1828(k) of the FDI Act provides no private right of action, the court agrees that WMILT cannot assert valid declaratory claims. WMILT contends, pursuant to 28 U.S.C. § 1331, that the court may exercise subject matter jurisdiction and grant declaratory relief because it seeks a declaration based on the interpretation of federal regulations. (D.I. 104 at 11.) However, permitting judicial review outside of the APA would be inconsistent with *City of Arlington*, 133 S.Ct. 1863 (2013), where the United States Supreme Court extended *Chevron* deference to an agency's interpretation of its own jurisdiction. The court is not persuaded by WMILT's argument that it is not seeking to *enforce* Section 1828(k), but instead seeking a declaratory judgment as to *whether* the provision is applicable to WMILT. (D.I. 104 at 9.) WMILT has not plead an APA claim in this action. Thus, the court concludes that WMILT has failed to state a cognizable cause of action seeking relief under the Declaratory Judgment Act, and the golden parachute claims (Counts I-XI) will be dismissed.

With respect to the Automatic Termination Regulations, the FDIC contends that the Amended Complaint provides no discernible legal ground for suit against the FDIC, because FDIC cannot and has not taken any action reviewable by this court concerning the ATR. (D.I. 39 at 19-20.) In response, WMILT asserts that a declaration of the parties' rights under the Automatic Termination Regulations would be consistent with the Bankruptcy Order. (D.I. 104 at 19.) Counts XVII-XIX were previously stricken by this court as inconsistent with the Bankruptcy Order. (D.I. 68.) The court finds that the ATR claims (Counts XII-XVI) should be dismissed as to the FDIC because they fail to state claim as required by Rule 12(b)(6).

[4] Under the plain language of the APA, to waive sovereign immunity a plaintiff must allege that "an agency or an officer or employee thereof acted or failed to act." 5 U.S.C. § 702. Third Circuit precedent, and other federal courts, requires agency action or inaction to invoke the Section 702 waiver of sovereign immunity. *See, e.g., Jaffee*, 592 F.2d 712, 719 (3d Cir. 1979); *N. Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 (9th Cir. 1985) ("[W]e have been able to identify from the record in this case no claim of an official action or failure to act within the meaning of 5 U.S.C. § 702. In the absence of such a claim, § 702 does not waive immunity."); *Geronimo v. Obama*, 725 F. Supp. 2d 182, 186 (D.D.C. 2010) (finding plaintiffs' complaint deficient because "[i]t cites no agency action, inaction or involvement at all").

In this action, WMILT asserts that the threat of government action in the form of civil penalties is "sufficient to satisfy the requirement that it acted or failed to act in an official capacity for purposes of § 702." (D.I. 106 at 6) (citing *Seivgny v. U.S.*, Case No. 13-cv-401-PB, 2014 WL 3573566 at *8 (D.N.H. July 21, 2014). WMILT also contends that the waiver of sovereign immunity in Section 702 applies regardless of whether the case seeks review of agency action or final agency action. (D.I. 106 at 7.)

Both arguments are unavailing because WMILT has not made any allegation that the FRB acted or failed to act. Unlike *Jaffe* where the court found that the plaintiff alleged a failure to act by the defendants, and thus established a waiver of sovereign immunity, WMILT has not alleged or identified a specific failure to act by the FRB concerning a matter within its authority. The FRB maintains no control over the relief that WMILT seeks; the jurisdiction of the FDIC and regulations promulgated by the FDIC are the subject of this declaratory action. Although the court may recognize that the waiver of sovereign immunity in Section 702 applies to non-APA cases; this does not obviate the requirement that a plaintiff demonstrate an official governmental act or failure to act. Accordingly, the court concludes that WMILT has failed to establish a waiver of sovereign immunity. As a result, the court concludes that it lacks subject matter jurisdiction over the claims against the FRB. Thus, WMILT's complaint will be dismissed as to the FRB.

Dated: October 19, 2016

_____
UNITED STATES DISTRICT JUDGE

---

Given the dismissal for lack of subject matter jurisdiction, the court will not address FRB's alternative arguments under Rule 12(b)(6).