UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| WMI LIQUIDATING TRUST,<br><br>           Plaintiff,<br><br>      v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, in its corporate capacity, et al.<br><br>           Defendants. | Civil Action No. 14-cv-1097 (GMS) |

**MEMORANDUM OF LAW IN SUPPORT OF CROSS-CLAIM DEFENDANT
FEDERAL DEPOSIT INSURANCE CORPORATION'S
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

BARBARA KATRON
Senior Counsel

ERIK BOND
Counsel

The Federal Deposit Insurance Corporation
Corporate Litigation Unit
3501 N. Fairfax Drive, D-7026
Arlington, VA 22226
Telephone: (703) 562-6461

*Attorneys for Defendant
Federal Deposit Insurance Corporation*

Dated:  December 5, 2016

# TABLE OF CONTENTS

Page

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ................................. 2

STATEMENT OF FACTS ................................................................................................................ 2

    Regulatory Background ............................................................................................................. 2

    The WMI Bankruptcy Proceeding and the Employee Claims ................................................ 3

    The Declaratory Judgment Action ............................................................................................ 4

    The FDIC's Determinations and the APA Review of Those Determinations ....................... 6

SUMMARY OF ARGUMENT ......................................................................................................... 7

ARGUMENT ...................................................................................................................................... 8

I.    THE CROSS-CLAIMANTS HAVE NOT PLED COGNIZABLE CAUSES OF ACTION AND THE CROSS-CLAIMS OTHERWISE SERVE NO USEFUL PURPOSE. ............................................................................................................................. 9

    A.    Neither Section 1828(k) nor the Declaratory Judgment Act Provide the Cross-Claimants with a Private Right of Action to Support the Covered Company Cross-Claims. ................................................................................................ 9

    B.    No Useful Purpose Would be Served Allowing the Golden Parachute Cross-Claims to Go Forward. ................................................................................... 11

II.    THE ATR-BASED CROSS-CLAIMS SHOULD BE DISMISSED. ................................. 13

CONCLUSION ................................................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexander v. Sandoval*, 532 U.S. 275 (2001)..................................................................................9

*Allah v. Hayman*, 442 F. App'x 632 (3d Cir. 2011) ........................................................................9

*Am. Trucking Ass'n, Inc. v. Del. River Joint Toll Bridge Comm'n*, 458 F.3d 291
(3d Cir. 2006)..........................................................................................................................9

*Caterpillar Tractor Co. v. Int'l Harvester Co.*, 120 F.2d 82 (3d Cir. 1941) ................................12

*City of Arlington v. FCC*, 569 U.S. ___, 133 S. Ct. 1863 (2013) ...................................................5

*Delpro Co. v. Nat'l Mediation Bd.*, 509 F. Supp. 468 (D. Del. 1981)..........................................12

*Gallucci v. Chao*, 374 F. Supp. 2d 121 (D.D.C. 2005)...................................................................5

*Harrison v. Ocean Bank*, 614 F. App'x 429 (11th Cir. 2015) .....................................................10

*Hindes v. FDIC*, 137 F.3d 148 (3d Cir. 1998) .............................................................................10

*Kabbaj v. Google, Inc.*, No. CV 13-1522-RGA, 2014 WL 1369864 (D. Del. Apr.
7, 2014) .................................................................................................................................10

*Knyal v. Office of Comptroller of Currency*, No. C 02-2851 PJH, 2003 WL
26465939 (N.D. Cal. Nov. 25, 2003)....................................................................................10

*Leamer v. Fauver*, 288 F.3d 532 (3d Cir. 2002) ............................................................................9

*Marshall v. Lauriault*, 372 F.3d 175 (3d Cir. 2004)....................................................................12

*Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251 (3d Cir. 2004)..................................................9

*Rohr v. Reliance Bank*, 826 F.3d 1046 (8th Cir. 2016) ...............................................................10

*Romines v. Great-West Life Assur. Co.*, 73 F.3d 1457 (8th Cir. 1996) .......................................14

