# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                       )
WMI LIQUIDATING TRUST,                 )
                                       )
            Plaintiff,                )
                                       )
            v.                        )     Civil Action No. 15-731 (RBW)
                                       )
FEDERAL DEPOSIT INSURANCE              )
CORPORATION,                           )
                                       )
            Defendant.                )
_____)

## ORDER

        This companion case to <u>WMI Liquidating Trust v. FDIC</u>, 110 F. Supp. 3d 44 (D.D.C. 2015) (Walton, J.), is currently before the Court on the parties'[1] cross-motions for summary judgment. <u>See</u> Plaintiff WMI Liquidating Trust's Motion for Summary Judgment ("Pl.'s Mot."); Defendant's Motion for Summary Judgment ("Def.'s Mot."). Upon careful consideration of the parties' submissions,[2] the Court concludes that it must deny the plaintiff's summary judgment motion and grant the defendant's summary judgment motion for the reasons that follow.

## I.    BACKGROUND

        The Court has previously detailed much of the pertinent factual and statutory background in the companion case. <u>See generally</u> <u>WMI Liquidating Trust</u>, 110 F. Supp. 3d at 47-52

---

[1] At times, the Court may refer to the plaintiff, WMI Liquidating Trust, as "WMILT," and the defendant, the Federal Deposit Insurance Corporation, as the "FDIC."

[2] In addition to the parties' motions, the Court considered the following submissions in rendering its decision: (1) the Memorandum of Points and Authorities in Support of WMILT's Motion for Summary Judgment ("Pl.'s Mem."); (2) the Defendant's Memorandum of Points and Authorities in Opposition to [the] Plaintiff's Motion for Summary Judgment ("Def.'s Opp'n"); (3) Plaintiff WMI Liquidating Trust's Reply in Support of its Motion for Summary Judgment ("Pl.'s Reply"); (4) the Defendant's Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("Def.'s Mem."); (5) Plaintiff WMI Liquidating Trust's Response in Opposition to Defendant FDIC's Motion for Summary Judgment ("Pl.'s Opp'n"); and (6) the Defendant's Reply in Support of Motion for Summary Judgment ("Def.'s Reply").

(explaining how WMILT found itself seeking FDIC approval of golden parachute payments, as well as the regulatory scheme governing golden parachute payments). The Court will only reiterate those facts that are relevant to this case, and they are the following: While the companion case was ongoing, the plaintiff submitted a second payment application to the FDIC, seeking approval of certain payments that would qualify as "golden parachute" payments[3] under the Federal Deposit Insurance Act ("FDIA"), as well as the regulatory scheme adopted thereafter. See Pl.'s Mem. at 11; Def.'s Mem. at 9-10; see also Administrative Record ("A.R.") at AR-1022-50. The defendant rejected that application in its entirety. See Pl.'s Mem. at 12; Def.'s Mem. at 9-10; see also A.R. at AR-4006-27. The plaintiff challenges the rejection on the ground that it was arbitrary, capricious, and an abuse of discretion under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2) (2012),[4] arguing that the defendant failed to account for the substantial hardship and significant litigation costs that would be imposed on the plaintiff, resulting from the denial of the second payment application. See Pl.'s Mem. at 1, 18-20; Pl.'s Opp'n at 1, 7-8; Pl.'s Reply at 3-4.

## II. ANALYSIS

A golden parachute payment can be dispersed if "[t]he appropriate federal banking agency, with the written concurrence of the [FDIC], determines that such a payment or

---

[3] "A 'golden parachute payment' is generally considered to be any payment to an [institution-affiliated party (or IAP)] which is contingent on the termination of that person's employment and is received when the insured depository institution making the payment is troubled or, if the payment is being made by an affiliated holding company, either the holding company itself or the insured depository institution employing the IAP, is troubled." WMI Liquidating Trust, 110 F. Supp. 3d at 48 (quoting 12 C.F.R. § 359.0(b) (2012)). Further, an IAP is "'any director, officer, [or] employee of an insured depositary institution or depository institution holding company,' or 'any other person as determined by the appropriate federal banking agency who participates in the conduct of the affairs of an insured depositary institution.'" Id. at 50 n.3 (ellipses omitted) (quoting 12 U.S.C. § 1813(u) (2012)).

[4] As alluded to above, the appropriate standard of review in this APA action has been previously set forth by the Court. See WMI Liquidating Trust, 110 F. Supp. 3d at 52-53 (although deference afforded to agency action, such action must be supported by the administrative record and reasoned analysis (citing cases discussing summary judgment standard in APA cases like the one here)).

agreement is permissible . . . ."[5] 12 C.F.R. § 359.4(a)(1) (2012). Qualifying for this permissibility exception is "a two-step process." WMI Liquidating Trust, 110 F. Supp. 3d at 50. First, an entity such as the plaintiff must certify to certain facts identified in 12 C.F.R. § 359.4(a)(4) to the FDIC. WMI Liquidating Trust, 110 F. Supp. 3d at 50-51. Second, if the entity submits a proper certification to the FDIC, the FDIC then "may consider" the following factors in exempting certain payments from the golden parachute restrictions:

(1) [w]hether, and to what degree, the IAP was in a position of managerial or fiduciary responsibility;

(2) [t]he length of time the IAP was affiliated with the insured depository institution or depository institution holding company, and the degree to which the proposed payment represents a reasonable payment for services rendered over the period of employment; and

(3) [a]ny other factors or circumstances which would indicate that the proposed payment would be contrary to the intent of section 18(k) of the [FDIA] or this part.

