**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WMI LIQUIDATING TRUST, | |
| Plaintiff, | |
| v. | Civil Action No. 1:14-cv-1097 (GMS) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, *et al.*, | |
| Defendants. | |

**OPPOSITION TO CROSS-CLAIM DEFENDANT FEDERAL DEPOSIT INSURANCE**
<u>**CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

Michael J. Joyce (No. 4563)
O'Kelly & Ernst, LLC
901 N. Market Street, 10th Floor
Wilmington, DE  19801
Phone: (302) 778-4000, Ext. 4
Direct Dial: (302) 778-4003
Facsimile: (302) 295-2873
mjoyce@oelegal.com

Stephan E. Kyle
Kyle Law Corporation
350 California Street, 22nd Floor
San Francisco, CA 94104
(415) 839-8100
skyle@kylelawcorp.com

*Counsel to Melba Ann Bartels, Todd H. Baker, Sean Becketti, Anthony Joseph Bozzuti, Alfred Brooks, Thomas W. Casey, Gregory C. Camas, Deborah D. Horvath, Rajiv Kapoor, Kenneth E. Kido, Marc Malone, John P. McMurray, Thomas E. Morgan, Stephen J. Rotella, David Schneider, Genevieve Smith, Steven F. Stein, Mitchell Stevens, Craig E. Tall, Radha Thompson, Ann Tierney, Anthony Vuoto, and Robert J. Williams, Jr.*

Dated:  December 22, 2016

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………....…ii

NATURE AND STAGE OF PROCEEDINGS…………………………………………..1

    A. The Bankruptcy Court Order and the Amended Complaint………………………….1

    B. Cross-Claims at Issue in the Motion…………………………………………………2

    C. Pending Motion to Amend Counterclaims and Cross-Claims…………………………3

SUMMARY OF ARGUMENT………………………………………………………….....4

STATEMENT OF FACTS……………………………………………………………….7

    A.  WMILT Formed as a Delaware Statutory Trust…………………………………….7

    B.  Bankruptcy Court Order Directed WMILT to File This Action…………………………8

LEGAL STANDARD……………………………………………………………………9

ARGUMENT…………………………………………………………………………...9

    I. The Motion is Inconsistent With Congress' Clearly Expressed Intent…………………9

        A. WMILT Is Not a Covered Company Pursuant to Section 1828(k)………………10

        B. Payments Made By WMILT Are Not Subject to FDIC Approval………………11

    II. The FDIC Misconstrues the Order Dismissing Amended Complaint……………………13

        A. The Court Dismissed the Amended Complaint Due to Specific Deficiencies……13

        B. The Court Has Subject Matter Jurisdiction Over the Cross-Claims Which Are

    Fundamentally Different From WMILT's Claims………..…………...…………………14

    III. The Cross-Claims Do Not Seek Judicial Review of an Agency Action…..……………15

    IV. The APA Actions Are Not Instructive in Declaratory Judgment Action………………16

    V. The FDIC's Rule 12(c) Motion Is Procedurally Deficient………………………………17

        A. The Motion Is Untimely……………………………………………………17

        B. Unresolved Issues of Material Fact Remain……………………..………………18

    VI. Response to Arguments for Dismissal of ATR Claims…………………………..19

    VII. Incorporation of Grounds Asserted by Other Employee Defendants…..………………19

CONCLUSION………………………………………………………………………..19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Arthur v. Maersk, Inc.*
    434 F.3d 196 (3d Cir. 2006)……………………………………………………......18

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*
    467 U.S. 837 (1984)…………………………………………………………………...10

*City of Arlington, Texas v. Federal Communications Commission*
    133 S. Ct. 1863 (2013)………………………………………………………………...10

*Delpro Co. v. Nat'l Mediation Bd. of U.S.A.*
    509 F. Supp. 468 (D. Del. 1981)……………………………………………………17

*Faigin v. Signature Group Holdings, Inc.*
    211 Cal. App. 4th 726 (Cal. Ct. App. 2012)…………………………………………..12

*Foman v. Davis*
    371 U.S. 178……………………………………………………………………………..18

*Jablonski v. Pan Am. World Airways, Inc.*
    863 F.2d 289 (3d Cir. 1988)…………………………………………………………...18

*Sikirica v. Nationwide Ins. Co.*
    416 F.3d 214 (3d Cir. 2005)………………………………………………………...9, 11

*Skelly Oil Co. v. Phillips Petroleum Co.*
    339 U.S. 667 (1950)…………………………………………………………………...16

*Soc'y Hill Civic Ass'n v. Harris*
    632 F.2d 1045 (3d Cir. 1980)…………………………………………………………...9

*Southmark Prime Plus L.P. v. Falzone*
    776 F. Supp. 888 (D. Del. 1991)………………………………………………………..9

*Turbe v. Government of the Virgin Islands*
    938 F.2d 427 (3d Cir. 1991)……………………………………………………………..9

**Statutes**

5 U.S.C. §§ 551 et seq……………………………………………………………….....13

12 U.S.C. § 1828(k)……………………………………………………...4, 5, 9, 10, 11, 13, 14, 16

**Rules**

Fed. R. Civ. P. 12(c)………………………………………………………....6, 9, 11, 17, 18, 19

**Regulations**

12 C.F.R. § 163.39………………………………………………………………..………19

12 C.F.R. § 359………………………………………………………………………………6

Cross-Claim Plaintiffs Melba Ann Bartels, Todd H. Baker, Sean Becketti, Anthony J. Bozzuti, Alfred Brooks, Thomas W. Casey, Gregory C. Camas, Debora D. Horvath, Rajiv Kapoor, Kenneth E. Kido, Marc Malone, John P. McMurray, Thomas E. Morgan, Stephen J. Rotella, David Schneider, Genevieve Smith, Steven F. Stein, Mitchell Stevens, Craig E. Tall, Radha Thompson, Ann Tierney, Anthony Vuoto, and Robert J. Williams, Jr. (each a "Cross-Claimant" and collectively the "Cross-Claimants"), hereby submit this Opposition to the motion of the Federal Deposit Insurance Corporation, in its corporate capacity (the "FDIC"), for judgment on the pleadings dismissing all of the Cross-Claimants' claims (the "Motion") [D. Del. D.I. 101] [1] filed against it in the above-captioned action (the "Declaratory Judgment Action").

