**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| WMI LIQUIDATING TRUST,<br><br>            Plaintiff,<br><br>        v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, in its corporate capacity, et al.,<br><br>            Defendants. | Civil Action No. 1:14-cv-1097 (GMS) |

**OPPOSITION OF CROSS CLAIMANTS ROBERT BJORKLUND, KIMBERLY A. CANNON, DARYL D. DAVID, MICHAEL REYNOLDSON, AND CHANDAN SHARMA TO THE CROSS-CLAIM DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Michael J. Joyce (No. 4563)
O'Kelly & Ernst, LLC
901 N. Market Street
10th Floor
Wilmington, DE  19801
Phone: (302) 778-4000, Ext. 4
mjoyce@oelegal.com

Robyn B. Sokol
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Phone:  (818) 827-9000
rsokol@bg.law

*Counsel to Robert Bjorklund, Kimberly Cannon, Daryl David, Michael Reynoldson and Chandan Sharma*

Dated:  December 22, 2016

i

# TABLE OF CONTENTS

Page

**I.**   NATURE AND STATE OF THE PROCEEDINGS…………………………………...1

**II.**   SUMMARY OF THE ARGUMENT……………………………………………...2

**III.**   STATEMENT OF FACTS……………………………………………………..3

　　A.  Washington Mutual, Inc. ("WMI"), Washington Mutual Bank ("WMB")

　　and the Bankruptcy Case……………………………………………………6

　　B.  The FDIC Payment Applications Submitted by WMILT…………………………8

　　C.  Litigation Between the FDIC and WMILT Under the Administrative

　　Procedures Act……………………………………………………………8

**IV.**   ARGUMENT…………………………………………………………………10

　　A.  The Cross-Claims Sufficiently Plead Claims for Declaratory Relief……………10

　　　　1. The Cross-Claim Properly Seek Declaratory Relief……………………13

　　　　2. The Covered Company Cross-Claim Does Not Seek To Pursue An

　　　　Improper Private Right of Action………………………………………..16

　　　　3. Chevron Deference Is Not Applicable To The Cross-Claims…………..17

　　B.  The Motion Should Be Denied As Material Issues Of Fact Remain To Be

　　Resolved……………………………………………………………………19

**V.**   CONCLUSION………………………………………………………………20

1700495

# TABLE OF AUTHORITIES

Page

## CASES

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)..................................................................................... 10

*Board of Governors, FRS v. Dimension Financial Corp.,*
  474 U.S. 361, 106 S. Ct. 681, (1986)........................................................ 18

*Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,*
  467 U.S. 837, 104 S. Ct. 2778 (1984)................................................. 17, 18

*City of Arlington v. F.C.C.,*
  133 S. Ct. 1863 (2013)............................................................................. 4, 17

*Delpro Co. V. Nat'l Mediation Bd.,*
  509 F. Supp. 468, (D. Del. 1981)................................................................ 15

*Harrison v. Ocean Bank,*
  614 F.App'x 429, (11th Cir. 2015) ........................................................... 16

*Hindes v. FDIC,*
  30 F.3d 148 (3rd Cir. 1998) ........................................................................ 16

*Jablonski v. Pan Am. World Airways, Inc.,*
  863 F.2d 289, (3d Cir. 1988)....................................................................... 19

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,*
  458 F.3d 244, (3d Cir. 2006)....................................................................... 12

*Leamer v. Fauver,*
  288 F.3d 532, (3d Cir. 2002)....................................................................... 10

*Mele v. Federal Reserve Bank of New York,*
  359 F.3d 251, 3d Cir. 2004)........................................................................ 10

*Rohr v. Reliance Bank,*
  826 F.3d 1046 (8th Cir. 2016) .................................................................. 16

*Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group,*
  463 F.3d 478, (6th Cir. 2006) ..................................................................... 19

*Southmark Prime Plus L.P. v. Falzone,*
   776 F. Supp. 888, (D. Del. 1991) .................................................................................... 19

*Turbe v. Government of the Virgin Islands,*
   938 F.2d 427, (3d Cir. 1991) ......................................................................................... 19

*United States v. Mead Corp.,*
   533 U.S. 218, 121 S.Ct. 2164 (2001) .............................................................................. 18

## STATUTES

11 U.S.C. § 1141 ........................................................................................................ 4, 14
12 C.F.R. § 163.39 ................................................................................................... 3, 8, 19
12 C.F.R. § 359 ....................................................................................................... 3, 8, 19
12 U.S.C. § 1828 ..................................................................................................... 12, 16
12 U.S.C. § 1828(k) .................................................................... 3, 4, 5, 8, 14, 15, 17, 19
12 U.S.C. § 1828(k)(4) ..................................................................................................... 16
12 U.S.C. § 1828(k)(4)(A) ............................................................................................... 14
12 U.S.C. § 1828(k)(5)(D) ................................................................ 3, 4, 5, 6, 9, 14, 15, 18
28 U.S.C. § 1331 .................................................................................... 4, 5, 14, 15, 18, 19
28 U.S.C. § 1334 ..................................................................................................... 12, 15
28 U.S.C. § 2201 ............................................................................................................. 10

## RULES

Federal Rule of Civil Procedure 12(b) .............................................................................. 3
Federal Rule of Civil Procedure 12(b)(6) ....................................................................... 10
Federal Rule of Civil Procedure 12(c) ...................................................................... 10, 19

1700495

Robert Bjorklund, Kimberly Cannon, Daryl David, Michael Reynoldson and Chandan Sharma (collectively, "Claimants") in the above captioned action ("Declaratory Judgment Action"), by and through their undersigned attorneys, hereby oppose the *Cross-Claim Defendant Federal Deposit Insurance Corporation's Motion For Judgment On The Pleadings* [Docket No. 102] ("Motion").

