UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WMI LIQUIDATING TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, in its corporate capacity, et al.<br><br>    Defendants. | Civil Action No. 14-cv-1097 (GMS) |

**REPLY IN SUPPORT OF CROSS-CLAIM DEFENDANT
FEDERAL DEPOSIT INSURANCE CORPORATION'S
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

BARBARA KATRON
Senior Counsel

ERIK BOND
Counsel

The Federal Deposit Insurance Corporation
Corporate Litigation Unit
3501 N. Fairfax Drive, D-7026
Arlington, VA 22226
Telephone: (703) 562-6461

*Attorneys for Defendant
Federal Deposit Insurance Corporation*

Dated:  January 5, 2017

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT & SUMMARY OF ARGUMENT ............................................. 1

ARGUMENT .................................................................................................................................. 2

I. THE COVERED COMPANY CROSS-CLAIMS FAIL TO PLEAD A
COGNIZABLE CAUSE OF ACTION. .............................................................................. 2

    A. The Cross-Claimants need a private right of action. .............................................. 2

    B. The FDIC has authority to determine its jurisdiction with respect to the
Golden Parachute Regulations. ................................................................................ 5

    C. WMILT is subject to Section 1828(k) and the Golden Parachute
Regulations. .............................................................................................................. 6

II. ALLOWING ANY OF THE GOLDEN PARACHUTE CROSS-CLAIMS TO
PROCEED WOULD SERVE NO USEFUL PURPOSE. ................................................... 8

III. THE MOTION IS TIMELY BECAUSE THE PLEADINGS ARE "CLOSED." ............... 8

IV. THE CROSS-CLAIMANTS HAVE NOT DISPUTED THAT THE ATR
CROSS-CLAIMS ARE NOT DIRECTED AT THE FDIC. ............................................... 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Trucking Ass'ns, Inc. v. Del. River Joint Toll Bridge Comm'n*, 458 F.3d 291
(3d Cir. 2006) ................................................................................................................3

*Bank of Am., N.A. v. FDIC*, 962 F. Supp. 2d 165 (D.D.C. 2013) ................................................4, 5

*C&E Servs., Inc. of Washington v. D.C. Water & Sewer Auth.*, 310 F.3d 197 (D.C.
Cir. 2002) ......................................................................................................................5

*City of Arlington v. FCC*, 569 U.S. ___, 133 S. Ct. 1863 (2013) .................................................5, 6

*Delpro Co. v. Nat'l Mediation Bd.*, 509 F. Supp. 468 (D. Del. 1981) ............................................8

*Faigin v. Signature Grp. Holdings, Inc.*, 211 Cal. App. 4th 726 (Cal. Ct. App.
2012) .............................................................................................................................5

*Galderma Labs. Inc. v. Amneal Pharms., LLC*, 921 F. Supp. 2d 278 (D. Del.
2012) .............................................................................................................................9

*Hill v. Commerce Bancorp, Inc.*, No. CIV. 09-3685 RBK/JS, 2012 WL 694639
(D.N.J. Mar. 1, 2012) ................................................................................................7, 8

*Hill v. TD Bank, NA*, 586 F. App'x 874 (3d Cir. 2014) ..................................................................7

*Kabbaj v. Google, Inc.*, No. CV 13-1522-RGA, 2014 WL 1369864 (D. Del. Apr.
7, 2014) .........................................................................................................................5

*Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, No. CIV.A. 96-227-JJF, 1997
WL 34685963 (D. Del. Sept. 30, 1997) ........................................................................9

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ............................................................................8

**Statutes and Rules**

12 U.S.C. § 1828(k) ............................................................................................................. *passim*

Fed. R. Civ. P. 12(c) .......................................................................................................................9

**Regulations**

60 Fed. Reg. 16069, 16073 (Mar. 29, 1995) ..................................................................................7

61 Fed. Reg. 5926, 5928 (Feb. 15, 1996) .......................................................................................7

