IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>WASHINGTON MUTUAL INC., *et al.*<br><br>Debtors.<br><br>WMI LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, in its corporate capacity, *et al.*,<br><br>Defendants. | Civil Action No. 14-1097-GMS |

## ORDER

WHEREAS, on October 19, 2016, the court filed an Amended Order granting the Federal Deposit Insurance Corporation's ("FDIC") and the Board of Governors of the Federal Reserve System's ("FRB") motions to dismiss WMI Liquidating Trust's (WMILT) Amended Complaint (C.A. No. 14-1097-GMS, D.I. 89);

WHEREAS, on November 7, 2016, the Board of Governors of the Federal Reserve System ("FRB") filed a Motion to Dismiss for Lack of Jurisdiction over the Subject Matter and Failure to State a Claim (D.I. 90), and on November 21, 2016, the cross-claimants filed Answering Briefs in Opposition (D.I. 97, 98, 99);

WHEREAS, on December 5, 2016, the FDIC filed a Motion for Judgment on the Pleadings (D.I. 101), and on December 22, 2016 the cross-claimants filed Answering Briefs in Opposition (D.I. 108, 109, 110);

WHEREAS, presently before the court are the FRB's motion to dismiss[1] and the FDIC's motion for judgment on the pleadings[2] (D.I. 90, 101);

WHEREAS the court has considered the parties' briefing, as well as the applicable law;

IT IS HEREBY ORDERED THAT:

1. FRB's Motion to Dismiss (D.I. 90) is **GRANTED**.[3]

2. The cross-claims filed by defendants Robert Bjorklund, Kimberly Cannon, Daryl David, Michael Reynoldson, Chandan Sharma (D.I. 70), Melba Ann Bartels, Kenneth E.

---

[1] The FRB moves to dismiss the cross-claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (C.A. No. 14-50435-MFW, D.I. 77). The FRB asserts that the court lacks subject matter jurisdiction over the cross-claims against the FRB, because the cross-claimants failed to establish a waiver of sovereign immunity. (*Id.* at 11-13.) The FRB further asserts that the cross-claims against the FRB must be dismissed for failure to state a claim against the FRB. (*Id.* at 14-16.)

[2] The FDIC moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, seeking dismissal of all of the cross-claims filed against it by various defendants to the action in this court. The FDIC argues each of the pending cross-claims is functionally a mirror image of claims pled by WMILT in the Amended Complaint and dismissed by this court. (C.A. No. 14-1097-GMS, D.I. 102 at 2.) Specifically, the FDIC asserts that neither Section 1828(k) nor the Declaratory Judgment Act provide the cross-claimants with a private right of action to support the covered company cross-claims. (*Id.* at 9-10.) The FDIC further argues that the Automatic Termination Regulations ("ATR") claims should be dismissed pursuant to Rule 12(c) because the cross-claimants fail to state a claim upon which relief may be granted. (*Id.* at 13-14.)

[3] The court agrees with the FRB. The cross-claimants seek similar declaratory relief as WMILT requested, and their claims must be dismissed for the same reasons set forth in the Amended Order. Under the plain language of the Administrative Procedure Act ("APA"), to waive sovereign immunity a plaintiff must allege that "an agency or an officer or employee thereof acted or failed to act." 5 U.S.C. § 702. Third Circuit precedent requires agency action or inaction to invoke the Section 702 waiver of sovereign immunity. *See, e.g., Jaffee*, 592 F.2d 712, 719 (3d Cir. 1979); *N. Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 (9th Cir. 1985) ("[W]e have been able to identify from the record in this case no claim of an official action or failure to act within the meaning of 5 U.S.C. § 702. In the absence of such a claim, § 702 does not waive immunity."); *Geronimo v. Obama*, 725 F. Supp. 2d 182, 186 (D.D.C. 2010) (finding plaintiffs' complaint deficient because "[i]t cites no agency action, inaction or involvement at all").

In this action, the crossclaim plaintiffs argue that the FRB's failure to act and preserve its rights in the Bankruptcy Case has caused harm to the cross-claimants by leaving the funds to which they are entitled pursuant to the underlying Plan of Confirmation in legal limbo. (C.A. No. 14-1097-GMS, D.I. 97, 98, 99 at 2.) The cross-claimants assert that the FRB has failed to preserve its right to remove payments that would otherwise qualify as golden parachute payments from the FDIC's reach. The question at issue in the cross-claims concerns whether the statute or regulations apply to WMILT, and that determination remains in FDIC's control. The court finds that the cross-claimants have failed to make allegations in their cross-claims that the FRB acted or failed to act concerning a matter within its authority. Accordingly, the cross-claimants claims against the FRB will be dismissed. The court need not address FRB's Rule 12(b)(6) argument.

The cross-claimants will not be given leave to amend their cross-claims. The court "may properly deny leave to amend where the amendment would not withstand a motion to dismiss," or the amendment would be futile. *See Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). Here, the cross-claimants have failed to show how any amendment would cure the jurisdictional defects in their cross-claims. The FRB is not responsible for the conduct that is the subject of the cross-claimants' request for declaratory relief.

Kido, Steven F. Stein, Mitchell Stevens, Anthony Vuoto (D.I. 71), and John H. Murphy (D.I. 72) are **DISMISSED** as to the FRB.

3. FDIC's Motion for Judgment on the Pleadings (D.I. 101) is **GRANTED**.[4]

4. All cross-claims[5] asserted against the FDIC are **DISMISSED.**

Dated: February 14, 2017

UNITED STATES DISTRICT JUDGE

---

[4] Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter pleadings are closed—but early enough not to delay trial." When evaluating a motion for judgment on the pleadings, the court must accept all factual allegations in a complaint as true and view them in the light most favorable to the non-moving party. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). To grant a motion for judgment on the pleadings, the court must find that "the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 253 (3d Cir. 2004) (quoting *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002)). This is the same standard as Rule 12(b)(6) motion to dismiss. *Id.*

The cross-claims fail to plead a cognizable cause of action as a matter of law. First, the cross-claims are not materially distinct from the claims dismissed by the court in WMILT's Amended Complaint. The court is not persuaded by the cross-claimants argument that they are not seeking to enforce Section 1828(k) or the Golden Parachute Regulations, but are instead seeking to have the court interpret a federal statute and determine whether WMILT is a "covered company." FDIC accurately points out that none of 12 U.S.C. § 1828(k), the Declaratory Judgment Act, or the Golden Parachute Regulations provide a private right of action.

Second, the cross-claimants could have sought judicial review under the APA, but they failed to do so. *See Rohr v. Reliance Bank*, 826 F.3d 1046, 1050 (8th Cir. 2016) (affirming FDIC golden parachute determination under the APA's arbitrary and capricious standard of review). Because the cross-claimants have sought judicial review outside of the APA, they seek declaratory relief that the court cannot grant. The cross-claimants contend that there is a material factual issue regarding whether WMILT is a "covered company," because the United States District for the District of Columbia, which decided the APA claims, never adjudicated that issue. The relevant inquiry to resolve the motion, however, is whether there is a private right of action for the declaratory relief sought. As no private right of action exists outside of the APA context and none of the cross-claimants raised APA claims, the court will grant the FDIC's motion for judgment on the pleadings. Furthermore, the cross-claimants have not disputed that the ATR cross-claims do not seek relief against the FDIC. Thus, the ATR cross-claims against the FDIC will be dismissed for failure to state a claim.

[5] The court's order shall apply to all cross-claims identified in the FDIC's Motion for Judgment on the Pleadings.