*Stamicarbon, N.V. v. Chem. Const. Corp.*, 355 F. Supp. 228 (D. Del 1973)...............................12

*Williams v. Nat'l Sch. of Health Tech., Inc.*, 836 F. Supp. 273 (E.D. Pa. 1993) .........................10

*Williams v. Ocean Transp. Lines, Inc.*, 425 F.2d 1183 (3d Cir. 1970)........................................12

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ..........................................................................12

# TABLE OF AUTHORITIES
(Continued)

**Page(s)**

*Wisniewski v. Rodale, Inc.*, 510 F.3d 294 (3d Cir. 2007) ................................................................9

**Statutes and Rules**

12 U.S.C. § 1828(k) ............................................................................................................. *passim*

28 U.S.C. § 1738 .................................................................................................................... 12

Fed. R. Civ. P. 12 ................................................................................................................. *passim*

**Regulations**

12 C.F.R. § 359 .................................................................................................................... *passim*

12 C.F.R. § 163.39 ................................................................................................................ 4, 14

12 C.F.R. § 303.244 .................................................................................................................. 3

12 C.F.R. § 563.39 ............................................................................................................... 13, 14

The Federal Deposit Insurance Corporation in its corporate capacity (the "FDIC") moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure dismissing all of the cross-claims (the "Cross-Claims")[1] filed against it by various defendants (the "Cross-Claimants") to the action in this Court (the "Declaratory Judgment Action").[2] If granted, the FDIC's motion would dispose of all of the remaining claims pending against the FDIC in this litigation.

---

1. As described in the Statement of Facts section below, the present lawsuit has been before three courts at various points; the Cross-Claims are therefore spread out over three courts' dockets. Answers containing Cross-Claims were filed in Civil Case No. 13-01706-RAJ in the United States District Court for the Western District of Washington at the following docket index numbers: D.I. 146 (Craig E. Tall), D.I. 171 (Susan Allison), D.I. 172 (Jeffrey Jones), D.I. 173 (Todd H. Baker, Sean Becketti, Anthony Joseph Bozzuti, Alfred Brooks, Thomas W. Casey, Gregory C. Camas, Deborah D. Horvath, Rajiv Kapoor, Marc Malone, John P. McMurray, Thomas E. Morgan, Stephen J. Rotella, David Schneider, Genevieve Smith, Radha Thompson, Ann Tierney, and Robert J. Williams, Jr.), D.I. 174 (Robert Batt), D.I. 175 (Patricia Schulte), D.I. 176 (Scott Shaw), D.I. 177 (Steven Kenneth Stearns), D.I. 178 (Randy Melby), and D.I. 179 (Michelle McCarthy). Answers containing Cross-Claims were filed in Adversary Proceeding No. 14-50435-MFW in the United States Bankruptcy Court for the District of Delaware at the following docket index numbers: D.I. 36 (Jacob E. Sorenson) and D.I. 37 (Keith O. Fukui). Answers containing Cross-Claims were filed in the above-captioned case in this Court at the following docket index numbers: D.I. 70 (Robert Bjorklund, Kimberly Cannon, Daryl David, Michael Reynoldson, and Chandan Sharma); D.I. 71 (Melba Ann Bartels, Kenneth E. Kido, Steven F. Stein, Mitchell Stevens, and Anthony F. Vuoto), and D.I. 72 (John H. Murphy). Several duplicative answers which contained cross-claims were filed in this Court and subsequently withdrawn, and thus are not listed in this footnote. (Stipulation, Oct. 11, 2016, D.I. 87.)