12 C.F.R. § 359.4(b)(1)-(3); see also WMI Liquidating Trust, 110 F. Supp. 3d at 51 (citing same). The FDIC has discretion to consider any of these three factors as it sees fit. See WMI Liquidating Trust, 110 F. Supp. 3d at 57 (citing Knyal v. Office of Comptroller of Currency, No. 02-cv-2851 (PJH), 2003 WL 26465939, at *16 (N.D. Cal. Nov. 25, 2003)). Notably, "[n]one of the[se] factors is controlling, and there is no requirement that more or less weight be given to any of them." Id. (quoting Knyal, 2003 WL 26465939, at *16).

Here, the Court notes that the plaintiff does not contest the defendant's analyses and conclusions under either 12 C.F.R. § 359.4(b)(1) or 12 C.F.R. § 359.4(b)(2). Such analyses and conclusions—under § 359.4(b)(1), § 359.4(b)(2), or both provisions—are sufficient to affirm the

---

[5] This is the "permissibility" exception to the prohibition against golden parachute payments. See WMI Liquidating Trust, 110 F. Supp. 3d at 49 & n.4. There are two other exceptions, but they are not relevant to this case. See A.R. at AR-4014 n.56 (citing 12 C.F.R. § 359.4(a)(2)-(3) (2012)).

3

defendant's rejection of the second payment application.  See A.R. at AR-4014-22, 4026; see also WMI Liquidating Trust, 110 F. Supp. 3d at 57 (citing Knyal, 2003 WL 26465939, at *16). Similarly, almost all of the defendant's analyses and conclusions concerning § 359.4(b)(3) remain uncontested by the plaintiff; and these too, afford the Court sufficient bases to affirm the rejection.  See A.R. at AR-4022-26; see also WMI Liquidating Trust, 110 F. Supp. 3d at 57 (citing Knyal, 2003 WL 26465939, at *16).

And although the defendant may not have considered the full extent of the litigation burdens that would be placed on the plaintiff if the second payment application were not approved—the only argument raised by the plaintiff as to the propriety of the defendant's rejection of the application and one that has sympathetic appeal—these burdens are not mandatory considerations under the pertinent regulations.  See 12 C.F.R. § 359.4(b)(1)-(3); see also WMI Liquidating Trust, 110 F. Supp. 3d at 57 (citing Knyal, 2003 WL 26465939, at *16). In any event, notwithstanding any deficiency in considering all of the litigation burdens that would befall the plaintiff resulting from the defendant's rejection of the second payment application, remand would be futile, see, e.g., Fogg v. Ashcroft, 254 F.3d 103, 111-12 (D.C. Cir. 2001) ("In the face of such legal error, we would normally remand to the court for remand to the agency, but we do not do so when, as here, remand would be futile.  'Only one conclusion would be supportable.'" (quoting Donovan v. Stafford Constr. Co., 732 F.2d 954, 961 (D.C. Cir. 1984))); A.L. Pharma, Inc. v. Shalala, 62 F.3d 1484, 1489 (D.C. Cir. 1995) ("A remand is unnecessary where, as here, the outcome of a new administrative proceeding is preordained." (quoting Am. Train Dispatchers Ass'n v. ICC, 26 F.3d 1157, 1163 (D.C. Cir. 1994))), in light of the plethora of reasons that guided the defendant to exercise its discretion the way it did, see

4

A.R. at AR-4014-26.[6] In sum, the Court cannot find, despite its concern about the defendant's possible failure to take into account the full extent of the litigation burdens the plaintiff may incur, that the defendant's rejection of the plaintiff's second payment application was arbitrary, capricious, or an abuse of discretion.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff WMI Liquidating Trust's Motion for Summary Judgment is **DENIED**. It is further

**ORDERED** that the plaintiff's request for oral argument is **DENIED AS MOOT**. It is further

**ORDERED** that the Defendant's Motion for Summary Judgment is **GRANTED**. It is further

**ORDERED** that this case is **CLOSED**.

**SO ORDERED** this 15th day of April, 2016.

REGGIE B. WALTON<br>United States District Judge

---

[6] The defendant encourages the Court to affirm its rejection of the second payment application on the basis that the plaintiff failed to obtain the proper certification under 12 C.F.R. § 359.4(a)(4). Def.'s Mem. at 18-19. The Court will not affirm the defendant's rejection of the second payment application on this basis because it was never brought to the plaintiff's attention during the administrative process, and thus, the Court would be impermissibly condoning a post hoc rationalization for agency action. E.g., Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 50 (1983) ("[T]he courts may not accept appellate counsel's post hoc rationalizations for agency action. It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." (citations omitted)). Nevertheless, the plaintiff's failure to submit a proper 12 C.F.R. § 359.4(a)(4) certification would be another reason why remand would be futile.