## NATURE AND STAGE OF PROCEEDINGS

### A.  The Bankruptcy Court Order and the Amended Complaint

On August 23, 2013, the Bankruptcy Court directed WMILT to file a declaratory judgment action naming the FDIC, the Board of Governors of the Federal Reserve System ("FRB"), and all remaining claimants with pending Proofs of Claim in the Bankruptcy Court (the "Employee Defendants"), including the twenty-three (23) Cross-Claimants, "seeking a determination of whether WMILT is precluded by 12 U.S.C. § 1828(k), 12 C.F.R. § 163.39, 12 C.F.R. § 359 or any other similar provision from paying any of the claimants if their claims are

---

[1] For the convenience of the Court, the Cross-Claimants will refer to the dockets discussed herein as follows: the docket in the above-captioned action is referred to [D. Del. D.I.]; the docket of the declaratory judgment action that was initially filed by WMILT in the United States District Court for the Western District of Washington (the "Washington District Court"), *WMI Liquidating Trust v. FDIC*, Case No. 2:13-cv-01706-RAJ (W.D. Wash.) is referred to as [W.D. Wash. D.I.]; the docket of the Debtors' chapter 11 cases, *In re Washington Mutual, Inc.*, Case No. 08-12229 (MFW) (Bankr. D. Del.) (the "Bankruptcy Court") is referred to as [Bankr. D.I.]; and the docket for the adversary proceeding, *WMI Liquidating Trust v. FDIC*, Adv. Pro. No. 14-50435-MFW (Bankr. D. Del.), in the Bankruptcy Court is referred to as [Adv. Pro. D.I.].

allowed by this Court, whether after trial or approval of a settlement."[2]   On November 5, 2013, WMILT filed its amended complaint (the "Amended Complaint"), seeking to *enforce* the regulations promulgated under 12 U.S.C. 1828(k), rather than seeking a determination of *whether* the regulations apply to WMILT so as to preclude it from making payments.  [W.D. Wash. D.I. 23].

Subsequently, certain Employee Defendants filed motions to strike counts in the Amended Complaint for violating the terms of the Bankruptcy Court Order.[3]  The Court granted, in part, those motions to strike, thereby striking three causes of action from the Amended Complaint on August 24, 2016.  Order [D. Del. D.I. 68].

Further, by order, on October 12, 2016 [D. Del. D.I. 88], and as amended on October 19, 2016, the Amended Complaint was dismissed as to the FDIC and FRB.  Amended Order [D. Del. D.I. 89] (the "Dismissal Order").   Accordingly, it is only the Cross-Claimants who have operative claims against the FDIC and FRB at this stage in the proceedings.

The proceedings in the above-captioned action remain in a nascent stage, with discovery yet to commence.

### B.  Cross-Claims at Issue in the Motion

As a result of WMILT's failure to properly frame the issues to be addressed in this Declaratory Judgment Action, the Cross-Claimants filed their counterclaims against WMILT and

---

[2] *Order Denying WMI Liquidating Trust's Motion For an Order Granting Leave to Amend the Fifth, Sixth, Seventy-Ninth, Eightieth, Eighty-First, Eighty-Second, Eighty-Fourth, Eighty-Fifth, and Eighty-Eighth Omnibus Objections to Claims.*  [Bankr. D.I. 11348] (the "Bankruptcy Court Order").

[3] *Motion of Melba Ann Bartels, Kenneth E. Kido, John Murphy, Steven F. Stein, Mitchell Stevens, and Anthony Vuoto to Dismiss the Amended Complaint For Failure to State a Claim Pursuant to Fed. Rule of Civ. Proc. 12(b)(6), or In the Alternative, Motion to Strike Counts XII – XIX of the Amended Complaint Pursuant to Fed. Rule of Civ. Proc. 12(f)* [Adv. Pro. D.I. 90]; see also *Amended Motion by Defendants Robert Bjorklund, Kimberly A. Cannon, Daryl D. David, Michael Reynoldson, and Chandon Sharma to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(6), or In the Alternative, Motion to Strike Counts XII – XIX Under Fed. R. Civ. P. 12(f)* [Adv. Pro. D.I. 102].

cross-claims against the FDIC and the FRB (the "Cross-Claims") at the time they filed their answers to WMILT's Amended Complaint.[4]   The Motion seeks a judgment on the pleadings with regard to each of the Cross-Claims asserted by the Cross-Claimants.[5]   In addition, the Motion to Amend Cross-Claims, as defined below, seeks to add a fourth count to the counterclaims and cross-claims of Cross-Claimants Rotella and Schneider.  [Adv. Pro. D.I. 162].

The FDIC filed its answers to the Cross-Claims on March 21, 2014 and November 9, 2016.  [W.D. Wash. D.I. 237; W.D. Wash. D.I. 238; D. Del. D.I. 92].

WMILT filed its answers to Cross-Claimants' counterclaims on February 14, 2014 and September 28, 2016.  [W.D. Wash. D.I. 198; W.D. Wash. D.I. 199; D. Del. D.I. 83].