## I.    NATURE AND STATE OF THE PROCEEDINGS

1.      The above captioned action ("Declaratory Judgment Actio6n") was commenced to resolve a dispute that arose during claims litigation in the Bankruptcy Court between employee claimants and WMI Liquidating Trust ("WMILT"). The Declaratory Judgment Action was initially commenced on September 20, 2013 by WMILT in the United States District Court for the Western District of Washington[1] pursuant to the Bankruptcy Court *Order Denying WMI Liquidating Trust's Motion for an Order Granting Leave to Amend the Fifth, Sixth, Seventy-Ninth, Eightieth, Eighty-First, Eighty-Second, Eighty-Fourth, Eighty-Fifth, and Eighty-Eighth Omnibus Objections To Claims* [Bankr. D.I. 11348] ("Bankruptcy Court Order"), which directed WMILT to file suit against the Federal Deposit Insurance Corporation ("FDIC"), the Board of Governors of the Federal Reserve System ("FRB"), and all remaining claimants with pending Proofs of Claim in the Bankruptcy Court, including these Claimants.

---

[1] For reference, the dockets discussed herein are as follows: the docket in the above-captioned action is referred to [D.I.]; the docket of the declaratory judgment action that was initially filed by WMILT in the United States District Court for the Western District of Washington ("Washington District Court"), *WMI Liquidating Trust v. FDIC*, Case No. 2:13-cv-01706-RAJ (W.D. Wash.) is referred to as [W.D. Wash. D.I.]; the docket of the Debtors' chapter 11 cases, *In re Washington Mutual, Inc.*, Case No. 08-12229 (MFW) (Bankr. D. Del.) ("Bankruptcy Court") is referred to as [Bankr. D.I.]; the docket for the adversary proceeding, *WMI Liquidating Trust v. FDIC*, Adv. Pro. No. 14-50435-MFW (Bankr. D. Del.) in the Bankruptcy Court is referred to as [Adv. Pro. D.I.]; the docket of the action entitled  *WMI Liquidating Trust v. Federal Deposit Insurance Corporation*, D.D.C. Case No. 1:14-cv-01816-RBW (the "First APA Action") is referred to as [First APA Action D.I]; and, the docket for the action entitled *WMI Liquidating Trust v. Federal Deposit Insurance Corporation, in its corporate capacity*, D.D.C. Case No. 1:15-cv-00731 (RBW) (the "Second APA Action" and, together with the First APA Action, the "APA Actions") is referred to as [Second APA Action D.I.].

1

2.      On November 5, 2013, WMILT filed an amended complaint ("Amended Complaint"). [W.D. Wash. D.I. 23].

3.      On July 3, 2014, the District Court for the Western District of Washington entered its order transferring the Declaratory Judgment Action from Washington to the Bankruptcy Court for the District of Delaware. [W.D. Wash. D.I. 277].

4.      On July 30, 2014, the FDIC filed a *Motion For Withdrawal of the Reference* in the Bankruptcy Court.  [Adv. Pro. D.I. 7].  On August 22, 2014, the Claimants, certain other employee claimants, the FDIC, FRB, and WMILT filed a *Stipulation With Respect To (A) Motion For Withdrawal of Reference and (B) Motion to Determine Whether Matters Are Core or Non-Core* [Adv. Pro. D.I. 33], in which the parties stipulated that the reference to the Bankruptcy Court with respect to the Declaratory Judgment Action be withdrawn and all related documents associated with the proceeding be transmitted to this Court.  By order dated March 19, 2015, this Court withdrew the reference to the Bankruptcy Court. [D.I. 9].

5.      On September 7, 2016, the Claimants filed their *Answer and Affirmative Defenses of Defendants Robert Bjorklund, Kimberly A. Cannon, Daryl D. David, Michael Reynoldson, and Chandan Sharma To the Plaintiff WMI Liquidating Trust's Amended Complaint and CounterClaims and Cross-Claims* [D.I. 70] ("Answer" and "Cross-Claims").  Importantly, Claimants' Cross-Claims are one set of over 15 different cross-claims asserted by various groups of employee claimants.

6.      The Cross-Claims against the FDIC are set forth in the First Claim For Relief, which is a request for declaratory judgment.  *Id.* The First Claim For Relief sets forth the three independent controversies that exist between Claimants and the FDIC:

- "Claimants contend that the Golden Parachute Regulations do not apply to WMILT because WMILT is not a 'covered company' as that term is defined under 12 U.S.C. §

2

1828(k)(5)(D)" and the FDIC contends "that WMILT is a 'covered company' as that term is defined under 12 U.S.C. § 1828(k)(5)(D)."  [D.I. 70, p.63, ¶ 42].

- "An actual controversy exists between the parties as to the *res judicata* effect of the Plan and Confirmation Order. Claimants contend that the provisions of the Plan, Confirmation Order, and 11 U.S.C. § 1141 enjoin the FDIC and FRB from seeking to prohibit, assess civil monetary penalties or otherwise preclude WMILT from paying Claimants' claims, whether after trial or approval of a settlement in the Bankruptcy Case. Claimants are informed that WMILT, the FDIC, and the FRB do not believe the Plan and Confirmation Order have the binding effect referenced above."  *Id.* at ¶44.