**PRELIMINARY STATEMENT & SUMMARY OF ARGUMENT**

The Cross-Claimants in this proceeding have not pled a private right of action through which they can obtain the declaratory judgments they seek for the Covered Company Cross-Claims.[1] They did not plead claims under the APA, which provides the sole means to review the relevant FDIC determination. Three memoranda of law were filed in opposition to the Motion (collectively, the "Oppositions"),[2] but none has even purported to identify a cognizable private right of action that was pled by the Covered Company Cross-Claims; in fact, several Cross-Claimants admit that "[n]o private right of action is contained in [their] Cross-Claims." (Bjorklund Opp'n at 16.) Instead, the Cross-Claimants have continued to assert that they can collaterally attack the FDIC's determination that WMILT and the payments sought are subject to the Golden Parachute Regulations through free-standing claims for declaratory relief. They are wrong. These claims in substance are simply the flip-side of the already dismissed claims of WMILT. And in dismissing WMILT's claims this Court considered and rejected the alleged distinction pressed by the Cross-Claimants between seeking to "enforce" the regulations and seeking a determination as to "whether" the regulations apply.

---

1. Capitalized terms and abbreviations that are used but not defined herein shall have the meaning given to them in the Memorandum of Law in Support of Cross-Claim Defendant Federal Deposit Insurance Corporation's Motion for Judgment on the Pleadings [D.I. 102] (the "Motion").

2. Opposition to Cross-Claim Defendant Federal Deposit Insurance Corporation's Motion for Judgment on the Pleadings, Dec. 22, 2016 [D.I. 108] ("Bartels Opposition"); Opposition of John H. Murphy to Cross-Claim Defendant Federal Deposit Insurance Corporation's Motion for Judgment on the Pleadings, Dec. 22, 2016 [D.I. 109] ("Murphy Opposition"); Opposition of Cross Claimants Robert Bjorklund, Kimberly A. Cannon, Daryl D. David, Michael Reynoldson, and Chandan Sharma, Dec. 22, 2016 [D.I. 110] ("Bjorklund Opposition"). Two claimants joined in and adopted by reference the arguments in the foregoing memoranda. (Joinder of Keith Fukui and Jacob Sorensen in Responses to Motion of Defendant Federal Deposit Insurance Corporation for Judgment on the Pleadings, Dec. 23, 2016 [D.I. 111].)

Second, the Golden Parachute Cross-Claims, including the Cross-Claims related to the Plan of Reorganization and the Settlement Agreements, should be dismissed pursuant to the Court's discretionary authority. The D.C. District Court has issued valid final judgments affirming the FDIC's determinations that WMILT cannot pay the Cross-Claimants; further litigation in this Court only risks inconsistent outcomes, greater uncertainty, and waste of the Court's resources.

Finally, the Oppositions do not dispute that the ATR Claims should be dismissed as to the FDIC.

## ARGUMENT

### I. THE COVERED COMPANY CROSS-CLAIMS FAIL TO PLEAD A COGNIZABLE CAUSE OF ACTION.

#### A. The Cross-Claimants need a private right of action.

A private right of action is required for a private party to bring a suit under a federal statute. (Mot. at 9-10.) None of 12 U.S.C. § 1828(k), the Declaratory Judgment Act, or the Golden Parachute Regulations provide a right of action. (*Id.* at 9-11.) In the absence of such a right, the Cross-Claimants could only bring an action under the APA. They did not do so. (*Id.* at 10-11.) This Court has already dismissed WMILT's claims against the FDIC on this basis. The Covered Company Cross-Claims are effectively "mirror images" of WMILT's claims because both sets of claims seek to have the Court issue declaratory judgments regarding issues that have already been addressed by the FDIC in the FDIC Determinations, and both sets of claims do so without pleading claims under the APA.[3] The Covered Company Cross-Claims are

---

3. The Amended Complaint sought "Declaratory Judgment that Any Payments Made by WMILT to Individual Defendants . . . Are Subject to the Golden Parachute Regulations." (*See, e.g.*, Am. Compl. at 64.) Certain of the Covered Company Cross-Claims seek a

2

not actionable and should be dismissed for the same reasons that this Court dismissed the claims in the Amended Complaint.

The Cross-Claimants have argued that their claims should not be dismissed because they are not seeking to "enforce" Section 1828(k) or the Golden Parachute Regulations, but are instead seeking to have the Court interpret a federal statute and determine whether WMILT is a "covered company." (Bjorklund Opp'n at 5; *see also* Bartels Opp'n at 13-14; Murphy Opp'n at 12-13.) This distinction is artificial, inconsistent with binding case law, and has been rejected by this Court.