2. Attached for illustrative purposes as Exhibit A is a chart that classifies the types of Cross-Claims asserted by each Cross-Claimant or group of Cross-Claimants; the Cross-Claims are described and defined on pages five to six of this Memorandum of Law. Although there are more than a dozen answers containing Cross-Claims, most of the Cross-Claims are virtually identical, and the others are substantially similar. This Memorandum of Law will cite to the Cross-Claims on pages thirty-two through forty-three of the recent answer filed by Defendant John H. Murphy (the "Murphy Cross-Claims") as a representative example that includes all of the types of Cross-Claims discussed herein. (Answer and Affirmative Defenses to Plaintiff WMI Liquidating Trust's Amended Complaint and Counterclaims and Cross-Claims, Sept. 7, 2016, D.I. 72.) As shown in Exhibit A, however, certain of the answers do not contain all five of the Cross-Claims asserted by Mr. Murphy.

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

On October 12, 2016, this Court dismissed the WMI Liquidating Trust's ("WMILT") declaratory judgment claims with respect to the FDIC relating to the golden parachute statute and implementing regulations because, among other things, WMILT did not bring those claims under the Administrative Procedure Act (the "APA") and therefore had not pled cognizable causes of action. In that order, the Court granted the FDIC's motion and dismissed the Amended Complaint.

In this motion, the FDIC seeks judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, dismissing the Cross-Claims asserted against the agency. As shown below, the rationale that supported this Court's dismissal of the Amended Complaint applies equally to the Cross-Claims that seek a declaration that WMILT is outside of the scope of the FDIC's statutory jurisdiction. Each of those pending Cross-Claims is essentially a mirror image of claims pled by WMILT in the Amended Complaint and dismissed by this Court. The other golden parachute-related Cross-Claims seek a declaration that the FDIC is somehow precluded – either by settlement or by a plan or confirmation order – from carrying out its statutory mandate and making administrative determinations concerning the payments at issue. These claims should also be dismissed because a federal court of valid jurisdiction has already found under the APA that the FDIC properly exercised its statutory authority in barring the prohibited golden parachute payments sought by the Cross-Claimants.

## STATEMENT OF FACTS

**Regulatory Background**

In 1990, Congress amended the Federal Deposit Insurance Act (the "FDI Act") to include a provision related to golden parachute payments. *See* 12 U.S.C. § 1828(k). Section 1828(k) defines such payments to include payments contingent on the termination of employment and

made while a bank is in a troubled financial condition. *See* 12 U.S.C. § 1828(k)(4). In 1996, the FDIC issued regulations implementing Section 1828(k) ("Part 359" or the "Golden Parachute Regulations"). *See* 12 C.F.R. pt. 359; 12 C.F.R. § 303.244. In Section 1828(k), Congress granted the FDIC the authority to "prohibit or limit, by regulation or order, *any* golden parachute payment." 12 U.S.C. § 1828(k)(1) (emphasis added).

**The WMI Bankruptcy Proceeding and the Employee Claims**

On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual Bank ("WMB") and appointed the FDIC as receiver.[3] The following day, Washington Mutual, Inc. ("WMI") filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.[4] Certain former employees (the "Claimants") filed claims in the bankruptcy proceeding seeking recovery from the WMI estate (the "Employee Claims") based upon certain alleged obligations (the "Employment Contracts/Plans").[5] The debtors in the bankruptcy proceeding filed objections to the Employee Claims in June 2009.[6]

Pursuant to a confirmed Seventh Amended Plan of Reorganization (the "Plan"), WMILT took over the administration of the WMI bankruptcy estate on March 6, 2012.[7] On February 19, 2013, WMILT sought to add two additional objections against the Employee Claims: (1) that the Employment Contracts/Plans provide for golden parachute payments prohibited by federal

---

3. *See* Murphy Cross-Claims ¶ 3; *see also* Amended Complaint ("Am. Compl.") ¶¶ 111-12, *WMI Liquidating Trust v. FDIC*, No. 13-01706-RAJ (W.D. Wash. Nov. 5, 2013) (D.I. 23).
4. *See* Murphy Cross-Claims ¶ 4; *see also* Am. Compl. ¶ 114.
5. *See* Murphy Cross-Claims ¶ 20; *see also* Am. Compl. ¶ 149.
6. *See* Murphy Cross-Claims ¶ 20; *see also* Am. Compl. ¶ 149.
7. *See* Murphy Cross-Claims ¶ 16.

banking law; and (2) that many of the Employment Contracts/Plans at issue are unenforceable under the Automatic Termination Regulation ("ATR"), issued by the Office of the Comptroller of the Currency, 12 C.F.R. § 163.39.[8] The Bankruptcy Court denied WMILT's request to amend.