In addition, the FRB has filed motions to dismiss the Cross-Claims for lack of subject matter jurisdiction and failure to state a claim on September 5, 2014 and November 7, 2016. [Adv. Pro. D.I. 45; D. Del. D.I. 90].

### C.  Pending Motion to Amend Counterclaims and Cross-Claims

On January 7, 2015, Cross-Claimants Rotella and Schneider filed their *Motion For Leave to File Their First Amended Counterclaims Against Plaintiff WMILT and Cross-Claims Against Co-Defendants Federal Deposit Insurance Corporation, In Its Corporate Capacity, and the Board of Governors of the Federal Reserve System For Declaratory Relief* (the "Motion to Amend Cross-Claims").  [Adv. Pro. D.I. 162].  Cross-Claimants Rotella and Schneider filed their

---

[4] The Cross-Claims encompass three separate filings made by various Cross-Claimants: *Counterclaims Against Plaintiff WMILT and Cross-Cross Against Co-Defendants Federal Deposit Insurance Corporation, in its Corporate Capacity, and the Board of Governors of the Federal Reserve System For Declaratory Relief* [W.D. Wash. D.I. 146]; *Counterclaims Against Plaintiff WMILT and Cross-Claims Against Co-Defendants Federal Deposit Insurance Corporation, In Its Corporate Capacity, and the Board of Governors of the Federal Reserve System For Declaratory Relief* [W.D. Wash. D.I. 173]; and *Counterclaims Against Plaintiff WMILT and Cross-Claims Against Co-Defendants Federal Deposit Insurance Corporation, in its Corporate Capacity, and the Board of Governors of the Federal Reserve System for Declaratory Relief* [D. Del. D.I. 71].

[5] *See* the Motion [D. Del. D.I. 101]; *Memorandum of Law In Support of Cross-Claim Defendant Federal Deposit Insurance Corporation's Motion for Judgment on the Pleadings* [D. Del. D.I. 102].

Motion to Amend Cross-Claims in light of certain binding agreements in separate, but parallel, legal proceedings against the FDIC that had not been entered into at the time of filing their initial counterclaims and cross-claims.  Id.

On January 21, 2015, the FRB filed its Opposition to the Motion to Amend Cross-Claims. [Adv. Proc. D.I. 163].  On January 26, 2015, the FDIC filed its Opposition to the Motion to Amend Cross-Claims [Adv. Proc. D.I. 164], and WMILT filed its Response to the Motion to Amend Cross-Claims [Adv. Proc. D.I. 166] which included a joinder in the FDIC's Opposition.

Accordingly, the Motion to Amend Cross-Claims of Cross-Claimants Rotella and Schneider is fully briefed.  At present, the Motion to Amend Cross-Claims, which would alter the pleadings of Cross-Claimants Rotella and Schneider subject to this Motion, remains pending before the Court.

## SUMMARY OF ARGUMENT

1.    The Motion is fatally flawed from a substantive standpoint, since WMILT is not, and never has been, a covered company under the applicable federal statute[6] and relevant facts. Section 1828(k) expressly defines "covered company" for the purposes of the golden parachute statute.[7]  Plainly, Congress has addressed, in the statutory text, the threshold issue presented by the Cross-Claims.  By way of the Cross-Claims, the Cross-Claimants request that this Court give effect to Congress' clearly expressed intent to limit the scope of which entities qualify as a covered company.   Covered companies are limited to "insured depository institutions" and "depository institution holding companies."  The Motion fundamentally misconstrues the proper

---

[6] 12 U.S.C. § 1828(k) ("Section 1828(k)").

[7] References to the term "covered company" are made pursuant to that term's definition under federal law.  12 U.S.C. § 1828(k)(5)(D) ("The term 'covered company' means any depository institution holding company (including any company required to file a report under section 4(f)(6) of the Bank Holding Company Act of 1956), or any other company that controls an insured depository institution").

process for interpreting Section 1828(k).[8]  Congress was neither silent nor ambiguous on which

entities shall be deemed covered companies.  Upon a determination that WMILT is neither an

insured depository institution, nor a depository institution holding company, the Court need not

analyze the issue further.  The payment would not meet the definition of a golden parachute

payment and therefore the Golden Parachute Regulations (defined below) would not, and do not,

apply.

  2. Contrary to the FDIC's assertion, the Cross-Claims are not a "mirror image" of

WMILT's dismissed claims.  *See* Motion at 7.  Rather, the Cross-Claims seek a declaratory

judgment as to the FDIC and the FRB that WMILT, a Delaware statutory trust, falls outside of

the statutory definition of covered company pursuant to Section 1828(k), thereby precluding the

FDIC from exercising jurisdiction over it.  The counts asserted by WMILT in its Amended

Complaint, on the other hand, sought to underline enforce the FDIC's regulations in an effort to prevent

payment to the Cross-Claimants on their bankruptcy claims.  The Cross-Claims are clearly not a

"mirror image" of the counts in WMILT's Amended Complaint.

  3. The FDIC mischaracterizes the Cross-Claims as seeking judicial review of agency

regulatory action.  The Cross-Claimants are not addressing, at this time, the premature and

potentially *ultra vires* regulatory actions taken by the FDIC through its interactions with

WMILT.  Rather, the Cross-Claims set out the fundamental statutory question which must be

resolved prior to the application of any regulatory scheme.