- "An actual controversy exists between the parties as to whether the FDIC has released all claims of any nature that would have allowed the FDIC to prohibit WMILT from paying Claimants' claims, or to prohibit Claimants from receiving and retaining their payments on account of their allowed claims whether after trial or after approval of a settlement in the Bankruptcy Case. Claimants contend that the FDIC and FRB have released any claim against WMILT that seeks to prohibit WMILT from paying Claimants' claims, or to prohibit Claimants from receiving and retaining their payments on account of their allowed claims whether after trial or after approval of a settlement in the Bankruptcy Case. Claimants are informed that WMILT, the FDIC, and the FRB do not believe such claims have been released." *Id.* at ¶ 45.

7.    On November 9, 2016 the FDIC filed its *Answer* to the Cross-Claims.  [D.I. 93].

8.    On December 5, 2016, the FDIC filed the Motion and the corresponding Memorandum.  [D.I. 101 and D.I. 102].  Claimants oppose the Motion on the grounds set forth herein, and request that the Motion be denied in its entirety.

## II.    SUMMARY OF THE ARGUMENT

9.    The Motion is to be treated as a motion to dismiss under FRCP 12(b) and should be denied in its entirety as the Cross-Claims properly and fully state claims for declaratory relief and the relief sought is properly before this Court.

10.    The Cross-Claims provide for the resolution of the issue posed by the Bankruptcy Court – "whether WMILT is precluded by 12 U.S.C. § 1828(k), 12 C.F.R. § 163.39, 12 C.F.R. § 359 or any other similar provision from paying any of the claimants if their claims are allowed by this Court, whether after trial or approval of a settlement." [Bankr. D.I. 11348].  The Cross-

Claims do not seek to enforce Federal Regulations, nor do they question the FDIC's enforcement of the Banking Regulations.  The Cross-Claims are not improper private rights of action nor do they present an instance where *Chevron* deference to the FDIC is applicable.

11.     The ultimate legal issue presented by the Motion is, in essence, who has jurisdiction and authority to decide the question of whether WMILT is a "covered company" as that term is defined in 12 U.S.C. § 1828(k)(5)(D):  this Court or the FDIC?  28 U.S.C. § 1331 answers that question: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Based on a plain reading of this statute, Claimants contend that this Court has jurisdiction to determine the threshold issue of whether WMILT, a Delaware statutory trust, is included in the definition of "covered company" as provided by 12 U.S.C. § 1828(k).

12.     In apparent disregard for this Court's original jurisdiction over this dispute, the FDIC submits that it has the sole authority to interpret a federal statute, citing *City of Arlington Tex. v. F.C.C.*, 133 S. Ct. 1863 (2013) (extending *Chevron* deference to an agency's interpretation of its own jurisdiction), and thus seeks dismissal of this action on the grounds that the action is not properly before an Article III Court (or any court).  To the contrary, jurisdiction before this Court is proper as the Cross-claims arise under federal laws, including 12 U.S.C. § 1828(k) and 11 U.S.C. § 1141, are not unauthorized private rights of action, and *Chevron* deference is not applicable because Claimants have not challenged the FDIC's jurisdiction (a prerequisite to a *Chevron* analysis).

13.     Contrary to the contentions of the FDIC, the Cross-Claims do not assert a private right to action under the Golden Parachute Regulations, seek an interpretation of the FDIC's authority or jurisdiction under 12 U.S.C. § 1828(k) or any of the related Federal Banking

Regulations, or request judicial review of agency actions.  Further, the Motion is based on the

faulty premise that the Cross-Claims mirror the 19 claims for relief set forth in the Amended

Complaint and therefore judgment on the pleadings in its favor is appropriate because this Court

dismissed the FDIC from WMILT's Amended Complaint.  Motion, pp. 7, 9, 10.  The Cross-

Claims are very different from the claims for relief set forth in the Amended Complaint.[2]

Indeed, in some instances, Claimants' Cross-Claims are different from other cross-claims

asserted by other employee claimants, and thus Claimants' Cross-Claims should not be lumped

together with all other pending cross-claims, yet the FDIC's Motion attempts as much.

14.     While one of the Cross-Claims seeks a determination as to whether WMILT is a

"covered company" under the definition set forth in 28 U.S.C. §1828(k)(5)(D)[3] ("Covered

Company Cross-Claim"), the Covered Company Cross-Claim does not seek to enforce or

question 12 U.S.C. §1828(k) or any of the related Federal Regulations, nor does it question the

FDIC's interpretation and application of the Federal Regulations.  Rather, the Covered Company

Cross-Claim seeks a determination of the threshold issue of whether the Federal Regulations

apply to WMILT.  Such a determination requires a federal court to interpret a federal statute and

determine, based upon the facts presented, whether WMILT is a "covered company" as defined

by 12 U.S.C. § 1828(k)(5)(D).  *See* 28 U.S.C. § 1331.  If it is found that WMILT is not a

"covered company" then 12 U.S.C. § 1828 (k) and the related Federal Regulations do not apply

---

[2] Had a claim for relief similar to the Cross-Claims been contained in the Amended Complaint there would have been no reason to file the Cross-Claims.  The Cross-Claims were filed because the Amended Complaint did not seek as the Bankruptcy Court Order provides a determination as to whether the 12 U.S.C. 1828(k), *et. seq.* and related Federal Regulations apply to WMILT.  This Court also found that the Amended Complaint did not seek a declaratory judgment as to whether 12 U.S.C. 1828(k) applied to WMILT, finding that "The court is not persuaded by WMILT's argument that it is not to seeking to *enforce* Section 1828(k), but instead seeking a declaratory judgment as to *whether* the provision is applicable to WMILT."  D.I. 88, fn. 3, p. 3.