The Third Circuit's decision in *American Trucking Associations* illustrates the lack of a basis for the Cross-Claimants' distinction. *See Am. Trucking Ass'ns, Inc. v. Del. River Joint Toll Bridge Comm'n*, 458 F.3d 291 (3d Cir. 2006). There, commercial truckers sued a state agency that set toll rates, seeking a declaratory judgment that the toll rates adopted by the agency were inconsistent with a federal statute. *Id.* at 293-94. The Third Circuit affirmed the dismissal of the truckers' claims, holding that the truckers had not identified a private right of action through which they could seek judicial review of the agency's toll rate decisions. *Id.* at 304.

Here, the Cross-Claimants seek to enforce a federal statute to the same extent that the truckers did: they believe that an administrative determination goes beyond an agency's statutory authority, and they seek a judicial declaration that contradicts the agency's decision. Thus, the Cross-Claimants seek a judicial declaration enforcing the boundaries of Section 1828(k) such that the FDIC has no jurisdiction to prohibit payment of the Employee Claims.

---

declaration that "WMILT is Not a 'Covered Company' Under 12 U.S.C. §1828(k) [and] [t]he FDIC and the FRB have no Jurisdiction Over WMILT Thereunder." (*See, e.g.*, Murphy Cross-Cls. at 40.) The Covered Company Cross-Claims pled by Cross-Claimants Bjorklund *et al.* are phrased differently but seek substantially the same relief. (*See* Answer and Affirmative Defenses, Sept. 7, 2016, at 63-64 ¶¶ 42-43, 46 [D.I. 70].)

3

(*See, e.g.*, Bartels Opp'n at 14 ("Count I of the Cross-Claims seeks a declaratory judgment providing that WMILT is not a covered company under applicable federal law . . . and therefore the FDIC has no jurisdiction over WMILT thereunder.").)

The Covered Company Cross-Claims fail because they seek judicial relief with respect to determinations that Congress has authorized an agency to make without use of the mechanism created by Congress for that purpose (*i.e.* the APA). *Cf. Bank of Am., N.A. v. FDIC*, 962 F. Supp. 2d 165, 173 (D.D.C. 2013) ("The APA is the appropriate avenue for challenging the FDIC's No-Value Determination. This Court will not, and indeed cannot, allow BOA to circumvent Congress' explicit procedures for judicial review.").

Indeed, the Cross-Claimants cite no case law for the proposition that no private right of action is required because they are only seeking a ruling as to "whether" Section 1828(k) applies. (*See* Bartels Opp'n at 13-14, 16; Murphy Opp'n at 12-13, 15; Bjorklund Opp'n at 5.) Instead, their argument appears to rest on a misreading of the Court's October Order. The October Order rejected WMILT's attempt to make essentially the same argument that the Cross-Claimants are now making: WMILT contended that it did not seek to "enforce" regulations, but rather sought "a declaratory ruling as to whether 12 U.S.C. § 1828(k) is even applicable to WMILT . . . ."[4]

The Court rejected that distinction in its October Order, holding that, because WMILT had "not plead an APA claim in this action," it had "failed to state a cognizable cause of action seeking relief under the Declaratory Judgment Act." (October Order at 3 n.3.) That holding concerned the lack of a legal basis for the Court to adjudicate the legal rights of the parties (*i.e.*

---

4. Plaintiff WMI Liquidating Trust's Memorandum of Law in Opposition to Motion of Defendant Federal Deposit Insurance Corporation's Motion to Dismiss the Amended Complaint at 9, *WMI Liquidating Trust v. FDIC*, No. 14-50435 (Bankr. D. Del. Oct. 29, 2014) [Adv. Pro. D.I. 104].

WMILT's lack of a right of action); it did not depend on the distinctions the Cross-Claimants try to draw.

The October Order, and the case law cited therein, recognized that a court may not adjudicate parties' rights without pleading an underlying cause of action. *See, e.g.*, *Kabbaj v. Google, Inc.*, No. CV 13-1522-RGA, 2014 WL 1369864, at *4 (D. Del. Apr. 7, 2014) (holding that declaratory relief "cannot be obtained without stating an underlying cause of action"); *C&E Servs., Inc. of Washington v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 202 (D.C. Cir. 2002) (holding that "the district court . . . lacked authority to adjudicate" the plaintiff's rights under the relevant federal statute "except pursuant to the Administrative Procedure Act"). The Cross-Claimants have not pled such a cause of action and their Covered Company Cross-Claims should accordingly be dismissed.[5]