**The Declaratory Judgment Action**

The present Declaratory Judgment Action was commenced by WMILT following an order by the United States Bankruptcy Court for the District of Delaware directing WMILT to file an action "naming the FDIC, FRB, and all claimants" as parties, and seeking "a determination whether WMILT is precluded by [Section 1828(k), the ATR, Part 359,] or any other similar provision from paying any of the claimants if their claims are allowed by [the bankruptcy court]."[9]

In relevant part, WMILT's Amended Complaint sought a judgment declaring that (1) the Employment Contracts/Plans are subject to the Golden Parachute Regulations and WMILT is prohibited from making payments under the Employment Contracts/Plans without regulatory approval as required by the FDIC's Golden Parachute Regulations (Counts I-XI) and (2) all WMB Employment Contracts/Plans terminated on the date of WMB's failure pursuant to the ATR (Counts XII-XVI).

On September 5, 2014, the FDIC moved to dismiss the Amended Complaint. The FDIC argued, among other things, that WMILT had not pled a private right of action that would allow for judicial review of the FDIC's determinations with respect to the Golden Parachute

---

8. *See* Murphy Cross-Claims ¶ 19; Am. Compl. ¶ 153.

9. Order Denying WMI Liquidating Trust's Motion for an Order Granting Leave to Amend, *In re Washington Mutual, Inc.*, Case No. 08-12229-MFW (Bankr. D. Del. Aug. 23, 2013), ECF 11348.

Regulations. Furthermore, the FDIC argued that there was no final agency action or ripe controversy over which this Court could assert jurisdiction because the FDIC had not issued final determinations at the time the Declaratory Judgment Action was filed.

On October 12, 2016, this Court issued an order granting the FDIC's motion to dismiss.[10] The Court noted that the Declaratory Judgment Act remedies sought by WMILT would only be available if a "judicially remediable right" also existed.[11] Because WMILT had not pled APA claims, it "failed to state a cognizable cause of action seeking relief under the Declaratory Judgment Act."[12] The Court further held that WMILT's attempts to seek judicial review of the FDIC's determinations outside of the APA ran counter to the Supreme Court's decision in *City of Arlington v. FCC*, 569 U.S. ___, 133 S. Ct. 1863 (2013), "where the United States Supreme Court extended *Chevron* deference to an agency's interpretation of its own jurisdiction."[13]

During the pleading stage of the Declaratory Judgment Action, certain Claimants filed Cross-Claims seeking declaratory judgments on one or more of the following arguments: (1) WMILT is not a "covered company" under Section 1828(k), notwithstanding the FDIC's findings to the contrary, and therefore WMILT is outside the scope of the Golden Parachute Regulations (the "Covered Company Cross-Claims"),[14] (2) the Plan and the order confirming the Plan precludes the FDIC from seeking to prohibit payment of the Employee Claims (the "Plan

---

10. Order, Oct. 12, 2016, D.I. 88 (the "October Order").

11. *Id.* at 3 n.3 (quoting *Gallucci v. Chao*, 374 F. Supp. 2d 121, 128 (D.D.C. 2005)).

12. *Id.*

13. *Id.*

14. *See, e.g.*, Murphy Cross-Claims ¶¶ 35-36.