  4. The FDIC incorrectly asserts that the decisions of District Judge Reggie Walton

("Judge Walton") of the District Court for the District of Columbia in two actions, pursuant to

---

[8] In filings throughout these proceedings, WMILT has asserted related positions that are similarly off point.

the Administrative Procedure Act, between WMILT and the FDIC (the "APA Actions")[9] are controlling or, at a minimum, instructive in the above-captioned action.  The central issue raised by the Cross-Claims was not contested by the parties in the APA Actions.  In the APA Actions, the FDIC and WMILT did not take opposing positions on the central issues in this action.  In fact, the pleadings submitted by the parties essentially stipulated that, *inter alia*, (i) WMILT is a covered company, (ii) the golden parachute regulations[10] apply, and (iii) the FDIC maintains the right to prohibit WMILT from making payment to the Cross-Claimants pursuant to an allowed claim in Bankruptcy Court or a settlement agreement.  Judge Walton's decisions in the APA Actions were limited to "how" the FDIC applied its regulations rather than answering the threshold questions of (i) "whether" those regulations are applicable to the Debtors vis-à-vis the Cross-Claimants and (ii) if so, whether the FDIC is bound by its release of certain rights under the Debtors' Chapter 11 Plan.  These threshold questions were never placed before Judge Walton as contested issues that he was asked to decide.  As such, the decisions in the APA Actions have no collateral estoppel or res judicata effect, or even persuasive value at this stage, because, among other reasons, the relevant legal issues were not actually litigated in either case.

5.      The Motion is procedurally deficient as it is not ripe for consideration at this time pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)").  Here, the pleadings in connection with the Cross-Claims have not yet closed, as required under Rule 12(c).  The pending Motion to Amend Cross-Claims would alter the pleadings that are the target of the FDIC's Motion.  In addition, since issues of fact are unresolved in this action, and pertinent facts remain unknown at present, relief under Rule 12(c) is inappropriate at this stage of the

---

[9] The two APA Actions are: (i) *WMI Liquidating Trust v. Fed. Deposit Ins. Corp.*, No. 14-cv-01816-RBW (D.D.C. 2014) and (ii) *WMI Liquidating Trust v. Fed. Deposit Ins. Corp.*, No. 15-cv-731-RBW (D.D.C. 2015).

[10] 12 C.F.R. § 359 *et seq.* (the "Golden Parachute Regulations").

proceedings.   In particular, facts necessary to resolve the covered company issue must be determined prior to adjudication.   In light of such procedural deficiencies, deciding the matter on the pleadings is impermissible pursuant to Rule 12(c).

## STATEMENT OF FACTS

### A.  WMILT Formed as a Delaware Statutory Trust

On September 25, 2008, the director of the Office of Thrift Supervision ("OTS") appointed the FDIC as Receiver, which immediately took possession of the assets of Washington Mutual Bank ("WMB").   Cross-Claims ¶ 3 (for purposes of citing to paragraph numbers hereinafter, "Cross-Claims" shall refer to the cross-claims filed by certain Cross-Claimants in this Court on September 7, 2016 [D. Del. D.I. 71]); FDIC Answer ¶ 3 (for purposes of citing to paragraph numbers hereinafter, "FDIC Answer" shall refer to the answer filed by the FDIC in this Court on November 9, 2016 [D. Del. D.I. 92]).   Prior to September 25, 2008, WMB was a wholly owned subsidiary of Washington Mutual, Inc., a Washington corporation ("WMI"), whose principal offices were in Seattle, Washington.   Cross-Claims ¶ 3; FDIC Answer ¶ 3.

As a result of the OTS order, WMI no longer held voting control of or the right to make any business decisions with respect to its ownership of WMB pursuant to the applicable federal regulations.   Cross-Claims ¶ 4.

Pursuant to its Confirmation Order, dated February 23, 2012 (the "Confirmation Order"), the Bankruptcy Court confirmed the Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan").   Cross-Claims ¶ 5; FDIC Answer ¶ 5.   The Plan and the Liquidating Trust Agreement adopted in connection therewith established the WMI Liquidating Trust "for the sole purpose of liquidating and distributing its assets, in accordance with Treasury Regulation section 301.7701-4(d), with no objective to

7

continue or engage in the conduct of a trade or business."  Plan, Article 27.2; Cross-Claims ¶ 16.[11]

Under the provisions of the Plan and the Liquidating Trust Agreement, the WMILT Trustee was vested with exclusive authority to object to and assume and prosecute pending objections filed by WMI to the allowance of claims and equity interests filed in the Bankruptcy Court.  Cross-Claims ¶ 12 (citing to the Plan, Article 26.1).  Pursuant to the Plan and the Confirmation Order, WMILT, a Delaware statutory trust, received certain assets and assumed the exclusive responsibility to reconcile and litigate remaining disputed proofs of claim.  Cross-Claims ¶ 16.

### B.  Bankruptcy Court Order Directed WMILT to File This Action

On February 19, 2013, WMILT filed a motion with the Bankruptcy Court seeking leave to amend its prior-filed claims objections to assert the Golden Parachute Regulations as additional defenses to the Employee Defendants' bankruptcy claims.  Cross-Claims ¶ 19; FDIC Answer ¶ 19.  The Bankruptcy Court denied the motion to amend for a number of reasons.  Cross-Claims ¶ 20; FDIC Answer ¶ 20.  Among the reasons cited by the Bankruptcy Court for denying WMILT's motion was undue delay in light of the four and one-half (4 ½) years that had elapsed since the proof of claim filing deadline and the four (4) year delay since the first objections were filed to the Employee Defendants' claims.  Cross-Claims ¶ 20.