[3] References to the term "covered company" are made pursuant to that term's definition under federal law.  12 U.S.C. § 1828(k)(5)(D) ("The term 'covered company' means any depository institution holding company (including any company required to file a report under section 4(f)(6) of the Bank Holding Company Act of 1956), or any other company that controls an insured depository institution").

to WMILT.  The District Court when ruling on the APA Actions did not adjudicate this threshold

issue.  This issue was not presented in the APA Actions or ruled upon by the APA Court

because WMILT and the FDIC agreed that WMILT is a "covered company."   Complaint,

Second APA Action D.I. ¶¶ 2, 6 and Answer, Second APA Action, D.I. 7, ¶¶ 2, 6.

15.    As discussed herein, this Court has jurisdiction to rule on the Claimants' Cross-

Claims and the Court should do so.  The Covered Company Cross-Claim seeks to resolve a

factual controversy that can only be resolved by this Court – is WMILT a "covered company" as

defined by 12 U.S.C. § 1828(k)(5)(D), a federal statute.  The *Chevron* framework is not

applicable here.  *Chevron* deference is only applicable when there is a controversy regarding a

statutory ambiguity with respect to an agency's determination of its own jurisdiction.  The Cross-

Claims do not question the FDIC's authority to enforce the Banking Regulations over a "covered

company" nor do they allege that the definition of "covered company" is ambiguous or that the

FDIC has misapplied the definition.  Furthermore, none of the Cross-Claims present an

impermissible "private right of action."

## III.    STATEMENT OF FACTS

16.    In addition to the facts set forth above at Section I, this Opposition relies upon the

following facts:

### A.    Washington Mutual, Inc. ("WMI"), Washington Mutual Bank ("WMB") and the Bankruptcy Case

17.    On September 26, 2008, after the loss of its major asset (WMB), WMI filed a

voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the

Delaware Bankruptcy Court, Case No. 08-12229 (MFW).  [D.I. 70, p. 54, ¶¶ 5, 6 and Bankr. D.I.

1].

18.     Claimants are all former employees of WMI and/or WMB who had benefits, retirement and retention contracts with WMI related to their employment prior to September 25, 2008.  Each of the Claimants filed proofs of claim in the Bankruptcy Court pursuant to various contracts, including a Change in Control Agreement, WaMu Severance Plan, Retention Bonus Agreement, Cash Long Term Incentive Agreement, and Equity Incentive Plan, among others. Each of these contracts was offered to Claimants by WMI as consideration for their agreement to become and/or remain employed by WMI and/or WMB. [D.I. 70, p. 57, ¶ 17].

19.     On December 12, 2011, the *Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Plan") was filed. [Bankr. D.I. 9178].  On February 23, 2012, the Bankruptcy Court confirmed the Plan by order (the "Confirmation Order") [Bankr. D.I. 9759] and, upon satisfaction or waiver of the conditions included in the Plan, the transactions contemplated by the Plan were consummated on March 19, 2012 (the "Effective Date").  [Bankr. D.I. 9933].  Pursuant to the Plan, the Bankruptcy Court retained exclusive jurisdiction over any matter arising under the Bankruptcy Code arising in or related to the Chapter 11 cases or the Plan.  [Bankr. D.I. 9178 and 9759].

20.     The Plan provides for the creation of WMILT, which was formed as a Delaware statutory trust on March 6, 2012, pursuant to the Liquidating Trust Agreement, dated March 6, 2012.  Plan [Bankr. D.I. 9178].

21.     On August 15, 2012 and September 17, 2012, WMILT filed the *Seventy-Ninth, Eightieth, Eighty-First, Eighty-Second, Eighty-Fourth, Eighty-Fifth, and Eighty-Eighth Omnibus (Substantive) Objections to Claims* (the "Omnibus Objections").  [D.I. 70, p. 57, ¶ 20].

22.     The Declaratory Judgment Action was commenced to resolve the question that arose during claims litigation of the Omnibus Objections in the Bankruptcy Court between

7

employee claimants and WMILT.  The Declaratory Judgment Action was filed pursuant to the

Bankruptcy Court Order which provides *inter alia* as follows:

> Ordered that WMILT…file a declaratory judgment action (naming the FDIC,
> FRB, and all claimants) seeking a determination whether WMILT is precluded
> by 12 U.S.C. § 1828(k), 12 C.F.R. § 163.39, 12 C.F.R. § 359 or any other
> similar provision from paying any of the claimants if their claims are allowed
> by this Court, whether after trial or approval of a settlement.

[Bankr. Doc. No. 11348 and D.I. 70, pp. 59-60, ¶¶ 26-27].  As the FDIC was not a party to the

claims litigation, the Bankruptcy Court determined that an action naming the FDIC, all

claimants, including Claimant Defendants, and WMILT was necessary to resolve this issue.

### B.      The FDIC Payment Applications Submitted by WMILT

23.      According to the Amended Complaint, WMILT submitted a "formal application"

to the FDIC on August 14, 2013 in which WMILT purportedly sought authorization to pay

certain employee claimants in amounts allegedly agreed upon during settlement negotiations (the

"First Payment Application").  [Amended Complaint, W. D. Wash. D.I. 23, ¶ 175].