### B. The FDIC has authority to determine its jurisdiction with respect to the Golden Parachute Regulations.

The Court's October Order recognized that the Supreme Court has "extended *Chevron* deference to an agency's interpretation of its own jurisdiction."[6] (October Order at 3 n.3 (citing *City of Arlington v. FCC*, 569 U.S. ___, 133 S. Ct. 1863 (2013).) The Bjorklund Opposition

---

5. The California state court case cited by the Cross-Claimants does not help their cause. In *Faigin v. Signature Grp. Holdings, Inc.*, a defendant attempted to use Section 1828(k) as a *defense* to a lawsuit for, *inter alia*, breach of contract; the plaintiff unquestionably had a private right of action sounding in contract. *See* 211 Cal. App. 4th 726, 742-43 (Cal. Ct. App. 2012). The FDIC, not a California state court, has primary jurisdiction to interpret the Federal Deposit Insurance Act and the FDIC's implementing regulations. Here, the Cross-Claimants have no right of action against the FDIC. *Bank of Am., N.A. v. FDIC*, 962 F. Supp. 2d 165, 172-73 (D.D.C. 2013) (holding that plaintiff could not collaterally attack agency determination).

6. The Supreme Court held that courts "should not waste their time in the mental acrobatics needed to decide whether an agency's interpretation of a statutory provision is 'jurisdictional' or 'nonjurisdictional[,]'" because both are deserving of deference. *City of Arlington*, 133 S. Ct. at 1870-71.

5

incorrectly claims that "[n]one of the Cross-Claims question the scope of the FDIC's authority." (Bjorklund Opp'n at 17.) In fact, the very next paragraph of the Bjorklund Opposition contradictorily asserts that "[o]nly this Court and not the FDIC has jurisdiction to rule on federal laws." (Bjorklund Opp'n at 18.) The other Oppositions are similarly explicit in questioning the FDIC's jurisdiction. (*See* Bartels Opp'n at 11 n.15 ("The Cross-Claims seek a declaratory judgment as to whether the FDIC has jurisdiction over WMILT . . . ."); Murphy Opp'n at 10 n.15 (same).)

The FDIC determined that WMILT is a "covered company" and that the Employee Contracts/Plans constituted prohibited golden parachutes. It would be improper for this Court to issue freestanding declaratory relief, outside the APA, supplanting the agency's determination.

      **C.**      **WMILT is subject to Section 1828(k) and the Golden Parachute Regulations.**

Although there is no private right of action enabling this Court to issue any declaratory relief on the Covered-Company Cross-Claims, the FDIC notes its disagreement with the Cross-Claimants' contention that WMB's failure and WMI's liquidation removes federal restrictions on golden parachute payments.

The definition of "golden parachute payment" in Section 1828(k) shows that a payment continues to be a golden parachute regardless of subsequent changes in corporate form. The enabling statute defines golden parachute payments as "any payment (or agreement to make any payment) in the nature of compensation by any insured depository institution or covered company" where such payments are received, *inter alia*, on or after the date of insolvency or receivership. *See* 12 U.S.C. § 1828(k)(4)(A). Because its terms include application of Section 1828(k) to institutions or covered companies that are insolvent or in receivership, the statute's plain text shows that Congress did not intend for covered companies to escape the reach of Section 1828(k) when they cease to be insured depository institutions (or in control of or a

holding company of an insured depository institutions). The enabling statute provides no basis for its restrictions to evaporate simply because an insolvent holding company chooses to liquidate. To this point, the FDIC's long-standing interpretation of Part 359, as explained in the preamble to the implementing regulation, states:

> The language of section 18(k)(4)(A)(ii) of the FDI Act provides that any payment which is contingent on the termination of an IAP's employment and is received on or after an institution or holding company becomes troubled is a prohibited golden parachute. If this payment is prohibited under the prescribed circumstances, it is prohibited forever.

61 Fed. Reg. 5926, 5928 (Feb. 15, 1996); *see also* 60 Fed. Reg. 16069, 16073 (Mar. 29, 1995). Once a payment satisfies the conditions for classification as a golden parachute, it retains its golden parachute status and, therefore, remains subject to Part 359.

Furthermore, a contrary finding—that WMB's failure and WMI's bankruptcy somehow removed the payments from the reach of the Golden Parachute Regulations—would effectively provide a roadmap for banks in troubled condition and their officers and directors seeking to receive windfall payments outside of regulatory scrutiny, simply by filing for bankruptcy and liquidating. Such a result is the opposite of what Congress intended and would serve only to defeat the purpose of the statute.