5

Cross-Claims"),[15] (3) the FDIC has released its rights to prohibit such payments,[16] (4) WMILT has waived its opportunity to raise the ATR as a defense to the Employee Claims (the "ATR Waiver Cross-Claims"),[17] and (5) the ATR are inapplicable to the Employee Claims (the "ATR Application Cross-Claims," and, together with the ATR Waiver Cross-Claims, the "ATR Cross-Claims").[18]

**The FDIC's Determinations and the APA Review of Those Determinations**

During the pendency of the Declaratory Judgment Action, the FDIC issued two administrative determinations finding that payment of the Employee Claims was barred by Section 1828(k) and the Golden Parachute Regulations (the "First FDIC Determination" and the "Second FDIC Determination," and together, the "FDIC Determinations").[19] In particular, the Second FDIC Determination considered and rejected "any contention that WMI's bankruptcy filing, wind-down, abandonment of WMB stock, and the creation of a liquidating trust, served to remove WMILT from the purview of Section 1828(k) and the Golden Parachute Regulations."[20] In so doing, the Second FDIC Determination found that WMILT, as successor to WMI, is

---

15. *See, e.g., id.* at ¶¶ 24-25, 32-33, 43.

16. *See, e.g., id.* at ¶¶ 30-31, 45.

17. *See, e.g., id.* at ¶¶ 38-39.

18. *See, e.g., id.* at ¶ 41.

19. Preliminary Status Report and Notice of Submission of FDIC Final Determination Regarding Second Application to Make Payments Pursuant to 12 C.F.R. § 359, Ex. A at 1-2, May 12, 2015, D.I. 29-1 ("Second FDIC Determination"); *see also* Order, *WMI Liquidating Trust v. FDIC*, No. 15-00731, at *2 (D.D.C. April 15, 2016) (D.I. 25), attached hereto as Exhibit B.

20. Second FDIC Determination at 2; *see also* Order, *WMI Liquidating Trust v. FDIC*, No. 15-00731, at *2 (D.D.C. April 15, 2016) (D.I. 25).

subject to regulation as a "covered company" under 12 U.S.C. § 1828(k).[21] The Second FDIC Determination also considered and rejected arguments, advanced by Claimants, that certain settlement agreements or the Plan precluded the FDIC from administering the Golden Parachute Regulations with respect to the Employee Claims.[22] These same arguments are included in certain of the Cross-Claims as bases for declaratory relief.[23]

In response to the FDIC Determinations, on October 29, 2014 and May 13, 2015, respectively, WMILT filed two complaints in the United States District Court for the District of Columbia (together, the "APA Actions"), seeking (1) judicial review under the APA of the FDIC Determinations, and (2) declaratory relief concerning the same issues. The APA Actions were litigated to final judgment, and Judge Reggie Walton ultimately granted the FDIC's motion for summary judgment, upholding the Second FDIC Determination in its entirety, barring payment in any amount to any of the claimants here.[24]

## SUMMARY OF ARGUMENT

1. The Covered Company Cross-Claims, which allege that WMILT is not a "covered company" within the meaning of Section 1828(k), should be dismissed for the same reasons that this Court dismissed similar, mirror-image claims in WMILT's Amended Complaint. There is no private right of action under the Golden Parachute Regulations. This Court has already recognized that the FDIC's determination of the scope of the FDIC's administrative jurisdiction

---

21. *Id.* at 3.

22. *Id.* at 18-20; *see also, e.g.*, Murphy Cross-Claims ¶¶ 43, 45.

23. *See, e.g.*, Murphy Cross-Claims ¶¶ 43, 45.

24. Final Order and Judgment, *WMI Liquidating Trust v. FDIC*, No. 14-01816 (D.D.C. Aug. 19, 2015) (D.I. 42); Order, *WMI Liquidating Trust v. FDIC*, No. 15-00731 (D.D.C. April 15, 2016) (D.I. 25).

7

is itself subject to deference. Furthermore, the Declaratory Judgment Act provides a *remedy* for otherwise properly-pled causes of action. The Declaratory Judgment Act does not itself provide a private right of action. In short, the Covered Company Cross-Claims fail to state a claim.