The Bankruptcy Court entered the Bankruptcy Court Order denying WMILT's motion to amend its objections, on August 23, 2013.  Cross-Claims ¶ 22; FDIC Answer ¶ 22.  That order mandated that WMILT "file a declaratory judgment action (naming the FDIC, FRB, and all

---

[11] Shortly before the Effective Date, on March 16, 2012, WMI and its Chapter 11 Estate abandoned their equity interest in the stock of WMB and surrendered and relinquished all right, title, and interest to the WMB stock, including any recovery rights and/or litigation claims with respect thereto.  *See* Notice Regarding Abandonment of Equity Interests in Washington Mutual Bank [Bankr. D.I. 9901].

claimants) seeking a determination of whether WMILT is precluded by 12 U.S.C. § 1828(k), 12

C.F.R. § 163.39, 12 C.F.R. § 359 or any other similar provision from paying any of the claimants

if their claims are allowed by this Court . . . ."  Cross-Claims ¶ 22; FDIC Answer ¶ 22.[12]

## LEGAL STANDARD

The FDIC seeks judgment on the pleadings pursuant to Rule 12(c).  Rule 12(c) provides,

"After the pleadings are closed—but early enough not to delay trial—a party may move for

judgment on the pleadings."  Rule 12(c).  The governing standard for Rule 12(c) motions

"requires that the Court 'accept the allegations in the complaint as true, and draw all reasonable

factual inferences in favor of the plaintiff.  [The motion can be granted] only if no relief could be

granted under any set of facts that could be proved.'"  *Southmark Prime Plus L.P. v. Falzone*,

776 F. Supp. 888, 891 (D. Del. 1991) (quoting *Turbe v. Government of the Virgin Islands*, 938

F.2d 427, 428 (3d Cir. 1991).  Further, "[j]udgment will not be granted unless the movant clearly

establishes there are no material issues of fact, and he is entitled to judgment as a matter of law."

*Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (citing *Soc'y Hill Civic Ass'n v.*

*Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)).   As expressly stated in Rule 12(c), a motion for

judgment on the pleadings is timely only when the pleadings are closed.  Rule 12(c).

## ARGUMENT

### I.    The Motion is Inconsistent With Congress' Clearly Expressed Intent

The FDIC's application of Section 1828(k) in the Motion is fundamentally flawed.

Moreover, a proper analysis of Section 1828(k) is conspicuously absent from the FDIC's

assertions in the Motion.   Instead, the FDIC repeatedly stresses the appropriateness of its

---

[12] Contrary to the Bankruptcy Court's simple directive, WMILT's Amended Complaint alleges nineteen (19) separate counts that seek to *enforce* the Golden Parachute Regulations rather than a determination of *whether* WMILT is precluded by federal law from paying the Cross-Claimants on their bankruptcy claims.  *See* Amended Complaint [W.D. Wash. D.I. 23].

regulatory actions under the Golden Parachute Regulations.  But, the threshold question presented in this action is whether the FDIC has any jurisdiction whatsoever over WMILT, a Delaware statutory trust, and full consideration of that question must begin with the statute authorizing the FDIC to promulgate the Golden Parachute Regulations.

The FDIC's power to act in its regulatory capacity "is authoritatively prescribed by Congress."  *See City of Arlington, Texas v. Federal Communications Commission*, 133 S. Ct. 1863, 1869 (2013) (discussing the scope of agency authority in the context of an authorizing statute).  Section 1828(k) is the statutory authority underpinning the FDIC's role in promulgating and enforcing the Golden Parachute Regulations.  Since "the question . . . is always whether the agency has gone beyond what Congress permitted it to do," an assessment of Congress' expressed intent in Section 1828(k) has primacy over the FDIC's interpretations of its own authority or regulatory power.  *See City of Arlington*, 133 S. Ct. at 1869.

## A.  WMILT Is Not a Covered Company Pursuant to Section 1828(k)

In performing the first step of the required analysis – determining whether Congress has directly spoken to the issue – the statutory text itself must be examined.[13]  In defining "golden parachute payment," Section 1828(k) states, in part, "The term 'golden parachute payment' means any payment (or any agreement to make any payment) in the nature of compensation by an *insured depository institution* **or** *covered company* for the benefit of any institution-affiliated party . . . ."  Section 1828(k)(4)(A) (emphasis added).  Since WMILT is undeniably not an *insured depository institution* (and the FDIC has not asserted that it is), the statute must be

---

[13] The *Chevron* framework is not directly applicable to this action due to the distinguishable procedural context, as Cross-Claimants are not seeking review of an agency action in the Cross-Claims.  *See e.g.*, *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc*., 467 U.S. 837, 842-43 (1984) (discussing the now-seminal two-part analysis required when a court reviews an agency's construction of the statute which it administers).  Nevertheless, the *Chevron* framework is instructive in establishing the primacy of Congress' unambiguously expressed intent.

further examined to determine if WMILT could be deemed a *covered company*.

On that issue, Section 1828(k) devotes a standalone subsection to the definition of "covered company." Section 1828(k)(5)(D).[14] As stated above (fn. 7), a covered company is either a "depository institution holding company . . . or any other company that controls an insured depository institution." Id. Thus, Congress' intent in enacting Section 1828(k) is clear: to regulate the payments that insured depository institutions or their holding companies could make in various statutorily-defined scenarios. Here, WMILT, a Delaware statutory trust created pursuant to a comprehensive Plan overseen and approved by a Bankruptcy Court, is clearly beyond the ambit of Section 1828(k) and the entities Congress expressly sought to regulate thereunder.[15]

WMILT is not, and has never been, a depository institution holding company. Further, WMILT does not control an insured depository institution, nor has it ever done so.[16] As such, the FDIC clearly fails to establish that it "is entitled to judgment as a matter of law" on the covered company issue, as required under Rule 12(c). *See Sikirica*, 416 F.3d at 220.