24.      On March 19, 2015, WMILT submitted a second application to the FDIC on

March 23, 2015 (the "Second Payment Application" and, collectively with the First Payment

Application, the "Payment Applications").  [D.I. 51, p. 7].  The Second Payment Application

allegedly sought authorization to pay other employee claimants, including the Claimants, in any

amount on their claims.

### C.      Litigation Between the FDIC and WMILT Under the Administrative
        Procedures Act

25.      During the course of the above captioned action, the FDIC and WMILT pursued

two Administrative Procedure Act ("APA") actions.   The Claimants were not parties to these

APA actions and in both of these actions the APA Court, Judge Walton presiding, WMILT and

the FDIC agreed that WMILT was a "covered company" as that term is defined under 12 U.S.C.

8

§ 1828(k)(5)(D).  [Second APA Action  D.I. 1, ¶¶ 2, 6 and D.I. 7, ¶¶ 2, 6].  Thus, the threshold question of whether WMILT is a "covered company" was not actually litigated in the APA Actions.

26.     On May 13, 2015, WMILT commenced the Second APA Action against the FDIC under the APA in the District Court for the District of Columbia.  [Second APA Action D.I. 1]. WMILT stated that it brought the Second APA Action to seek judicial review of the FDIC's final agency determination denying the Second Payment Application based on the agency's application of the Golden Parachute Regulations.  *Id.*  The Second Payment Application was submitted over the objection of the Claimants, has not been shared with Claimants, and Claimants have no knowledge of its contents.  Neither the Claimants nor the FRB were parties to the Second APA Action.

27.     In both complaints filed by WMILT in the APA Actions, WMILT admitted that it was subject to the FDIC's jurisdiction and stipulated to the applicability of the Banking Regulations prior to litigating whether they are even applicable to WMILT.[4]  Whether WMILT is a "covered company" was never an issue in the APA Actions.  [Second APA Action D.I. 1, ¶¶ 2, 6 and D.I. 7, ¶¶ 2, 6.]

28.     As the threshold issue of "covered company" was uncontested by WMILT, the court in the APA Actions was never asked to resolve a dispute regarding whether WMILT was subject to the FDIC's jurisdiction or whether the Banking Regulations applied to WMILT.  *Id.* The APA Actions also did not address the other Cross-Claims.  *Id.*

---

[4] The complaints filed in the APA Actions seek orders finding, *inter alia*, that WMILT is a "covered company" and is subject to the Golden Parachute Regulations.  [First APA Action D.I. 1; Second APA Action D.I. 1].

9

## IV.    ARGUMENT

### A.    The Cross-Claims Sufficiently Plead Claims for Declaratory Relief.

29.    Contrary to the arguments of the FDIC, the Cross-Claims asserted against the FDIC by Claimants are properly pleaded and should not be dismissed.  In considering a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court should analyze the motion under the same standard used for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6): the Court should "view the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff."  *Mele v. Federal Reserve Bank of New York*, 359 F.3d 251, 253 (3d Cir. 2004) (citing *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002)).  To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

30.    The Cross-Claims are not "mirror images" of WMILT's now dismissed Amended Complaint against the FDIC as the FDIC contends, because Claimants brought a proper declaratory relief action.  In drastic contrast to WMILT's claims, Claimants' Cross-Claims properly plead claims for declaratory relief, setting forth the actual controversies between the parties, and requesting a declaration of rights from the Court as to those controversies.  *See* 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration.").  Indeed, Claimants seek a declaration from this Court as to, *inter alia*, these questions:

- **Whether** WMILT is precluded from paying Claimants' allowed claims by virtue of the Golden Parachute Regulations (Cross-Claim ¶ 41);

10

- **<u>Whether</u>** WMILT is a "covered company" as that term is defined in the Golden Parachute Regulations (¶ 42);

- **<u>Whether</u>** the Plan and Confirmation Order preclude the FDIC and/or FRB from assessing penalties against WMILT (¶ 44); and

- **<u>Whether</u>** the FDIC released any authority over WMILT by virtue of its conduct in the bankruptcy case (¶ 45).

31.     In comparison to the Cross-Claims, WMILT through the Amended Complaint sought myriad relief that, in effect, sought to enforce the Golden Parachute Regulations against Claimants. *E.g.*, Amended Complaint, [W.D. Wash. D.I. 277, ¶ 189] ("WMILT requests a declaratory judgment **<u>that</u>** (a) any **<u>payments</u>** made by WMILT to the [Claimant Defendants] . . . **<u>are subject to</u>** the Golden Parachute Regulations; (b) WMILT **<u>is prohibited from</u>** making such payments . . . and (c) the [Claimants] **<u>are prohibited from</u>** receiving such payments") (emphasis added).

32.     First, with respect to the question of whether, by virtue of the Plan and Confirmation Order, the FDIC is enjoined from applying Golden Parachute Regulations to WMILT (¶ 44 of the Cross-Claim) or whether the FDIC released its rights during the bankruptcy case (¶ 45), the FDIC fails to challenge these Cross-Claims except to say that the Claimant should be barred from raising these questions because the Hon. Reggie Walton, United States District Judge for the District of Columbia, "issued final judgments affirming the FDIC's determinations barring payment" in connection with the APA Action—***<u>a determination to which no Claimant Defendant was a party</u>***. *See* Motion at p. 11. The FDIC cannot deny that this Court, as an Article III Court, has jurisdiction to interpret the Bankruptcy Court's Confirmation Order or alleged releases made by an interested party during a bankruptcy case. *See* 28 U.S.C.