A bank or holding company cannot simply merge itself out of existence or liquidate to escape the Golden Parachute Regulations. For instance, the federal district court in *Hill v. Commerce Bancorp, Inc.*, No. CIV. 09-3685 RBK/JS, 2012 WL 694639 (D.N.J. Mar. 1, 2012), *aff'd sub nom. Hill v. TD Bank, NA,* 586 F. App'x 874 (3d Cir. 2014), held that a former bank executive could not collect a severance package because it would be an improper golden parachute payment, even though the bank was no longer "troubled" since it had been acquired by another entity. *Id.* at *7. Even more so than *Hill*, here it would be indefensible to allow high-

7

ranking WMI or WMB officers and employees—who participated in the largest bank failure in American history—an exemption from federal golden parachute restrictions, simply through WMI's bankruptcy and liquidation.

II. **ALLOWING ANY OF THE GOLDEN PARACHUTE CROSS-CLAIMS TO PROCEED WOULD SERVE NO USEFUL PURPOSE.**

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). Whether this Court should adjudicate this action—including any of the Golden Parachute Cross-Claims— depends on the extent to which declaratory relief would "clarify and settle legal relations" and "afford relief from the uncertainty and controversy giving rise to the controversy." *Delpro Co. v. Nat'l Mediation Bd.*, 509 F. Supp. 468, 476 (D. Del. 1981). Because the FDIC has already made the relevant determinations and the D.C. District Court has affirmed the FDIC's determinations that the relevant payments are barred, adjudication of this suit would only risk contradicting and further muddying the waters with respect to the issues. (Mot. at 11-13.)

The Cross-Claimants' arguments regarding the inapplicability of *res judicata* and collateral estoppel, (Bartels Opp'n at 16-17; Murphy Opp'n at 15-16), are not responsive to these concerns. The FDIC has not argued for the application of these preclusion doctrines.

III. **THE MOTION IS TIMELY BECAUSE THE PLEADINGS ARE "CLOSED."**

The Bartels Opposition asserts, without a single supporting citation to case law, that the pleadings are not "closed" within the meaning of Rule 12(c) of the Federal Rules of Civil Procedure because two Cross-Claimants have filed a pending motion to amend their Cross-Claims. This argument is inconsistent with case law in this district. *See Galderma Labs. Inc. v. Amneal Pharms., LLC*, 921 F. Supp. 2d 278, 283 (D. Del. 2012) (holding that a request to amend

8

a counterclaim does not prevent the pleadings from being "closed"); *Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, No. CIV.A. 96-227-JJF, 1997 WL 34685963, at *5-6 (D. Del. Sept. 30, 1997) (rejecting argument that "the pendency of an amended pleading prevents the pleadings from being considered closed"). Accepting the interpretation of Rule 12(c) advanced by the Bartels Opposition could mean that any party could force denial of a motion for judgment on the pleadings simply by filing a motion to amend its pleadings.

### IV. THE CROSS-CLAIMANTS HAVE NOT DISPUTED THAT THE ATR CROSS-CLAIMS ARE NOT DIRECTED AT THE FDIC.

The Bartels Opposition and Murphy Opposition state that their ATR Cross-Claims do not seek relief against the FDIC.[7] (Bartels Opp'n at 19; Murphy Opp'n at 19.) Accordingly, the ATR Cross-Claims should be dismissed as to the FDIC.

---

7. The Bjorklund Opposition is silent with respect to the ATR Cross-Claims. Presumably that is because, as stated in Exhibit A to the Motion, the ATR Waiver Cross-Claims asserted by Bjorklund *et al.* "appear[] to be asserted solely against WMILT."

9

## **CONCLUSION**

For the foregoing reasons, the FDIC respectfully requests that the Oppositions be overruled and the Motion granted.

Dated:     January 5, 2017                                              Respectfully submitted,

                                                                           BARBARA KATRON
Senior Counsel

By: Erik Bond
ERIK BOND
Counsel, Corporate Litigation Unit
erbond@FDIC.gov

The Federal Deposit Insurance Corporation
3501 N. Fairfax Drive, D-7026
Arlington, VA 22226
Telephone: (703) 562-6461
Fax: (703) 562-2477

*Attorneys for Defendant
Federal Deposit Insurance Corporation*