    2.    This Court can and should decline to exercise jurisdiction over the Plan Cross-Claims[25] and the settlement agreement Cross-Claims asserted against the FDIC.[26] These Cross-Claims seek declarations that the Plan and settlement agreements exempt the Cross-Claimants from applicable federal law prohibiting golden parachute payments, and compel the FDIC to abandon its Congressionally mandated role. However, the FDIC expressly considered and rejected the Cross-Claimants' arguments as part of its administrative decision-making process. The FDIC ultimately found that the Employee Claims, with limited exception, constituted prohibited golden parachute payments. Judge Reggie Walton has already upheld these determinations based on review of the administrative record in appropriate APA actions in the United States District Court for the District of Columbia.

    3.    Additionally, the ATR Cross-Claims claims should be dismissed because they – like the claims by WMILT that this Court has already dismissed – fail to state a claim against the FDIC, which has not taken, and cannot take, any action with respect to the ATR.

## **ARGUMENT**

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure may be granted if "the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 253 (3d Cir. 2004) (quoting *Leamer v. Fauver*, 288

---

25. *See, e.g.*, Murphy Cross-Claims ¶ 43.

26. *See, e.g.*, *id.* at ¶ 45.

F.3d 532, 535 (3d Cir. 2002)).  The standards governing Rule 12(c) motions are the same standards that govern motions to dismiss under Rule 12(b)(6).  *Id.*; *see also Allah v. Hayman*, 442 F. App'x 632, 635 (3d Cir. 2011).

I. **THE CROSS-CLAIMANTS HAVE NOT PLED COGNIZABLE CAUSES OF ACTION AND THE CROSS-CLAIMS OTHERWISE SERVE NO USEFUL PURPOSE.**

   A. **Neither Section 1828(k) nor the Declaratory Judgment Act Provide the Cross-Claimants with a Private Right of Action to Support the Covered Company Cross-Claims.**

In order to maintain an action in federal court, every litigant seeking relief must have a private right of action through which it may obtain such relief.  A private right of action may be explicitly provided by Congress, *Am. Trucking Ass'n, Inc. v. Del. River Joint Toll Bridge Comm'n*, 458 F.3d 291, 296 (3d Cir. 2006), or it may be implied by "'affirmative' evidence of congressional intent" to create a private remedy to enforce that right, *Alexander v. Sandoval*, 532 U.S. 275, 293 n.8 (2001); *Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 301 (3d Cir. 2007).  All of the Cross-Claimants seek, in the Covered Company Cross-Claims, a declaratory judgment that Section 1828(k) does not apply to bar payments to them.[27]  But, as this Court has already recognized with respect to WMILT's Amended Complaint (*see* October Order at 3 n.3), neither Section 1828(k) nor the Declaratory Judgment Act enable the Covered Company Cross-Claims to proceed.

Section 1828(k) grants the FDIC the authority "to prohibit or limit . . . *any* golden parachute payment," made by banks or other "covered companies," and sets forth factors "to be considered *by the Corporation*" in deciding whether such payments may be made, 12 U.S.C. § 1828(k)(2) (emphasis added); *Knyal v. Office of Comptroller of Currency*, No. C 02-2851 PJH,

---

27. *See, e.g.*, Murphy Cross-Claims ¶¶ 24-25, 35-36.

9

2003 WL 26465939, at *14 (N.D. Cal. Nov. 25, 2003) (noting that Congress has given the FDIC "authority to administer" Section 1828(k) and "to promulgate regulations defining the nature and extent of that scheme"); *cf. Hindes v. FDIC*, 137 F.3d 148, 172 (3d Cir. 1998) (finding no private right of action under Section 1821 of the FDI Act "[b]ecause there is no indication of a congressional intent to grant shareholders a private right to enforce the FDIC's duty"). Section 1828(k) provides no private right of action. Instead, a person aggrieved by the FDIC's golden parachute determinations may seek judicial review under the APA's "arbitrary and capricious" standard of review. *See Rohr v. Reliance Bank*, 826 F.3d 1046, 1050 (8th Cir. 2016) (affirming FDIC golden parachute determination under the APA's arbitrary and capricious standard of review); *Harrison v. Ocean Bank*, 614 F. App'x 429, 436 (11th Cir. 2015) (same).