### B.  Payments Made By WMILT Are Not Subject to FDIC Approval

The central question posited by the Bankruptcy Court Order, as it relates to the FDIC, is whether WMILT is precluded by Section 1828(k) or the Golden Parachute Regulations from making payment to the Cross-Claimants on their bankruptcy claims. As reflected by the Motion,

---

[14] Notably, in the "Regulatory Background" section of the Motion, the FDIC fails to include the statutory definition of what entities are capable of making golden parachute payments. *See* Motion at 2-3.

[15] The FDIC appears to assert in the Motion that the "golden parachute determinations" it rendered, whereby it rejected payment applications submitted by WMILT, are being challenged in these proceedings. Motion at 10. That is not the case. The Cross-Claims seek a declaratory judgment as to whether the FDIC has jurisdiction over WMILT without reference to any enforcement actions, superfluous or otherwise, taken pursuant to the Golden Parachute Regulations.

[16] WMILT has taken the position that it is the successor-in-interest to WMI, a prior depository institution holding company. Regardless of whether WMILT could be somehow considered a successor for purposes of the regulatory authority claimed by the FDIC, WMI actually ceased being a depository institution holding company on September 25, 2008, years before WMILT was even created.

there is limited case law on point.  However, at least one court has ruled on this issue in a similar situation.  *See Faigin v. Signature Group Holdings, Inc*., 211 Cal. App. 4th 726, 731-32 (Cal. Ct. App. 2012).  In particular, the court in *Faigin* found that payments, similar to those to be made by WMILT in the Bankruptcy Court, are not subject to FDIC approval where the entity making the payment does not meet the statutory definition of a "covered company."  *Id.* at 745.

The facts of *Faigin* are instructive.  The plaintiff in that case was a former general counsel of a depository institution holding company and chief executive officer of a subsidiary insured depository institution.  Following FDIC determination that the insured depository institution was in troubled condition and the subsequent filing of a Chapter 11 bankruptcy petition by the depository institution holding company, the plaintiff was awarded damages in a separate action for breach of his employment contract.  *Id.* at 731-32, 734.  On appeal, the reorganizing corporation appealing the judgment argued that the damages award constituted an illegal golden parachute payment.  *Id*. at 735.  That argument was rejected by the appellate court, which held that the FDIC's regulatory authority had ceased to exist at the time of the damages award.  *Id*. at 745.  The *Faigin* court reasoned that because the insured depository institution "had ceased its banking business and was no longer an insured depository institution subject to regulation by the FDIC," the "payment of the damages award therefore will not constitute a payment by either an insured depository institution or a depository institution holding company." *Id*. at 745.

The facts in the instant action are, in fact, even more compelling than those presented in *Faigin*.  In *Faigin*, the court held that payments by the failed insured depository institution were not golden parachutes since the failed insured depository institution had ceased its banking business and was no longer regulated by the FDIC.  *Id*.  Here, the original depository institution

holding company (WMI) is not even the entity that seeks to make the payments. Instead, the liquidating trust (WMILT - an entirely separate and newly-created legal entity with a different tax identification number)[17] would be the entity making the payments.

## II.   The FDIC Misconstrues the Order Dismissing Amended Complaint

In the Motion, the FDIC incorrectly asserts that the Cross-Claims are "essentially a mirror image of claims pled by WMILT in the Amended Complaint and dismissed by this Court." Motion at 2. The Cross-Claims are materially different from the claims pled by WMILT as they seek a declaratory judgment based on Section 1828(k), whereas WMILT pled claims seeking <u>enforcement</u> of the Golden Parachute Regulations. This Court noted the legal significance of this distinction in its Dismissal Order. This distinction is not meaningfully considered or addressed by the FDIC in the Motion.

### A. The Court Dismissed the Amended Complaint Due to Specific Deficiencies

As stated herein, the Court has already dismissed the claims asserted by WMILT in the Amended Complaint as to the FDIC. Dismissal Order at 3. WMILT's claims were dismissed, *inter alia*, because in the Amended Complaint WMILT "seeks a declaration based on the interpretation of federal regulations," but judicial review of such agency action outside of the Administrative Procedure Act (the "<u>APA</u>")[18] would be inconsistent with Supreme Court precedent. Dismissal Order at fn. 3. Further, and directly on point, the Court added that it "is not persuaded by WMILT's argument that it is not seeking to *enforce* Section 1828(k), but instead seeking a declaratory judgment as to *whether* the provision is applicable to WMILT." Id.

---

[17] WMI's Taxpayer Identification Number was 91-1653725. WMILT's Taxpayer Identification Number is 45-6794330.

[18] 5 U.S.C. §§ 551 *et seq*.

(emphasis in original).   Thus, WMILT failed to state a cognizable cause of action under the Declaratory Judgment Act because its pleadings sought enforcement of federal regulations in the absence of a private right of action.

The FDIC asserts that this Court has "already recognized" that "neither Section 1828(k) nor the Declaratory Judgment Act enable the Covered Company Cross-Claims to proceed." Motion at 9.   Cross-Claimants believe that to be a mischaracterization of the Dismissal Order, which specifically addressed the claims as pled by WMILT in the Amended Complaint. WMILT's claims in the Amended Complaint were fatally flawed as they failed to present the threshold question of *whether* the reach of Section 1828(k) extends to WMILT.

Accordingly, the FDIC's application of the Dismissal Order in an attempt to preclude this Court's consideration of the Cross-Claims is, in Cross-Claimants' view, misplaced.