11

§ 1334.  Moreover, the APA Actions and the APA Court's final judgments never addressed any of the Cross-Claims. [5]

33.     The FDIC improperly argues that the D.C. District Court affirmed the FDIC determination that WMILT is "covered company," addressed and rejected the arguments advanced by the Cross-Claimants regarding the effect of the Plan and Settlement Agreements. Motion, p. 12.  These issues which are before this Court through the Cross-Claims were never presented to the D.C. District Court for determination.   [Second APA Action, D.I. 1, ¶¶ 2, 6 and D.I. 7, ¶¶ 2, 6].

34.     The FDIC cannot use collateral estoppel (or issue preclusion) defensively against Claimants to avoid a judgment on the Cross-Claims because Claimants were not parties to the APA Actions.  *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) ("We have identified four standard requirements for the application of collateral estoppel in our case law: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action.  We have also considered whether the party being precluded had a full and fair opportunity to litigate the issue in question in the prior action, and whether the issue was determined by a final and valid judgment.") (internal citations and quotation marks omitted) (emphasis added).

35.     Additionally, as evidenced by the pleadings filed in the APA Actions and the orders in the APA Actions none of the controversies upon which the Claimants seek declaratory relief were addressed in the APA Actions.  [Second APA Action D.I. 1 and D.I. 7]

---

[5] This point is buttressed by the fact that, in the Second APA Action, WMILT admitted that it was a "covered company" under 12 U.S.C. § 1828 and that Federal Banking Regulations apply to WMILT.  [Second APA Action D.I. 1, ¶¶ 2, 6.  Thus, not only were the Claimants not parties to the Second APA Action, but the issues raised in the Cross-Claims were **never** litigated in the Second APA Action.  *Id.*  This Court should therefore decline to enforce the determinations made in the APA Actions under a simple analysis of the elements of claim and issue preclusion.

36.     Furthermore, and with respect to the issue of whether the Golden Parachute Regulations apply to WMILT (addressed in the Covered Company Cross-Claim), Claimants similarly plead a proper claim for declaratory relief.  It is clear from the plain terms of the Covered Company Cross-Claim that an actual controversy exists between Claimants, WMILT, the FDIC, and the FRB, as to whether the Golden Parachute Regulations apply to WMILT.

### 1.     The Cross-Claims Properly Seek Declaratory Relief.

37.     The FDIC incorrectly argues that the Cross-Claims seek a declaration that the Plan and settlement agreements exempt the Claimants from applicable federal law prohibiting golden parachute payments and compel the FDIC to abandon its Congressionally mandated role.  Motion, p. 8, ¶ 2.   The Cross-Claims seek no such relief.  [D.I. 70, pp. 62-64 ¶¶ 41-46].   The FDIC also argues that the D.C. District Court in the APA Actions ruled on the Cross-Claims.  This is simply incorrect.   The APA Actions never addressed the issue of whether WMILT was a "covered company" nor did the APA Court address the effects of the Plan, Confirmation Order or Settlement Agreement on the FDIC.   Relying on these unsupported and erroneous conclusions, the FDIC argues that declaratory relief is improper and this Court should simply defer to the rulings of Judge Reggie Walton and his review of the administrative record in the APA Actions.

38.     The declaratory relief pursued through the Cross-Claims is sufficiently pleaded and this Court has independent subject matter jurisdiction over the Cross-Claims.   The Cross-Claims are properly before this Court and federal jurisdiction is not sought solely through the Declaratory Judgment Act.  As set forth above, the Cross-Claims and the Declaratory Relief Action are before this Court because the parties stipulated to withdrawal of the reference from the Bankruptcy Court to this Court.   [Adv. Pro. D.I. 7, D.I. 33, D.I. 9].

13

39. The declaratory relief sought through the Cross-Claims was not and cannot be obtained through an APA action as the FDIC contends. The relief sought through the Cross-Claims requires the application of federal statutes (*i.e.*, 11 U.S.C. § 1141, 12 U.S.C. § 1828(k)) to the facts alleged in the Cross-Complaint and to be presented to this Court. Thus, independent subject matter exists, and indeed this Court has original jurisdiction over these questions. 28 U.S.C. § 1331.

40. Furthermore, through the Covered Company Cross-Claim, Claimants seek a determination of whether WMILT is a "covered company." This is a threshold issue as to whether the Federal Regulations and 12 U.S.C. § 1828(k) even apply to WMILT.[6] The Second APA Action *did not* address this issue. Rather both WMILT and the FDIC agreed that WMILT was a "covered company" and that the Federal Banking Regulations applied to WMILT. [Second APA D.I. 1, ¶¶ 2, 6 and D.I. 7, ¶¶ 2, 6]. Thus, contrary to the contentions of the FDIC, the controversies raised in the Cross-Claims have not been administratively determined and upheld by the D.C. District Court. Motion, pp. 7, 12-13. Furthermore, declaratory relief is also sought as to whether the Plan and Confirmation Order preclude the FDIC and/or FRB from assessing penalties against WMILT (Cross-Complaint, D.I. 70, p. 63, ¶ 44); and whether the FDIC released any authority over WMILT by virtue of its conduct in the bankruptcy case (*Id.* at pp. 63-64, ¶ 45). These additional issues have nothing to do with the FDIC's jurisdiction, and

---

[6] In defining "golden parachute payment," Section 1828(k) states, in part, "The term 'golden parachute payment' means any payment (or any agreement to make any payment) in the nature of compensation by an *insured depository institution* **or** *covered company* for the benefit of any institution-affiliated party …" 12 U.S.C. § 1828(k)(4)(A) (emphasis added). As WMILT is not an *insured depository institution* (and the FDIC has not asserted that it is), it must be determined if WMILT is a "covered company." As set forth in 28 U.S.C. § 1828(k)(5)(D), a "covered company" is either a "depository institution holding company . . . or any other company that controls an insured depository institution." Here, WMILT, a Delaware statutory trust created pursuant to the Plan is beyond the ambit of Section 1828(k) and the entities Congress expressly sought to regulate thereunder.

the basis for this Court's jurisdiction to consider those issues is found in 28 U.S.C. §§ 1331 and 1334. Claimants properly seek declaratory relief on these questions from this Court.