Additionally, the Declaratory Judgment Act provides litigants with a remedy, not a right of action. *Kabbaj v. Google, Inc.*, No. CV 13-1522-RGA, 2014 WL 1369864, at *4 (D. Del. Apr. 7, 2014) ("[D]eclaratory relief [is a] remed[y] rather than [a] cause[] of action. Such relief cannot be obtained without stating an underlying cause of action."). Thus, a party cannot make an end-run around the private right of action requirement by using the Declaratory Judgment Act, as Cross-Claimants seek. *See Williams v. Nat'l Sch. of Health Tech., Inc.*, 836 F. Supp. 273, 281 (E.D. Pa. 1993).

Because the Cross-Claimants have sought judicial review outside of the APA by means of the Covered Company Cross-Claims, they seek declaratory relief that the Court cannot grant, and the Cross-Claims that seek to collaterally attack the FDIC's determination must be dismissed pursuant to Rule 12(c). This Court has already held that such claims, when pled by WMILT, "failed to state a cognizable cause of action seeking relief under the Declaratory Judgment Act."

10

(October Order at 3 n.3.) Because none of the Cross-Claimants seek APA review, the Covered Company Cross-Claims seeking declaratory relief are not actionable.

### B. No Useful Purpose Would be Served Allowing the Golden Parachute Cross-Claims to Go Forward.

In addition to the Covered Company Cross-Claims, other cross claims asserted against the FDIC seek declarations that the Plan or certain settlement agreements somehow exempt the Cross-Claimants from federal prohibitions on golden parachute payments, allowing claimants to receive windfall payments outside of regulatory scrutiny.[28] These counts serve no useful purpose, and should be dismissed under the Declaratory Judgment Act's discretionary framework, given that Judge Reggie Walton has already issued final judgments affirming the FDIC's determinations barring payment, in any amount, in their entirety.

On August 19, 2015 and April 15, 2016, the D.C. District Court entered judgments in the First APA Action and the Second APA Action, respectively, and closed the two cases. *See* Final Order and Judgment, *WMI Liquidating Trust v. FDIC*, No. 14-01816 (D.D.C. Aug. 19, 2015) (D.I. 42); Order, *WMI Liquidating Trust v. FDIC*, No. 15-00731 (D.D.C. Apr. 15, 2016) (D.I. 25), attached hereto as Exhibit B.

The D.C. District Court's decisions can and should be recognized as the valid final judgments of a sister federal court. *See Williams v. Ocean Transp. Lines, Inc.*, 425 F.2d 1183, 1189 (3d Cir. 1970) (holding that 28 U.S.C. § 1738 applies to a federal court's recognition of another federal court's judgment); *Caterpillar Tractor Co. v. Int'l Harvester Co.*, 120 F.2d 82, 85-87 (3d Cir. 1941) (noting, *inter alia*, that the judgment of one federal court should be recognized by another because federal courts are "of the same sovereignty").

---

28. *See, e.g.*, Murphy Cross-Claims ¶¶ 43, 45.

Recognition of the D.C. District Court's decisions means that the Cross-Claimants' request for declaratory relief should not be granted here. The relevant issues have been administratively determined and upheld by the D.C. District Court. That court's orders in the APA Actions provided a final, conclusive judicial resolution to the controversy of whether WMILT is a "covered company" and may make payments on account of the Counterclaim Defendants' proofs of claim, in any amount. There is nothing left to clarify.

The "two most important criteria" to weigh in determining whether to grant declaratory relief are: (1) "whether declaratory relief would clarify and settle the legal relations in issue, and [(2)] whether it would afford relief from the uncertainty and controversy giving rise to the controversy." *Delpro Co. v. Nat'l Mediation Bd.*, 509 F. Supp. 468, 476 (D. Del. 1981); *see Stamicarbon, N.V. v. Chem. Const. Corp.*, 355 F. Supp. 228, 232 (D. Del 1973). This Court's discretion in deciding whether to issue a declaration should be guided by, *inter alia*, "considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *see also Marshall v. Lauriault*, 372 F.3d 175, 183 (3d Cir. 2004).