## B. The Court Has Subject Matter Jurisdiction Over the Cross-Claims Which Are Fundamentally Different From WMILT's Claims

The assertion that the Cross-Claims are essentially "a mirror image" of the claims in the Amended Complaint is not well founded.   By way of example, Count I of the Cross-Claims seeks a declaratory judgment providing that WMILT is not a covered company under applicable federal law (e.g. Section 1828(k)), and therefore the FDIC has no jurisdiction over WMILT thereunder.   Cross-Claims ¶¶ 34-36.   The Cross-Claimants' formulation of their request for declaratory relief presents the threshold question asked by the Bankruptcy Court Order: namely, whether the FDIC has jurisdiction over WMILT such that it has any authority whatsoever to preclude payments by WMILT pursuant to allowed or settled claims in the Bankruptcy Court. Plainly, the Cross-Claims present federal questions over which this Court may exercise subject matter jurisdiction.

By contrast, WMILT's Amended Complaint sought judicial review of the FDIC's

interpretations of the Golden Parachute Regulations and, moreover, application of such interpretations to any potential payments made by WMILT to the Cross-Claimants in the Bankruptcy Court.  By way of illustration and not limitation, Count I of the Amended Complaint states, in part, "An actual controversy exists between the parties as the FDIC has determined that any payments made pursuant to WMB CIC Agreements are subject to the Golden Parachute Regulations and that WMILT is prohibited from making such payments without prior regulatory approval . . . ."  Amended Complaint ¶ 180.  Count I of the Amended Complaint further states, "Declaratory relief is necessary because, although the FDIC has indicated in the FDIC Determination that the Golden Parachute Regulations apply to certain agreements and plans at issue and WMILT has asserted the defense of the Golden Parachute Regulations, certain Individual Defendants disagree . . . Moreover, as the FDIC has made clear, any entity that makes payments pursuant to any of the agreements or plans at issue without prior regulatory approval may be subject to civil monetary penalties."  Amended Complaint ¶ 188.

It is unclear how the FDIC is able to conclude, from the face of the pleadings alone, that the claims presented in the Cross-Claims are a "mirror image" of those in the Amended Complaint.  The substantive gulf between the requests for declaratory judgment of the Cross-Claimants and those of WMILT, and the differing procedural consequences that flow from each, makes the direct application of the Dismissal Order to the Cross-Claims, as advocated in the Motion, inappropriate.  *See e.g.*, Motion at 2 (stating "the rationale that supported this Court's dismissal of the Amended Complaint applies equally to the Cross-Claims . . . .").  The Cross-Claims properly plead requests for declaratory relief and should not be dismissed.

### III.     The Cross-Claims Do Not Seek Judicial Review of an Agency Action

Throughout the Motion, the FDIC inaccurately frames the Cross-Claims as seeking

judicial review of the agency's exercise of its alleged regulatory authority.[19]  As discussed herein, it is WMILT's claims that sought judicial review of the FDIC's determinations, while the Cross-Claims instead present the matter of whether Section 1828(k) grants any authority whatsoever to the FDIC vis-à-vis WMILT.  Cross-Claimants contend that this is a distinction with a difference.

Congress created a body of law designed to guide judicial review of agency actions, namely, the APA.  However, the Cross-Claims do not challenge any action taken by the FDIC. The assertion in the Motion that the Cross-Claimants are "aggrieved by the FDIC's golden parachute determinations" is simply incorrect.  *See* Motion at 10.  Rather, the Cross-Claims present the threshold question of whether the FDIC has been authorized by Congress to take any action at all against WMILT.  If the Court finds that Congress has not granted such authority to the FDIC, then the underlying payments due to the Cross-Claimants in the Bankruptcy Court may be made without FDIC involvement.

Put differently, the Cross-Claims properly request declaratory relief in this Court as to the parties' rights and legal relations under Section 1828(k), rather than seek judicial review of the FDIC's premature and potentially *ultra vires* regulatory actions.[20]

## IV.    The APA Actions Are Not Instructive in Declaratory Judgment Action

The decisions in the APA Actions are not binding on this Court, nor are they persuasive on the central issues presented in this action.  The FDIC and WMILT did <u>not</u> already litigate the

---

[19] For example, the FDIC states, "Because the Cross-Claimants have sought judicial review outside of the APA by means of the Covered Company Cross-Claims, they seek declaratory relief that the Court cannot grant, and the Cross-Claims that seek to collaterally attack the FDIC's determination must be dismissed pursuant to Rule 12(c)." Motion at 10.

[20] *See e.g.*, *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-74 (1950) (holding that if the matter presented would arise under the laws of the United States then the federal courts would have jurisdiction, but since the potential suit would arise under state contract laws the district court did not have jurisdiction under the Declaratory Judgment Act).

16

threshold issues in this action before Judge Walton in the APA Actions. In fact, the FDIC and WMILT stipulated that WMILT is a covered company pursuant to Section 1828(k) and that the Golden Parachute Regulations apply. Accordingly, Judge Walton was not asked to decide the questions on (i) covered company, (ii) golden parachute, (iii) releases by the FDIC, and/or (iv) the binding terms of the Plan as asserted in the Cross-Claims. Those questions remain unresolved and exclusively before this Court to decide.[21]

In the Motion, the FDIC asserts similar reasons for deferring to the decisions in the APA Actions as those presented in WMILT's earlier-filed motion for judgment on the pleadings.[22] Therefore, the Cross-Claimants incorporate by reference herein their arguments regarding the inapplicability of the APA Actions made in response to WMILT's motion. *Response to Motion of Plaintiff WMI Liquidating Trust for Judgment on the Pleadings on Count I of Certain Employee Defendants' Counterclaims, Or in the Alternative, Request to Convert Motion Pursuant to Fed. Rule of Civ. Proc. 12(d)* at 12-16 [D. Del. D.I. 53].