41.     In weighing whether to grant declaratory relief the "two most important criteria are whether declaratory relief would clarify and settle legal relations in issue, and whether it would afford relief from the uncertainty and controversy giving rise to the controversy." *Delpro Co. V. Nat'l Mediation Bd.,* 509 F. Supp. 468, 476 (D. Del. 1981). In this case, the answer to both of these questions is "yes." Courts are also to consider the convenience of the parties, the public interest and the availability of other remedies. *Id.*

42.     The declaratory relief sought through the Cross-Claims is appropriate as it will (1) settle the issue which the Bankruptcy Court ordered be resolved – whether WMILT is a "covered company" under 12 U.S.C. § 1828(k)(5)(D) governed by 12 U.S.C. § 1828(k) and the Banking Regulations; (2) resolve controversies regarding the confirmed Plan and releases provided by the FDIC through the Plan and the Second Amended and Restated Settlement Agreement dated as of February 7, 2011, between WMI, WMI Investment Corp., JP Morgan Chase Bank and the FDIC and the Unsecured Creditors Committee [D.I. 70, pp. 61-63, ¶¶ 33-37]; and, (3) afford relief from the uncertainty and controversy giving rise to the controversies set forth in the Cross-Claims [D.I. 70, pp. 62-64, ¶¶ 41-45]. Thus, the "two most important criteria" for determining whether to grant declaratory relief are met. *Delpro Co. v. Nat'l Mediation Bd.*, 509 F. Supp. 468, 476.

43.     Without a ruling on these critical issues the claims adjudication process in the Bankruptcy Case cannot proceed. The Claimants have been waiting over three years for the issues that are the subject of the Cross-Claims to be resolved so that the prosecution of their claims may finally proceed and be resolved. As discussed above, these issues were not

15

addressed in the APA Actions, the APA Court did not have jurisdiction to address all of the

Cross-Claims and the Claimants were not parties to the APA Actions.

### 2. The Covered Company Cross-Claim Does Not Seek To Pursue An Improper Private Right of Action.

44.     The keystone argument of the Motion is that the Covered Company Cross-Claim

should be dismissed because there is no private right of action under the Golden Parachute

Regulations.  Motion, pp. 7, 9-10.   The fatal flaw in this argument is that the Cross-Claims are

not private rights of action under the Golden Parachute Regulations.   [D.I. 70, pp. 62-64].

45.     The Cross-Claims do not seek to enforce 12 U.S.C. § 1828 or related Federal

Banking Regulations, seek damages or seek to enforce the FDIC's duties under 12 U.S.C. § 1828

or the related Federal Banking Regulations.  [D.I. 70, pp. 62-64].  No private right of action is

contained in the Cross-Claims.  *Id.*  The case before this Court is significantly different than

those cases cited by the FDIC to support its position.  *See Hindes v. FDIC,* 30 F.3d 148 (3rd Cir.

1998) (Shareholders improperly sought a private right of action because they sought to enforce

the statutory duties of the FDIC), *Rohr v. Reliance Bank*, 826 F.3d 1046 (8th Cir. 2016) (Plaintiff

CEO challenged FDIC's determination that payment received from bank employer was golden

parachute payment and sought a declaration that federal law does not prohibit the payment);

*Harrison v. Ocean Bank*, 614 F.App'x 429, 435 (11th Cir. 2015) (Court found that the plaintiff

did not show that the FDIC's interpretation of 12 U.S.C. § 1828(k)(4) and regulation

§ 359.1(f)(1) was erroneous).  The difference is that in these cases, the courts found that the

plaintiffs were pursuing private rights of action, which is impermissible.  *Id.*  This is not the case

here.  [D.I. 70, pp. 62-64].  The Claimants also do not seek judicial review of the FDIC

16

conclusions through the Cross-Claims as the FDIC contends in the Motion at p. 14.  [D.I. 70, pp. 62-64].  Thus, the FDIC's reliance on *Rohr, Hindes* and *Harrision* is misplaced.

### 3.  *Chevron* Deference Is Not Applicable To The Cross-Claims.

46.     The Cross-Claims do not raise issues of statutory ambiguity or the scope of the FDIC's authority.  The declaratory relief sought through the Cross-Claims does not require an interpretation of ambiguous federal statutes or ambiguous federal regulations.  The declaratory relief sought through the Cross-Claims, including the Covered Company Claim, requires this Court to apply the applicable unambiguous federal statutes to the facts presented.  With respect to the Covered Company Claim, if WMLIT is found to be a "covered company" then the Banking Regulations apply to it and if WMILT is not a "covered company" then the Banking Regulations do not apply to it.