The D.C. District Court affirmed the FDIC Determinations that it would be unlawful for WMILT – a "covered company" – to make golden parachute payments. The D.C. District Court affirmed the Second FDIC Determination, which addressed and rejected the arguments advanced by the Cross-Claimants regarding the effect of the Plan and settlement agreements on the Employee Claims. WMILT is bound by the D.C. District Court's decisions. A contrary declaration by this Court would not change this; it will still be unlawful for WMILT to make any payments to the Cross-Claimants. WMILT would be put in the untenable position of being subject to diametrically opposed federal court decisions.

The risk of inconsistent judgments extends to the Plan Cross-Claims and the settlement Cross-Claims as well. Under APA record review, the D.C. District Court affirmed the FDIC's decision to decline to authorize payment of the Employee Claims by final judgment. Here, the Cross-Claims seek declarations, outside of the confines of the APA, that would conflict with both the FDIC's assessment of the effects of the Plan and of the settlement agreements and Judge Walton's final rulings.

No additional certainty or change in legal obligations would occur from adjudicating the Golden Parachute Cross-Claims. Far from it, the only effect of such a declaration would be to *cause* uncertainty. These claims simply should not proceed.

## II.   THE ATR-BASED CROSS-CLAIMS SHOULD BE DISMISSED.

Finally, with respect to the ATR Cross-Claims,[29] the pleadings set forth no discernible legal ground for suit against the FDIC. Thus, the Cross-Claimants fail to state a claim upon which relief may be granted and the ATR Cross-Claims should be dismissed under Rule 12(c).

At the time WMB failed and went into receivership, the ATR was a regulation under the purview of the OTS, WMB's primary federal regulator.[30] *Williams v. FDIC*, No. 2:09-cv-00504-RAJ (W.D. Wash. Aug. 30, 2011) (D.I. 144) (order granting motion to dismiss). The ATR terminates unvested employment contracts by operation of law. 12 C.F.R. § 563.39. As a result, "no particular form of proceeding or finding for the termination of such employment contracts" is required under the ATR. *Romines v. Great-West Life Assur. Co.*, 73 F.3d 1457, 1462 (8th Cir.

---

29. *See, e.g.*, Murphy Cross-Claims ¶¶ 38-41.

30. 12 C.F.R. § 563.39. Title III of the Dodd-Frank Wall Street Reform and Consumer Protection Act requires that all functions of the OTS relating to federal savings associations be transferred to the OCC on July 21, 2011. Pub. Law No. 111-203, 124 Stat. 1376 (2010). As a result, the ATR is now codified at 12 C.F.R. § 163.39.

1996).  The FDIC has taken no action reviewable by this Court regarding the ATR. Accordingly, the ATR Cross-Claims should be dismissed as to FDIC for failure to state a claim.

Furthermore, the October Order issued by this Court recognized that WMILT's claims related to the ATR should be dismissed for failure to state a claim. (October Order at 3 n.3 (dismissing the Amended Complaint's ATR claims pursuant to Rule 12(b)(6)).)  That holding should be applied to dismiss the corresponding Cross-Claims.

## **CONCLUSION**

For the foregoing reasons, the FDIC's motion should be granted.

Dated:     December 5, 2016                              Respectfully submitted,

                                                          BARBARA KATRON
                                                          Senior Counsel

                                                          By:  /s/ Erik Bond
                                                          ERIK BOND
                                                          Counsel, Corporate Litigation Unit
                                                          erbond@FDIC.gov

                                                          The Federal Deposit Insurance Corporation
                                                          3501 N. Fairfax Drive, D-7026
                                                          Arlington, VA 22226
                                                          Telephone: (703) 562-6461
                                                          Fax: (703) 562-2477

                                                          *Attorneys for Defendant*
                                                          *Federal Deposit Insurance Corporation*