## V.  The FDIC's Rule 12(c) Motion Is Procedurally Deficient

### A.  The Motion Is Untimely

As stated herein, the pleadings in this action are not closed. Therefore, pursuant to Rule 12(c), the Motion is not ripe for the Court's consideration.

In particular, the cross-claims of Cross-Claimants Rotella and Schneider are the subject

---

[21] The FDIC asserts that "no useful purpose" would be served in allowing the Cross-Claims to proceed in light of the decisions in the APA Actions, and misconstrues the two primary criteria used by courts to decide whether to grant declaratory relief. Motion at 12 (citing *Delpro Co. v. Nat'l Mediation Bd. of U.S.A.*, 509 F. Supp. 468,476 (D. Del. 1981) (stating the criteria as (i) "whether declaratory relief would clarify and settle the legal relations in issue" and (ii) "whether it would afford relief from the uncertainty and controversy giving rise to controversy")). In this instance, declaratory relief would certainly clarify and settle the legal relations between the FDIC, FRB, and WMILT with regard to payments to be made to the Cross-Claimants on their bankruptcy claims, thereby creating certainty among the parties in the bankruptcy litigation moving forward.

[22] *Plaintiff WMI Liquidating Trust's Motion for Judgment on the Pleadings on Count I of Certain Employee Defendants' Counterclaims* [D. Del. D.I. 50].

of the pending Motion to Amend Cross-Claims.  [Adv. Pro. D.I. 162].  A determination on the

pending motion should be made before consideration of the FDIC's Motion.  This is particularly

true given the liberal standard for granting leave to amend under federal law.  *See Foman v.

Davis*, 371 U.S. 178, 182 (1962).  The Motion to Amend Cross-Claims is based on subsequent

additional facts regarding the FDIC's release of its purported right to consent to payment to

Cross-Claimants Rotella and Schneider (and potentially the other Employee Defendants as well)

on their bankruptcy claims.  Thus, the substance of their pleadings is likely to be altered

following consideration of the Motion to Amend Cross-Claims, which was filed less than one

year following their initial counterclaims.  *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir.

2006) (stating, "only one appellate court uncovered in our research has approved of denial of

leave to amend based on delay of less than one year").

In sum, the pleadings directly implicated in the Motion are not closed, and therefore a

Rule 12(c) motion must be denied as premature.

### B.  Unresolved Issues of Material Fact Remain

The FDIC has also failed to establish that no material issue of fact remains to be resolved.

*See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988) (finding, for

example, motion for judgment on the pleadings to be proper where the actions were time-barred

under relevant statutes of limitation).  The determination of whether WMILT is a covered

company may require the introduction of factual evidence that is not presently in the record.

Cross-Claimants intend to seek such evidence during discovery.

WMILT was formed in 2012 pursuant to the Plan and Liquidating Trust Agreement.

*Supra* at 7.  The material facts that should be ascertained prior to rendering a decision on the

covered company issue include, but are not limited to, (i) whether WMILT has complied with all

regulatory filing requirements of depository institution holding companies, (ii) whether WMILT has been subject to annual audit procedures for depository institution holding companies, and (iii) whether WMILT sought consent from its alleged federal regulators prior to consummating other alleged regulated transactions.  Correspondingly, the record lacks any factual evidence indicating whether the FDIC and/or the FRB have treated WMILT as a depository institution holding company since its formation as a liquidating trust in 2012.

Accordingly, Rule 12(c)'s requirement that the moving party establish that no material issues of fact remain to be resolved is clearly unsatisfied by the Motion.  Thus, the Cross-Claims should be allowed to proceed to discovery so that the parties may create a full record on the material facts necessary to the covered company determination.

## VI.    Response to Arguments for Dismissal of ATR Claims

The Cross-Claimants' are not seeking relief against the FDIC or the FRB on their Cross-Claims regarding 12 C.F.R. § 163.39 (the Automatic Termination Regulation or "ATR").  Therefore, no response is necessary from the Cross-Claimants as to Section II of the FDIC's argument in the Motion.

## VII.    Incorporation of Arguments by Other Employee Defendants

The Cross-Claimants hereby join in and adopt the grounds asserted by the other Employee Defendants in their responses to the Motion.

## CONCLUSION

Pursuant to Rule 12(c), the Motion is improper as the pleadings are not closed and questions of material fact remain to be resolved.  Further, the Motion fails to establish that the FDIC is entitled to judgment as a matter of law.  As such, the Motion should be denied.

19

Dated  December 22, 2016
       Wilmington, Delaware

O'KELLY ERNST, LLC

*/s/ Michael J. Joyce*      -
Michael J. Joyce (No. 4563)
901 N. Market Street, 10th Floor
Wilmington, DE  19801
Phone: (302) 778-4000, Ext. 4
Direct Dial: (302) 778-4003
Facsimile: (302) 295-2873
mjoyce@oelegal.com

-and-

Stephan E. Kyle, Esq.
KYLE LAW CORPORATION
350 California Street, 22nd Floor
San Francisco, California 94104
(415) 839-8100
(415) 839-8189 (fax)
skyle@kylelawcorp.com

*Counsel to Melba Ann Bartels, Todd H. Baker,
Sean Becketti, Anthony Joseph Bozzuti, Alfred
Brooks, Thomas W. Casey, Gregory C. Camas,
Deborah D. Horvath, Rajiv Kapoor, Kenneth E.
Kido, Marc Malone, John P. McMurray, Thomas E.
Morgan, Stephen J. Rotella, David Schneider,
Genevieve Smith, Steven F. Stein, Mitchell Stevens,
Craig E. Tall, Radha Thompson, Ann Tierney,
Anthony Vuoto, and Robert J. Williams, Jr.*