47.     Antithetic to the contentions of the FDIC, *Chevron* deference does not apply with respect to such a determination.  *See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S. Ct. 2778 (1984)*; City of Arlington Tex. v. F.C.C.*, 133 S. Ct. 1863, 1867 (2013) (Courts must apply the *Chevron* framework to an agency's interpretation of a statutory ambiguity that concerns the scope of an agency's statutory authority to determine the matter at issue.).  *Chevron* deference applies when an agency interprets ambiguous language in its enabling statute.  *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).  In *City of Arlington Tex.* and *Chevron* statutory interpretation with respect to the scope of an agencies authority was the pivotal issue. *Id.*  That is not the case here.

48.     None of the Cross-Claims question the scope of the FDIC's authority or allege that 12 U.S.C. §1828(k) or the related Federal Banking Regulations are ambiguous.  [D.I. 70, pp.

17

62-64].   The banking statutes, regulations and the FDIC's determination that the Claimants' claims are Golden Parachute Payments are not at issue in the Cross-Claims.  Rather the Cross-Claims seek resolution of the following controversies: (1) whether WMILT is a "covered company"; (2) whether the Plan and Confirmation Order protect WMILT from any claims or fines asserted by the FDIC because of the releases provided; and, (3) whether the FDIC waived or released claims against WMILT.  These claims do not question the authority of the FDIC to act or make a determination or seek the interpretation of ambiguous statutes or federal regulations.  *Chevron* deference applies only with respect to the interpretation of an agency statute or regulation when interpretation of an ambiguous statute is at issue.  *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837*; City of Arlington Tex. v. F.C.C.*, 133 S.Ct. 1863.  This is not the case here.

49.     While the Covered Company Cross-Claim seeks a determination of whether WMILT is a "covered company," resolution of this controversy requires this Court to weigh the evidence and determine whether WMILT meets the requirements of a "covered company" under 12 U.S.C. § 1828(k)(5)(D).  Federal Courts, not agencies, must enforce the statutes that Congress has enacted.  *See Board of Governors, FRS v. Dimension Financial Corp*., 474 U.S. 361, 373-375, 106 S. Ct. 681, 688-689 (1986).  Only this Court and not the FDIC has jurisdiction to rule on federal laws.  28 U.S.C. § 1331.

50.     The same is true with respect to the other Cross-Claims too.  *Chevron* deference applies only in cases where Congress has granted the agency the authority to make such a determination.  *United States v. Mead Corp.*, 533 U.S. 218, 121 S.Ct. 2164 (2001).  Congress has not granted the FDIC the authority to determine the effect of the Plan, the Confirmation Order or the Settlement Agreement on the FDIC's claims against WMILT nor has Congress granted the

18

FDIC the power to make the sole and final determination as to whether WMILT is a "covered company."   The FDIC fails to cite any authority that it has been granted this authority by Congress, because indeed, federal courts have jurisdiction to determine federal statutes.  28 U.S.C. § 1331.

> **B.**     **The Motion Should Be Denied As Material Issues Of Fact Remain To Be Resolved.**

51.     It is firmly established law that a motion for judgment on the pleadings is to be treated as a motion to dismiss for failure to state a claim.  *Southmark Prime Plus L.P. v. Falzone*, 776 F. Supp. 888, 891 (D. Del. 1991) (quoting *Turbe v. Government of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)); *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group,* 463F.3d 478, 487 (6th Cir. 2006).  In other words, this Court's inquiry should be limited to the contents of the Cross-Complaint.  *Id.*  A motion for judgment on the pleadings *is not* proper if there exists material issues of fact that must be resolved.  *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988) (finding motion for judgment on the pleadings to be proper where the actions were time-barred under relevant statutes of limitation).  That is the case here.

52.     Rule 12(c) requires that there must be no material issues of fact that remain to be resolved.  As material issues of fact are unresolved in the Declaratory Judgment Action and the Claimants First Claim For Relief [D.I. 70, pp. 53-64], and pertinent facts remain unknown at present, the relief sought through the Motion is inappropriate.

53.     The key determination that must be made with respect to the Covered Company Cross Claim  is whether WMILT is a "covered company" which is governed and must comply with 12 U.S.C. § 1828(k), 12 C.F.R. § 163.39, 12 C.F.R. § 359, the Golden Parachute Regulations.  The determination of whether the Golden Parachute Regulations apply to WMILT

(i.e. whether WMILT is a "covered company") is an issue of fact and law that must be adjudicated by this Court.   A factual finding that WMILT is a "covered company" governed by the Golden Parachute Regulations cannot be obtained through a motion for judgment on the pleadings.   While the FDIC argues that the APA Court adjudicated this issue of fact, the records in the APA Actions demonstrate that the APA Court never adjudicate this issue or the balance of the Cross-Claims.

54.     Furthermore, if this Court rules based solely upon the pleadings – the Cross-Complaint, a claim for a determination of whether WMILT is a covered company has been sufficiently pleaded and the allegations in the complaint fully support a determination that WMILT is **not** *a "covered company."* [D.I. 70, pp. 53-64].   The same is true for the balance of the Cross-Claims.   *Id.*

V.     **CONCLUSION**

55.     WHEREFORE, the Claimant Defendants respectfully request that this Honorable Court deny the FDIC's Motion in its entirety and grant such other and further relief as this Honorable Court deems just and proper.

Dated  December 22, 2016                    O'KELLY & ERNST, LLC
Wilmington, Delaware

                                           */s/ Michael J. Joyce*
                                           Michael J. Joyce (No. 4563)
                                           901 N. Market Street, 10th Floor
                                           Wilmington, DE  19801
                                           (302) 778-4000, Ext. 4
                                           mjoyce@oelegal.com

-and-

20

1700495

Robyn B. Sokol
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
(818) 827-9000
rsokol@bg.law

1700495